MARTIN D. BERN (SBN 153203)
Martin.Bern@mto.com
MALCOLM A. HEINICKE (SBN 194174)
Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendant
GUARDSMARK, LLC

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

MEJ

C 07 3953

JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

GUARDSMARK, LLC, and Does 1 through 50, inclusive,

Defendants.

CASE NO. ____________

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441, 1453**

(Alameda County Superior Court Case No. RG07327410)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant GUARDSMARK, LLC (herein "Guardsmark") hereby removes the above-captioned matter, which was commenced as Case Number RG07327410 in the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1453. In support of its Notice of Removal, Guardsmark states the following:

1. Guardsmark was served with a copy of the Complaint on July 5, 2007. Guardsmark was served with a First Amended Complaint ("FAC") on July 24, 2007. Guardsmark's Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of receipt of the Complaint. *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-355, 119 S. Ct. 1322, 1329-30 (1999) (the 30-day deadline for removal under 28 U.S.C. 1446(b) does not begin to run until formal service is effectuated).

2. Removal to this Court is proper because this Court has original subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court has original subject-matter jurisdiction over an action where (a) the action is a putative class action; (b) any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) the amount in controversy, including but not limited to the aggregate amount of relief sought by absent class members, exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(1)(B), (2). This Court has jurisdiction over this action under CAFA.

3. This action was filed as a putative class action brought on behalf of a class that Plaintiff McFarland alleges to contain between 2000-4000 persons. (*See* FAC ¶¶ 3-4, 8-13.) (By making this and the other allegations contained herein, Guardsmark in no way concedes that this action is appropriate for class action treatment, and instead denies that it is.)

4. Plaintiff McFarland and Guardsmark are citizens of different States. Plaintiff McFarland is, and at all relevant times, was a citizen of California; specifically, the current residence address that he has provided to Guardsmark demonstrates that he resides in Fairfield, California and is a citizen of California. Other members of the putative class are

residents and citizens of California. Guardsmark, as a limited liability company, is a citizen of every State in which its owners are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899, (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). Guardsmark's owners are citizens of Deleware, New York, and Tennessee, but *not* California. 28 U.S.C. § 1332(c). "Doe" defendants are disregarded for purposes of the diversity inquiry in the context of removal. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Thus, although not necessarily required by CAFA, there is complete diversity among the parties to the case. *See* 28 U.S.C. §§ 1332(a) and 1441(a).

5. The amount in controversy in this action exceeds $5,000,000 in the aggregate, exclusive of interests and costs. (By making this and the other allegations contained herein, Guardsmark in no way concedes that Plaintiff McFarland or anyone in the proposed class is entitled to any recovery on any of the claims alleged; to the contrary, Guardsmark does and will dispute the instant claims in their entirety. The allegations set forth below concern only the amount that Plaintiff McFarland has placed in controversy and are not in any way a concession of liability.[1])

(a) Plaintiff McFarland seeks to represent a class of all current and former Guardsmark security officers who in California, from the period of May 23, 2003 forward, worked (a) shift(s) of more than ten hours; and (b) more than twelve hours in a day. (FAC ¶ 8.) Plaintiff McFarland alleges that the class includes covered employees who worked at all Guardsmark locations within the State of California. (*Id.*[2]) On behalf of those employees who worked shift(s) of more than ten hours, Plaintiff McFarland alleges that Guardsmark failed to provide second meal periods (or pay in lieu thereof) in violation of California law, and he asserts claims for allegedly owed meal period premiums under California Labor Code section 226.7 as

[1] Guardsmark reserves its right to submit evidence in support of its factual allegations in response to any challenge to removal and federal jurisdiction in this matter. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002).

[2] Guardsmark employs approximately 3,100 security officers in the state of California. By making this allegation, Guardsmark in no way concedes that certification of the proposed class or any class is appropriate in this case; instead, Guardsmark does and will contest such certification.

well as numerous associated penalties, punitive damages and attorney fees. On behalf of the employees who worked more than twelve hours in a day, Plaintiff McFarland alleges that Guardsmark failed to provide premium overtime compensation for hours worked in excess of twelve, and he asserts claims for these allegedly unpaid premiums ("double time" overtime premiums) under California Labor Code section 1194 as well as numerous associated penalties, punitive damages and attorney fees. Under California Labor Code sections 510(a) and 226.7(b), the overtime premium for hours worked in excess of twelve in a day (the "double time" premium) and the meal period premium for failure to provide a second meal period for a shift in excess of ten hours are both the equivalent of one hour's worth of pay.

(b) An analysis of Plaintiff McFarland's allegedly typical individual claims demonstrates that the amount in controversy requirement is met, even assuming the low end of the approximate class size alleged.

