1  MARTIN D. BERN (SBN 153203)
      Martin.Bern@mto.com
2  MALCOLM A. HEINICKE (SBN 194174)
      Malcolm.Heinicke@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
4  San Francisco, CA  94105-2907
   Telephone:   (415) 512-4000
5  Facsimile:   (415) 512-4077

6  Attorneys for Defendant
   GUARDSMARK, LLC
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO/OAKLAND DIVISION

11

12  JOHNNY MCFARLAND, on behalf of       CASE NO.  07 3953 MEJ
    himself and all others similarly situated,
13                                        **ANSWER OF DEFENDANT**
                 Plaintiff,               **GUARDSMARK, LLC**
14
         vs.
15
    GUARDSMARK, LLC, and Does 1
16  through 50, inclusive,

17               Defendants.

18

19

20

21

22

23

24

25

26

27

28

    Defendant Guardsmark, LLC ("Guardsmark" or the "Defendant"), by and through counsel, hereby answers the First Amended Class Action Complaint ("Complaint") filed by Johnny McFarland (the "Plaintiff").[1]

  1. Defendant denies each and every allegation in Paragraph 1 of the Complaint.

  2. Guardsmark admits that Plaintiff alleges the conduct identified in Paragraph 2 of the Complaint, but expressly denies all of the substantive allegations contained in this Paragraph 2.

  3. Guardsmark admits that Plaintiff seeks the relief identified in this Paragraph 3, but expressly denies all of the substantive allegations contained in Paragraph 3.

  4. The first sentence of Paragraph 4 states conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations. Answering the second sentence of Paragraph 4, Guardsmark admits that it sets forth the fact that Plaintiff has brought this action as described, and Guardsmark denies the allegation that such action is appropriate, including any allegation that this action is appropriate for class or representative action treatment. Answering the third sentence of Paragraph 4, Guardsmark admits that Plaintiff has been employed by Guardsmark as a security officer since 2003. Answering the fourth sentence of Paragraph 4, Guardsmark admits that Plaintiff was scheduled to and did work overtime on occasion, but not regularly. Guardsmark denies the remaining allegations in the fourth sentence of Paragraph 4. Guardsmark denies each and every allegation contained in the remaining sentences of Paragraph 4.

  5. Admitted.

  6. The allegations in Paragraph No. 6 refer to unnamed defendants and state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations.

/ / /

/ / /

---

[1] This answer is not intended to be and should not be construed as a consent by Guardsmark to the assignment of this matter to a United States Magistrate Judge.

7. The allegations in Paragraph No. 7 refer to unnamed defendants and state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations.

8. The allegations in Paragraph No. 8 state a proposed class definition and conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations, and in particular, it denies that that case is appropriate for class action treatment.

9. The allegations in Paragraph No. 9 state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations, and in particular, it denies that that case is appropriate for class action treatment.

10. The allegations in Paragraph No. 10 state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations, and in particular, it denies that that case is appropriate for class action treatment.

11. The allegations in Paragraph No. 11 state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations, and in particular, it denies that that Plaintiff was not properly compensated and that this case is appropriate for class action treatment.

12. The allegations in Paragraph No. 12 state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations.

13. Defendant denies each and every allegation in Paragraph 13 of the Complaint.

14. Defendant admits that it has policies with respect to labor practices and operations, which are monitored by management, but these general policies are implemented more specifically and often differently on an individual branch by branch, account by account and sometimes shift by shift basis. Defendant denies all other allegations contained in Paragraph 14 of the Complaint.

## FIRST CAUSE OF ACTION

15. The allegations in Paragraph 15 re-state earlier allegations, and so no response is required. To the extent a response is required, Guardsmark hereby refers to each and every

admission and denial of Paragraphs 1 through 15 above and by this reference incorporates those admissions and denials as though fully set forth herein.

16. Defendant admits that Plaintiff was occasionally scheduled to work overtime in excess of 12 hours in a workday. Guardsmark denies all other allegations contained in Paragraph 16 of the Complaint.

17. The allegations in the first sentence of Paragraph No. 17 state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations. Guardsmark denies all other allegations contained in paragraph 17 of the Complaint.

18. Defendant denies each and every allegation in Paragraph 18 of the Complaint.

19. Defendant denies each and every allegation in Paragraph 19 of the Complaint.

## SECOND CAUSE OF ACTION

20. The allegations in Paragraph 20 re-state earlier allegations, and so no response is required. To the extent a response is required, Guardsmark hereby refers to each and every admission and denial of Paragraphs 1 through 19 above and by this reference incorporates those admissions and denials as though fully set forth herein.

21. Defendant denies each and every allegation in Paragraph 21 of the Complaint.

22. The allegations in the first sentence of Paragraph No. 22 state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations. Guardsmark denies all other allegations contained in paragraph 22 of the Complaint.

23. Defendant denies each and every allegation in Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation in Paragraph 24 of the Complaint.

## THIRD CAUSE OF ACTION

25. The allegations in Paragraph 25 re-state earlier allegations, and so no response is required. To the extent a response is required, Guardsmark hereby refers to each and every admission and denial of Paragraphs 1 through 24 above and by this reference incorporates those admissions and denials as though fully set forth herein.

26. The allegations in Paragraph No. 26 state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations.

27. Defendant denies each and every allegation in Paragraph 27 of the Complaint.

28. The allegations in Paragraph No. 28 state conclusions of law to which no response is required. To the extent such a response is required, Guardsmark denies these allegations.