(i) Through his individual claims, Plaintiff McFarland seeks, *inter alia*, (a) unpaid overtime wages for all days in which he worked more than twelve (12) hours; and (b) meal period premiums for all shifts that he worked in excess of ten (10) hours. (FAC at ¶¶ 16-17, 21-22.)

(ii) Guardsmark payroll records show that, during the purported limitations period alleged to be applicable to this case, Plaintiff McFarland worked (a) a total of 161.25 hours in excess of twelve (12) hours for given days; and (b) a total of 101 shifts in excess of ten hours.

(iii) Plaintiff McFarland's approximate average wage rate for the allegedly pertinent period was $12.40 per hour, and his current wage rate is higher. Under California Labor Code sections 510(a) and 226.7(b), the overtime premium for hours worked in excess of twelve in a day (the "double time" premium) and the meal period premium for failure to provide a second meal period for a shift in excess of ten hours are both the equivalent of one hour's worth of pay. As such, Plaintiff McFarland's individual claims for unpaid overtime and meal period premiums place $3,251.90 in controversy, regardless of the numerous other remedies he is seeking.

(iv) Plaintiff McFarland alleges that his claims are typical of those of other class members. (FAC ¶ 11.) Plaintiff McFarland alleges that the class includes approximately 2,000 to 4,000 people. (FAC at ¶ 8.) Using the low end of this range, and assuming without conceding that Plaintiff McFarland's claims are on average typical of the claims of putative class members generally, the amount placed in controversy by the class claims for unpaid overtime and meal period premiums is approximately $6,503,800.

(c) Independent of the above analysis, a limited sampling analysis also demonstrates that the amount in controversy requirement is met. Guardsmark employs approximately 3,100 security officers in California. According to sampling data recently collected by Guardsmark from Plaintiff McFarland's branch and in connection with this removal petition, security officers work, on average, 1.2 shifts in excess of ten hours per month and approximately one-half hour of "double time" overtime per month. (These are average figures -- some officers work greater numbers of shifts in excess of ten hours or double time overtime hours, and many work none at all.) The average hourly wage rate of a Guardsmark security officer is approximately $12.00 per hour. Because Plaintiff McFarland is alleging a class period of four years, there will be, at the time of removal, fifty (50) months in controversy.

(i) According to the sampling figures described above, Plaintiff McFarland is seeking approximately $44,640 per month during the class period in meal period premiums on behalf of the state-wide putative class. Because there are fifty (50) months in the putative class period presently, the meal period premium claim alone places approximately $2,232,000 in controversy.

(ii) According to the sampling figures described above, Plaintiff McFarland is seeking approximately $18,600 per month during the class period in double overtime premiums on behalf of the putative class. Because there are fifty (50) months in the putative class period presently, the double overtime premium claim alone places approximately $930,000 in controversy.

(iii) As result, according to the sampling figures described above, the amount placed in controversy by the class claims for unpaid overtime and meal period premiums *alone* is approximately $3,162,000.

(d) Under either analysis, the requisite dollar amount in controversy is met because Plaintiff seeks remedies beyond the allegedly owed but unpaid meal period and overtime premiums described above. These additional remedies are properly aggregated with the alleged damages in calculating the total amount in controversy for purposes of meeting the jurisdictional threshold under CAFA. As described in detail below, Plaintiff McFarland seeks numerous types of penalties under the Labor Code:

(i) Plaintiff seeks penalties under California Labor Code section 203 for alleged willful withholding of wage to former employees. (FAC at ¶ 34.) Section 203 provides for penalties of up to thirty (30) days wages to terminated employees. Using an average hourly wage rate of $12.00, and without conceding that section 203 penalties should be awarded or calculated in such a manner, the maximum penalty for a class member under this statute would be $2,880. Assuming, based on turn-over rates, that half of the low end of the alleged 2,000- 4,000 member class is comprised of former employees, this provision alone would place another $2,880,000 in controversy. *See* 28 U.S.C. § 1332(d)(6) (unlike traditional diversity jurisdiction practices, for purposes of determining the amount in controversy under CAFA, individual class member claims are aggregated); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 985-86 (S.D. Cal. 2005) (estimated section 203 or "waiting time penalties" count toward the amount in controversy requirement under CAFA).