29. Defendant denies each and every allegation in Paragraph 29 of the Complaint.

30. Defendant denies each and every allegation in Paragraph 30 of the Complaint.

## FOURTH CAUSE OF ACTION

31. There is no paragraph 31 of the Complaint.

32. There is no paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 re-state earlier allegations, and so no response is required. To the extent a response is required, Guardsmark hereby refers to each and every admission and denial of Paragraphs 1 through 32 above and by this reference incorporates those admissions and denials as though fully set forth herein.

34. Defendant denies each and every allegation in Paragraph 34 of the Complaint.

Further responding, Guardsamrk denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Guardsmark sets forth the following affirmative defenses to the Complaint. Guardsmark does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion.

## FIRST AFFIRMATIVE DEFENSE

Each cause of action in the Complaint fails to state a claim upon which relief can be granted.

/ / /

/ / /

### SECOND AFFIRMATIVE DEFENSE

Each cause of action in the Complaint is barred, in whole or in part, by the relevant statutes of limitations, including, but not limited to, the statute of limitations established by the federal Labor Management Relations Act and judicial decisions interpreting it; California Code of Civil Procedure sections 337, 338, 339, 340 and/or 343; and California Business and Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

Each cause of action in the Complaint is barred, in whole or in part, by the doctrine of laches and/or the principle of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The fourth cause of action in the Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust his administrative remedies under California law, and the California Labor Code in particular.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and at least some of the alleged causes of action or prayers for relief contained therein, are barred, in whole or in part, because Plaintiffs lack standing and/or do not have a private right of action to pursue the claim asserted.

### SIXTH AFFIRMATIVE DEFENSE

The second, third and fourth causes of action in the Complaint are barred, in whole or part, because Plaintiff agreed to an on-duty meal period and such meal period was afforded in accordance with the pertinent Wage Order of the California Industrial Welfare Commission.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive and other equitable relief is barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Each cause of action in the Complaint is barred, in whole or in part, by unavailability of the damages requested.

///

### NINTH AFFIRMATIVE DEFENSE

Each cause of action is barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendant.

### TENTH AFFIRMATIVE DEFENSE

Each cause of action is barred, in whole or in part, because if Plaintiff was damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to Plaintiff's own conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Defendant alleges that Plaintiff is barred and precluded from any relief on his Complaint because he has failed and refused to mitigate his damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent the claims asserted are brought on behalf of employees who were or are subject to a collective bargaining agreement, each cause of action in the Complaint is barred, in whole or in part, because it is preempted by federal labor laws, including, but not limited to, Section 301 of the Labor Management Relations Act and the federal Fair Labor Standards Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for penalties under California Labor Code section 203 in that Guardsmark's failure to pay wages, if any, was not willful and there is a good faith dispute as to whether Guardsmark is obligated to pay any of the wages alleged to be due or whether the remedies sought were properly characterized as wages at all.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff was employed by Defendant pursuant to a contract of employment, any failure of Defendant to perform the conditions of the contract was excused by Plaintiff's non-performance or breach of the terms and conditions of the contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint, in whole or in part, is not suitable for treatment as a class or representative action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting any wrongful conduct by Guardsmark, Plaintiff's claims for injunctive, declaratory and/or other equitable relief are barred because Plaintiff have an adequate remedy at law and/or lack standing to pursue injunctive relief.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Without admitting any wrongful conduct by Guardsmark, Plaintiffs are not entitled to recover punitive damages because such remedies are not available as a matter law in this action, and/or because Plaintiffs have failed to allege facts sufficient to state a claim for such damages, and the statutory requirements for an award of punitive damages pursuant to California Civil Code § 3294 are not met.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims for punitive damages or other exemplary remedies in the Consolidated Complaint are barred or limited by California law; the doctrine of express or implied statutory preemption; the due process clauses of the Fifth and Fourteenth Amendments; other constitutional and statutory protections; or a combination of the foregoing.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were paid any compensation beyond that to which they were entitled while employed by Guardsmark, such additional compensation would satisfy in whole or part any alleged claim for unpaid wages or other monetary relief.

### TWENTIETH AFFIRMATIVE DEFENSE

At least some cause(s) of action in the Complaint are barred, in whole or in part, by unavailability of the damages requested, including without limitation, the unavailability of punitive damages and/or attorney fees.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' prayers for relief under the California Unfair Competition Law are barred, in whole or in part, by unavailability of the relief requested, including without limitation, the unavailability of any monetary relief other than restitution, such as damages, penalties, disgorgement or attorney fees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Consolidated Complaint fails to state a claim for penalties under Labor Code § 226(e) and 226.3 in that Guardsmark's failure to keep adequate records, if any, was not knowing or intentional, and was instead inadvertent.

Further responding, Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

Additionally, Defendant reserves the right to amend this answer if necessary.

WHEREFORE, Defendant prays as follows:

1. That the Complaint, and each cause of action thereof, be dismissed with prejudice;

2. That Plaintiff take nothing by the Complaint;

3. That Defendant be awarded its costs incurred herein, including attorneys' fees pursuant to statute, including without limitation California Labor Code section 218.5; and

4. That the Court grant Defendant such other relief as it deems just and proper.

DATED: August 8, 2007

MUNGER, TOLLES & OLSON LLP
MARTIN D. BERN
MALCOLM A. HEINICKE

By: /s/ Malcolm A. Heinicke
MALCOLM A. HEINICKE

Attorneys for Defendant
GUARDSMARK, LLC

3374806.2

- 8 -    ANSWER OF DEFENDANT GUARDSMARK, LLC; CASE NO. 07 3953 MEJ