(ii) Plaintiff seeks penalties under California Labor Code section 226.3 for alleged failure to provide wage deduction statements or keep proper records. (FAC at ¶ 34.) Labor Code section 226.3 provides for a penalty of $250 per employee for initial citations and $1,000 per employee for subsequent citations. Over the past year, i.e., the pertinent limitations period, there were twenty-six (26) pay periods for each of the approximately 3,100 security officers employed at Guardsmark in California. Even assuming that Plaintiff McFarland is making his allegation for only one-tenth of the pay periods at issue and seeking the $250

penalty per period (without conceding that such penalties should be awarded in this or any amount), this claim alone would place an additional $2,015,000 in controversy. *See* 28 U.S.C. § 1332(d)(6) (unlike traditional diversity jurisdiction practices, for purposes of determining the amount in controversy under CAFA, individual class member claims are aggregated); *Rippee*, 408 F. Supp. 2d at 985-86 (alleged Labor penalties count toward the amount in controversy requirement under CAFA).

(iii) Plaintiff McFarland seeks an unspecified amount of exemplary and punitive damages on both of the main claims alleged. (FAC ¶¶ 18, 19, 23, 24 & Prayer at 4.) Without conceding that such damages are available, the prayer for such relief has also greatly increased the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (claims for punitive damages count toward the amount in controversy requirement).

(iv) Plaintiff McFarland seeks attorney fees. (FAC Prayer at 5.) Without conceding that such fees are available, the prayer for such relief has also greatly increased the amount in controversy. *Gibson,* 261 F.3d at 942-43 (prayers for attorney fees under statutes authorizing such fees count toward amount in controversy); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (same). Indeed, in wage and hour actions, at least those that are settled, the amount of attorney fees is often 25% of the total amount made available for the class. *Muniz v. Pilot Travel Centers LLC,* Case No. CIV. S-07-0325, 2007 WL 1302504, *4 n.8 (E.D. Cal. May 1, 2007)

(v) Plaintiff McFarland further seeks injunctive relief with respect to all of its causes of action. (FAC, Prayer for Relief at 5.) The compliance costs associated with any injunctive relief granted would be substantial and operates to bring the amount in controversy in further excess of $5,000,000. *See Berry*, 381 F. Supp. 2d at 1123, *overruled on other grounds, Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (holding that the amount in controversy requirement under CAFA may be satisfied by the costs of compliance with injunctive relief, "either from the view of the aggregate value to the class members or defendants").

6. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because it embraces the place where this action was originally pending, and removal to this division is proper because the case was commenced in Alameda County.

7. Guardsmark is informed and believes that no defendants other than the named defendant have been joined or served in this action.

8. The following constitute all of the process, pleadings, and other papers served on Guardsmark in this action, true and correct copies of which are attached hereto and incorporated herein:

Exhibit A: Class Action Complaint, Civil Cover Sheet & ADR materials

Exhibit B: Summons

Exhibit C: Notice of Hearing re: Complex Determination from Superior Court

Exhibit D: First Amended Complaint

BASED ON THE FOREGOING, Guardsmark hereby removes this action, now pending in the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California.

DATED: August 1, 2007

MUNGER, TOLLES & OLSON LLP

By: [signature]
MARTIN D. BERN

Attorneys for Defendant
GUARDSMARK, LLC

# EXHIBIT A



QUALLS & WORKMAN, L.L.P.
Daniel H. Qualls (Bar # 109036)
Robin G. Workman (Bar # 145810)
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660

Attorney for Plaintiff Johnny McFarland, and all others similarly situated.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

BY FAX

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendants. | No. No. RG07327410<br><br>Unlimited Civil Case<br>*The Amount Demanded Exceeds $25,000*<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES BASED ON: (1) FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE §1194; (2) FAILURE TO PAY COMPENSATION FOR MEAL PERIODS IN VIOLATION OF LABOR CODE § 226.7; (3) UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, ET. SEQ.** |

Plaintiff, Johnny McFarland ("McFarland" or "Plaintiff"), by his attorneys, brings this action on behalf of himself, all other persons similarly situated and the general public, and on information and belief, except those allegations that pertain to the named Plaintiff his attorneys (which are alleged on personal knowledge), hereby alleges as follows:

1. Claims presented in this action, including claims which seek the imposition of statutory penalties, arose in the County of Alameda, State of California.

2. This action alleges that Guardsmark, LLC ("Guardsmark"): (1) failed to pay employees overtime in violation of California Labor Code §1194 and applicable Industrial

Welfare Commission Orders; (2) failed to pay its employees compensation for work without meal periods in violation of California Labor Code § 226.7 and applicable Industrial Welfare Commission Orders; and, (3) failed to provide accurate wage statements to employees as required by law.

3. This action seeks relief for unremedied violations of California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the Class, and to victims of the practices at issue, who have not been paid the appropriate rate of pay for overtime worked, who have not received overtime pay for overtime worked, who have not received compensation for labor provided without meal period breaks, and who have failed to receive accurate wage statements.

4. McFarland is an adequate and proper class representative. McFarland brings this action in his individual capacity, on behalf of all others similarly situated, and, pursuant to California Business & Professions Code §17204, on behalf of the general public. Plaintiff has been employed by Guardsmark as a security guard in California, from 2004 to the present. While employed as a security guard, Plaintiff was required to work overtime on a routine, daily and weekly basis. Guardsmark failed to pay McFarland overtime wages at the proper rate. As a result of these practices, Guardsmark paid Plaintiff overtime wages significantly less than that required by law. In addition to the foregoing, Guardsmark failed to provide McFarland and all others similarly situated with off-duty meal period breaks, failed to pay compensation for the lack of said meal breaks, and failed to provide McFarland and all others similarly situated with accurate statement of wages.

5. Defendant Guardsmark, LLC, is, and at all relevant times was, doing business in the State of California and an employer under applicable Industrial Welfare Commission Orders.

6. The names and capacities of defendants sued herein under California Code of Civil Procedure §474 as Does 1 through 500, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff, the members of the Class and the general public.

7.    At all times mentioned in the causes of action alleged herein, each and every defendant was an agent and/or employee of each and every other defendant. In doing the things alleged in the causes of action stated herein, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining defendants. All actions of each defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or managing agents.

8.    This action seeks relief on behalf of a class of Guardsmark employees in the employ of Guardsmark in California in the four years preceding the filing date of this lawsuit and the present comprised of two subclasses of Guardsmark employees (the Class):

1.    Guardsmark hourly employees who worked 10 or more hours per day;

2.    Guardsmark hourly employees who worked 12 or more hours per day.

9.    The class is sufficiently numerous, since it is estimated to include approximately 2000 - 4000 or more Guardsmark employees geographically dispersed throughout California, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court.

10.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions that may affect individual class members, including but not limited to the following:

(a)    Whether Guardsmark implemented and engaged in a systematic practice whereby it unlawfully failed to pay overtime pay to employees at the proper legal rate;

(b)    Whether Guardsmark implemented and engaged in a systematic practice whereby it unlawfully failed to provide meal breaks to employees as required by law and failed to pay employees compensation for missed breaks;

(c)    Whether Guardsmark implemented and engaged in a systematic practice whereby it failed to provide accurate wage statements to employees;

(d)    Whether the systematic acts and practices of Guardsmark as alleged herein violated, inter alia, applicable provisions of the California Labor Code, including but not limited to sections 226.7, 512, 1194 and 2698, applicable Industrial Welfare Commission Orders, and California Business & Professions Code § 17200, et seq.

11.    Because Plaintiff worked overtime on a daily and weekly basis, and was routinely required to work through meal brakes, for which Plaintiff were not properly compensated, was not properly compensated for overtime wages earned based upon the correct overtime rate as required by law, failed to receive timely and accurate wage statements, Plaintiff is asserting claims that are typical of the claims of the Class.

12.    Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflict of interest that would be antagonistic to those of the other members of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

13.    Plaintiff and the members of the Class have all similarly suffered irreparable harm and damages as a result of Guardsmark's unlawful and wrongful conduct, including but not limited to Guardsmark's systematic failure to pay overtime wages based upon the lawful overtime rate, systematic failure to provide for meal period breaks makes class treatment especially appropriate. Because the hours worked by Guardsmark employees and class members follow common patterns, all of which are reflected in the records possessed by Guardsmark, this action will provide substantial benefits to both. Absent this action, Guardsmark's unlawful conduct will continue unremedied and uncorrected.

14.    The labor practices and all other aspects of operation of facilities owned and operated by Guardsmark are controlled by uniform standards established by Guardsmark and are monitored closely by the regional and senior management of Guardsmark.

**FIRST CAUSE OF ACTION**

**(Failure To Pay Overtime Wages Pursuant to Labor Code Section 1194**

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1-14 of this Complaint as if fully set forth herein.

16. During all relevant periods, Guardsmark required Plaintiff and class members to work in excess of 12 hours per day.

17. During all relevant periods, both the Labor Code and the pertinent wage orders required that all work performed by an employee in excess of 12 hours in any workday, be compensated at two times the employee's regular rate of pay. Guardsmark failed to compensate Plaintiff and class members for overtime hours they worked in excess of 12 hours in any workday, at two times a rate of pay. As a result, Guardsmark failed to pay Plaintiff and class members earned overtime wages. Plaintiff and class members are entitled to recover their unpaid overtime compensation and penalties arising therefrom.

18. In failing to properly compensate Plaintiff and class members for the overtime they worked as alleged herein, Guardsmark acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and class members by reaping economic gain at Plaintiff' and class members' expense, in willful and conscious disregard of Plaintiff' and class members' statutory and regulatory right to overtime compensation.

19. Plaintiff and the other members of the class members are therefore entitled to the relief requested below.

**SECOND CAUSE OF ACTION**

**(Failure To Provide Meal Period Breaks Pursuant To Labor Code Sections 218.5, 226.7, 512)**

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1-19 of this Complaint as if fully set forth herein.

21. During all relevant periods, Guardsmark illegally and unlawfully failed to provide Plaintiff and class members meal periods and break periods.

22. During all relevant periods, both the Labor Code and the pertinent wage orders required that Plaintiff and class members be compensated for the lack of a second meal period for

days worked in excess of 10 hours for which Guardsmark required Plaintiff and class members to work. Guardsmark failed to compensate Plaintiff and class members for the lack of meal periods as required by law. Plaintiff and class members are entitled to recover their unpaid wages and compensation and penalties arising therefrom.

23. By unlawfully requiring Plaintiff and class members to work without meal period breaks and in failing to properly compensate Plaintiff and class members for the meal periods they failed to receive, Guardsmark acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and class members by reaping economic gain at Plaintiff' and class members' expense, in willful and conscious disregard of Plaintiff' and class members' statutory and regulatory right to lunch periods and overtime compensation.

24. Plaintiff and the other members of the class are therefore entitled to the relief requested below.

**THIRD CAUSE OF ACTION**

**(Unlawful, Unfair And Fraudulent Business Practices Pursuant To Business & Professions Code Sections 17200, et seq.)**

25. Plaintiff and class members incorporate by reference the allegations contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Business & Professions Code section 17200, et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful business act or practice."

27. The policies, acts and practices heretofore described were and are an unlawful business act or practice because Guardsmark 's failure to provide meal period breaks, failure to pay compensation for work without meal period breaks, failing to pay overtime wages at the lawful rate, and failure to provide accurate and timely wage statements violates applicable Labor Code sections, including but not limited to Labor Code §§ 226.7, 512, and 1194, applicable Industrial Welfare Commission Wage Orders, the Labor Code Private Attorney General Act of 2004, Labor Code Section 2698 et. seq., and other provisions of California common and/or statutory law. Plaintiff reserves the right to allege additional statutory and common law violations by Guardsmark. Such conduct is ongoing to this date.

28. Business & Professions Code §17200, et seq. also prohibits acts of unfair competition, which shall mean and include any "unfair business act or practice."

29. The policies, acts or practices described herein were and are an unfair business act or practice because any justifications for Guardsmark's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused Plaintiff, the class members, and the members of the general public. Such conduct is ongoing to this date.

30. Plaintiff and the other members of the Class are therefore entitled to the relief requested below.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff pray for judgment and relief as follows:

1. An order certifying that the action may be maintained as a class action;

2. Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, inter alia, the unpaid balance of overtime compensation Guardsmark owes, and the compensation owed, pursuant to statute, including but not limited to, Labor Code §§ 226.7, 512, and 1194(a);

3. For recovery of penalties as provided by the Labor Code Private Attorneys General Act of 2004;

4. Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

5. An order enjoining Guardsmark from pursuing the policies, acts, and practices complained of herein;

6. Reasonable attorneys' fees pursuant to Labor Code § 1194(a);

7. Costs of this suit;

8. Pre- and post-judgment interest; and

9. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: May 23, 2007

QUALLS & WORKMAN, L.L.P.

Daniel H. Qualls
Attorneys for Plaintiff Johnny McFarland
and all others similarly situated

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Daniel H. Qualls (SBN 109036); Qualls & Workman, LLP
244 California Street, Suite 410
San Francisco, CA 94111
TELEPHONE NO: 415-782-3660 FAX NO: 415-788-1028
ATTORNEY FOR (Name): Plaintiff Johnny McFarland

CM-010

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY
MAY 23 2007
CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland CA 94612
BRANCH NAME: Unlimited Division

CASE NAME: McFarland v. Guardsmark

## CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: RG07327410
JUDGE:
DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

BY FAX

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (*check all that apply*):
   a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*):
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 5/23/07

Daniel H. Qualls
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Page 1 of 2
Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

**ALTERNATIVE DISPUTE RESOLUTION**
**INFORMATION PACKAGE**
**Effective April 15, 2005**

---

**Instructions to Plaintiff / Cross-Complainant**

| In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant. |
|---|

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.
- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- **ADR can be flexible.** The parties can choose the ADR process that is best for them.
- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.
- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### *Mediation*

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### *Arbitration*

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### *Neutral Evaluation*

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940 fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377 fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100 fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351 fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

# ALAMEDA COUNTY SUPERIOR COURT
# ADR PROGRAM

---

## ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

## The Judicial Arbitration Process

### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).

⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

### Assignment of Case *(CRC 1605a(4))*

⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

### Hearings *(CRC 1611)*

⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

### Award of Arbitrator *(CRC 1615b & c)*

⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

### Return of Case to Court

⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Allen E. Broussard Justice Center 600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse 2000 Center Street, 2nd Fl., Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice 2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Fremont Hall of Justice 39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice 5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse 661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice 24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Defendant

Case No.: ____________________

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties by and through their attorneys of record hereby stipulate to submit the within controversy to the following Alternative Dispute Resolution process:

________________________________________________

________________________________________________

________________________________________________

**ORDER**

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on ____________________ at __________ a.m./p.m. in Department ________

Dated: ____________________

____________________________
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

MAY 23 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

GUARDSMARK, LLC, and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JOHNNY MCFARLAND, on behalf of himself and all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
1225 Fallon Street
Oakland CA 94612

CASE NUMBER: (Número del Caso): RG07327410

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel H. Qualls 415-782-3660 #109036
Qualls & Workman, LLP, 244 California Street, Suite 410
San Francisco CA 94111

DATE: (Fecha) MAY 23 2007 PAT S. SWEETEN Clerk, by (Secretario) Esther Coleman, Deputy (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Guardsmark, LLC
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☒ by personal delivery on (date): 7/5/07 @ 2:00p.m.

Page 1 of 1

# EXHIBIT C

Qualls & Workman
Attn: Qualls, Daniel H
244 California St., Suite 410
San Francisco, CA 94111-___

Guardsmark, LLC,

**Superior Court of California, County of Alameda**
**Rene C. Davidson Alameda County Courthouse**

Mcfarland
Plaintiff/Petitioner(s)
vs.
Guardsmark, LLC,
Defendant/Respondent(s)
(Abbreviated Title)

No. RG07327410

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/27/2007 TIME: 11:00 AM DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/27/2007 TIME: 02:00 PM DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 272-6157. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 05/24/2007

Executive Officer / Clerk of the Superior Court

By [signature]

Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/24/2007.

By [signature]

Deputy Clerk

# EXHIBIT D

*5441913*

NA

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
Angela Corridan, D.C. Bar No. 492978
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

QUALLS & WORKMAN, L.L.P.
Daniel H. Qualls (Bar # 109036)
Robin G. Workman (Bar # 145810)
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660

Attorneys for Plaintiff Johnny McFarland, and all others similarly situated.

FILED
COUNTY
JUL 1 8 2007
SUPERIOR COURT
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

BY FAX

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendants. | No. No. RG07327410<br><br>Unlimited Civil Case<br>The Amount Demanded Exceeds $25,000<br><br>First AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES BASED ON: (1) FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE §1194; (2) FAILURE TO PAY COMPENSATION FOR MEAL PERIODS IN VIOLATION OF LABOR CODE § 226.7; (3) UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, ET. SEQ. |

Plaintiff, Johnny McFarland ("McFarland" or "Plaintiff"), by his attorneys, brings this action on behalf of himself, all other persons similarly situated and the general public, and on

information and belief, except those allegations that pertain to the named Plaintiff his attorneys (which are alleged on personal knowledge), hereby alleges as follows:

1. Claims presented in this action, including claims which seek the imposition of statutory penalties, arose in the County of Alameda, State of California.

2. This action alleges that Guardsmark, LLC ("Guardsmark"): (1) failed to pay employees overtime in violation of California Labor Code §1194 and applicable Industrial Welfare Commission Orders; (2) failed to pay its employees compensation for work without meal periods in violation of California Labor Code § 226.7 and applicable Industrial Welfare Commission Orders; and, (3) failed to provide accurate wage statements to employees as required by law.

3. This action seeks relief for unremedied violations of California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the Class, and to victims of the practices at issue, who have not been paid the appropriate rate of pay for overtime worked, who have not received overtime pay for overtime worked, who have not received compensation for labor provided without meal period breaks, and who have failed to receive accurate wage statements.

4. McFarland is an adequate and proper class representative. McFarland brings this action in his individual capacity, on behalf of all others similarly situated, and, pursuant to California Business & Professions Code §17204, on behalf of the general public. Plaintiff has been employed by Guardsmark as a security guard in California, from 2004 to the present. While employed as a security guard, Plaintiff was required to work overtime on a routine, daily and weekly basis. Guardsmark failed to pay McFarland overtime wages at the proper rate. As a result of these practices, Guardsmark paid Plaintiff overtime wages significantly less than that required by law. In addition to the foregoing, Guardsmark failed to provide McFarland and all others similarly situated with off-duty meal period breaks, failed to pay compensation for the lack of said meal breaks, and failed to provide McFarland and all others similarly situated with accurate statement of wages.

5. Defendant Guardsmark, LLC, is, and at all relevant times was, doing business in the State of California and an employer under applicable Industrial Welfare Commission Orders.

6. The names and capacities of defendants sued herein under California Code of Civil Procedure §474 as Does 1 through 500, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff, the members of the Class and the general public.

7. At all times mentioned in the causes of action alleged herein, each and every defendant was an agent and/or employee of each and every other defendant. In doing the things alleged in the causes of action stated herein, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining defendants. All actions of each defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or managing agents.

8. This action seeks relief on behalf of a class of Guardsmark employees in the employ of Guardsmark in California in the four years preceding the filing date of this lawsuit and the present comprised of two subclasses of Guardsmark employees (the Class):

1. Guardsmark hourly employees who worked 10 or more hours per day;

2. Guardsmark hourly employees who worked 12 or more hours per day.

9. The class is sufficiently numerous, since it is estimated to include approximately 2000 - 4000 or more Guardsmark employees geographically dispersed throughout California, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court.

10. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions that may affect individual class members, including but not limited to the following:

(a) Whether Guardsmark implemented and engaged in a systematic practice whereby it unlawfully failed to pay overtime pay to employees at the proper legal rate;

(b) Whether Guardsmark implemented and engaged in a systematic practice whereby it unlawfully failed to provide meal breaks to employees as required by law and failed to pay employees compensation for missed breaks;

(c) Whether Guardsmark implemented and engaged in a systematic practice whereby it failed to provide accurate wage statements to employees;

(d) Whether the systematic acts and practices of Guardsmark as alleged herein violated, inter alia, applicable provisions of the California Labor Code, including but not limited to sections 226.7, 512, 1194 and 2698, applicable Industrial Welfare Commission Orders, and California Business & Professions Code § 17200, et seq.

11. Because Plaintiff worked overtime on a daily and weekly basis, and was routinely required to work through meal brakes, for which Plaintiff were not properly compensated, was not properly compensated for overtime wages earned based upon the correct overtime rate as required by law, failed to receive timely and accurate wage statements, Plaintiff is asserting claims that are typical of the claims of the Class.

12. Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflict of interest that would be antagonistic to those of the other members of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

13. Plaintiff and the members of the Class have all similarly suffered irreparable harm and damages as a result of Guardsmark's unlawful and wrongful conduct, including but not limited to Guardsmark's systematic failure to pay overtime wages based upon the lawful overtime rate, systematic failure to provide for meal period breaks makes class treatment especially appropriate. Because the hours worked by Guardsmark employees and class members follow

common patterns, all of which are reflected in the records possessed by Guardsmark, this action will provide substantial benefits to both. Absent this action, Guardsmark's unlawful conduct will continue unremedied and uncorrected.

14. The labor practices and all other aspects of operation of facilities owned and operated by Guardsmark are controlled by uniform standards established by Guardsmark and are monitored closely by the regional and senior management of Guardsmark.

**FIRST CAUSE OF ACTION**

**(Failure To Pay Overtime Wages Pursuant to Labor Code Section 1194**

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1-14 of this Complaint as if fully set forth herein.

16. During all relevant periods, Guardsmark required Plaintiff and class members to work in excess of 12 hours per day.

17. During all relevant periods, both the Labor Code and the pertinent wage orders required that all work performed by an employee in excess of 12 hours in any workday, be compensated at two times the employee's regular rate of pay. Guardsmark failed to compensate Plaintiff and class members for overtime hours they worked in excess of 12 hours in any workday, at two times a rate of pay. As a result, Guardsmark failed to pay Plaintiff and class members earned overtime wages. Plaintiff and class members are entitled to recover their unpaid overtime compensation and penalties arising therefrom.

18. In failing to properly compensate Plaintiff and class members for the overtime they worked as alleged herein, Guardsmark acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and class members by reaping economic gain at Plaintiff' and class members' expense, in willful and conscious disregard of Plaintiff' and class members' statutory and regulatory right to overtime compensation.

19. Plaintiff and the other members of the class members are therefore entitled to the relief requested below.

**SECOND CAUSE OF ACTION**

**(Failure To Provide Meal Period Breaks Pursuant To Labor Code Sections 218.5, 226.7, 512)**

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1-19 of this Complaint as if fully set forth herein.

21. During all relevant periods, Guardsmark illegally and unlawfully failed to provide Plaintiff and class members meal periods and break periods.

22. During all relevant periods, both the Labor Code and the pertinent wage orders required that Plaintiff and class members be compensated for the lack of a second meal period for days worked in excess of 10 hours for which Guardsmark required Plaintiff and class members to work. Guardsmark failed to compensate Plaintiff and class members for the lack of meal periods as required by law. Plaintiff and class members are entitled to recover their unpaid compensation and penalties arising therefrom.

23. By unlawfully requiring Plaintiff and class members to work without meal period breaks and in failing to properly compensate Plaintiff and class members for the meal periods they failed to receive, Guardsmark acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and class members by reaping economic gain at Plaintiff' and class members' expense, in willful and conscious disregard of Plaintiff' and class members' statutory and regulatory right to lunch periods and overtime compensation.

24. Plaintiff and the other members of the class are therefore entitled to the relief requested below.

**THIRD CAUSE OF ACTION**

**(Unlawful, Unfair And Fraudulent Business Practices Pursuant To Business & Professions Code Sections 17200, et seq.)**

25. Plaintiff and class members incorporate by reference the allegations contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Business & Professions Code section 17200, et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful business act or practice."

27. The policies, acts and practices heretofore described were and are an unlawful

business act or practice because Guardsmark 's failure to provide meal period breaks, failure to pay compensation for work without meal period breaks, failing to pay overtime wages at the lawful rate, and failure to provide accurate and timely wage statements violates applicable Labor Code sections, including but not limited to Labor Code §§ 226.7, and 512, applicable Industrial Welfare Commission Wage Orders, the Labor Code Private Attorney General Act of 2004, Labor Code Section 2698 et. seq., and other provisions of California common and/or statutory law. Plaintiff reserves the right to allege additional statutory and common law violations by Guardsmark. Such conduct is ongoing to this date.

28. Business & Professions Code §17200, et seq. also prohibits acts of unfair competition, which shall mean and include any "unfair business act or practice."

29. The policies, acts or practices described herein were and are an unfair business act or practice because any justifications for Guardsmark's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused Plaintiff, the class members, and the members of the general public. Such conduct is ongoing to this date.

30. Plaintiff and the other members of the Class are therefore entitled to the relief requested below.

**FOURTH CAUSE OF ACTION**

**(Labor Code Private Attorneys General Act of 2004: Labor Code Sec. 2698)**

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1-30 of this Complaint as if fully set forth herein.

34. The policies, acts and practices heretofore described were and are an unlawful business act or practice because Guardsmark's failure to provide meal period breaks, failure to pay compensation for work without meal period breaks, final paychecks as prescribed by law, and failure to provide accurate wage statements to Plaintiff and class members violates applicable Labor Code sections and gives rise to statutory penalties as a result of such conduct, including but not limited to penalties as provided by Labor Code §§ 203,226.3, 558, and 2699.5, and applicable Industrial Welfare Commission Wage Orders. Plaintiff, as an aggrieved employee, hereby seeks

recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of herself and other current and former employees of Guardsmark against whom one or more of the violations of the Labor Code was committed.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff pray for judgment and relief as follows:

1. An order certifying that the action may be maintained as a class action;

2. Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, inter alia, the unpaid balance of overtime compensation Guardsmark owes, and the compensation owed, pursuant to statute, including but not limited to, Labor Code §§ 226.7, 512, and 1194(a);

3. For recovery of penalties as provided by the Labor Code Private Attorneys General Act of 2004;

4. Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

5. An order enjoining Guardsmark from pursuing the policies, acts, and practices complained of herein;

6. Reasonable attorneys' fees pursuant to Labor Code §§1194(a) and 2699, et seq;

7. Costs of this suit;

8. Pre- and post-judgment interest; and

9. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: July 13, 2007

QUALLS & WORKMAN, L.L.P.

Daniel H. Qualls
Attorneys for Plaintiff Johnny McFarland and all others similarly situated

**PROOF OF SERVICE BY MAIL**

I, Marsha Poulin, declare:

1. I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, CA 94105-2907.

2. On August 1, 2007, I served true copies of the attached documents entitled NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441, 1453 by placing them in an addressed sealed envelopes clearly labeled to identify the persons being served at the addresses shown below/set forth on the attached service list and placed said envelopes in interoffice mail for collection and deposit with the United States Postal Service at 560 Mission St., 27th Fl., San Francisco, California, on that same date, following ordinary business practices:

Daniel H. Qualls
Robin G. Workman
QUALLS & WORKMAN, L.L.P.
244 California Street, Suite 410
San Francisco, CA 94111

David Sanford
Meenoo Chahbazi
Angela Corridan
SANFORD, WHITE & HEISLER, LLP
1666 Connecticut Ave., N.W., Suite 310
Washington, D.C. 20009

Grant Morris
LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Ave., N.W., Suite 310
Washington, D.C. 20009

3. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 1, 2007, at San Francisco, California.

Marsha Poulin

Marsha Poulin