MARTIN D. BERN (State Bar No. 153203)
    Martin.Bern@mto.com
MALCOLM A. HEINICKE (State Bar No. 194174)
    Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
GUARDSMARK, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendant. | CASE NO.  CV 07-03953 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  Honorable Phyllis J. Hamilton<br>Date:  November 8, 2007<br>Time:  2:30 p.m.<br>Complaint Filed:  May 23, 2007 |

3877179.1

Joint Case Management Statement;
Case No. 07-03953 PJH

Plaintiff Johnny McFarland and Defendant Guardsmark, LLC respectfully submit this joint case management conference statement.

## I. JURISDICTION AND SERVICE

The Court has original subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. All parties have been served and have appeared in the action. No issues of personal jurisdiction or venue have been raised by the parties.

## II. FACTS

Plaintiff is a security officer for Guardsmark, LLC. Plaintiff claims that Guardsmark failed to pay him, and similarly situated Guardsmark employees Plaintiff seeks to represent, compensation for missed meal period breaks as required by California Labor Code section 226.7. Plaintiff also alleges that he was not paid proper overtime wages by Guardsmark, LLC because on the days where he worked more than 10 hours, he was not provided a proper second meal period (or paid compensation for the lack thereof), and as a result, his regular rate of pay, and that of putative class members Plaintiff seeks to represent, was not properly calculated, thereby entitling him and putative class members to additional overtime pay.

Plaintiff also asserts that he was not paid sufficient overtime wages for hours worked in excess of twelve in a day. The parties are working to address this claim informally at this preliminary stage of the proceedings. Specifically, Guardsmark has stated an intention to demonstrate to Plaintiff that it has paid such wages properly during the pertinent period, and Plaintiff has informed Guardsmark that he will reevaluate his overtime premium claim based upon information informally provided by Guardsmark. Nevertheless, Plaintiff reserves the right to maintain and pursue this claim.

## III. LEGAL ISSUES

The parties agree that central to this case is a discrete legal issue of statutory interpretation involving Labor Code Section 512 and the applicable wage order of the Industrial Welfare Commission.

Plaintiff asserts that an on-duty meal period requires a agreement between an employer and employee whereby the employee agrees to forgo an off-duty meal period required by California law, such an agreement waives a meal period otherwise required by law, and that pursuant to section 512, if a first meal period is waived by an employer, a second meal period required by California law for the same work day cannot be waived.

Guardsmark asserts that an "on-duty" meal period is a type of meal period, the agreement to take this type of meal period is not a "waiver," and thus, a second meal period, like a first meal period, may be "on-duty" under the applicable law and without violating section 512.

### IV.  MOTIONS

The parties have agreed to seek judicial resolution of the legal issue described above through early cross-motions for summary adjudication; provided that the parties stipulate generally that absent a change in the law or a valid request for reconsideration, the legal ruling by the Court on this issue will apply to class members in the event the Court certifies a class action in this matter. The parties anticipate submitting a stipulation detailing their agreement on this point in the near future.

Depending upon the outcome of the cross-motions for summary adjudication, the parties anticipate a motion for class certification and additional motions for summary adjudication or summary judgment may be filed.

### V.  AMENDMENT OF PLEADINGS

The parties do not anticipate amendments to the pleadings at this time.

### VI.  EVIDENCE PRESERVATION

The parties have met and conferred regarding preservation of evidence, including electronic evidence, and have taken measures with their respective clients to preserve relevant materials.

### VII.  DISCLOSURES

The parties have agreed to make their initial disclosures pursuant to Rule 26(a) no later than November 7, 2007. Accordingly, initial disclosures should be complete before the Rule 16 conference, presently set for November 8, 2007.

## VIII. DISCOVERY

The parties have agreed to limit discovery prior to the Court's resolution of the legal issue to be presented through cross-motions for summary adjudication to the subject of meal period agreements between Guardsmark and its employees during the putative class period. Other discovery in this matter should be stayed until after the Court issues its ruling on the cross-motions for summary adjudication, or as permitted by the Court upon good cause shown by the requesting party.

## IX. CLASS ACTION

This case has been pled as a class action. Plaintiff states that he will seek certification of the class under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The currently proposed definition of the class consists of two subclasses: (1) all current and former Guardsmark security officers who worked shifts in excess of ten (10) hours during the period from four years prior to the filing of the complaint to the present, and (2) all current and former Guardsmark security officers who worked shifts in excess of twelve (12) hours during the period from four years prior to the filing of the complaint to the present.. The parties suggest that following the issuance of the Court's ruling on cross-motions for summary adjudication, the Court set a further case management conference, at which time a deadline should be set for the filing of Plaintiff's anticipated motion for class certification.

## X. RELATED CASES

Guardsmark disclosed on its Civil Cover Sheet the following case: *Lanzarrone v. Guardsmark, LLC*, United States District Court for the Central District of California, Case No. No. CV06-1136 RPLAX. (dismissed).

## XI. RELIEF

Plaintiff seeks relief on behalf of himself and the putative class he seeks to represent as follows; 1) recovery of an extra hour of compensation at the regular hourly rate for each day in which Plaintiff and class members failed to receive a meal period as required by California law; 2) recovery of overtime compensation due to miscalculation of overtime rate of pay; 3) recovery of statutory penalties for failure to provide meal period breaks, failure to pay

missed meal period break compensation; and failure to provide accurate pay statements as provided by the California Labor Code Private Attorney General Act of 2004 (PAGA); and 4) injunctive relief as afforded under California Business & Professions Code section 17200, et.seq.

XII. **SETTLEMENT AND ADR**

The parties have agreed to private mediation as a form of ADR in this matter. At this time, the parties believe that the deadline for conducting such mediation should be set for a date after the time at which the Court is anticipated to rule on the cross-motions for summary adjudication. As this case progresses, counsel will evaluate whether mediation at an earlier point in time might be preferable.

XIII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant does not consent to have this matter heard by a Magistrate Judge.

XIV. **OTHER REFERENCES**

No other references are applicable or suitable at this time.

XV. **NARROWING OF ISSUES**

As discussed above, the parties request that the legal issue regarding second on-duty meal periods be resolved by the Court before the parties engage in broader discovery and other motions practice.

XVI. **EXPEDITED SCHEDULE**

The parties proposal to have the Court first decide cross-motions for summary adjudication before class certification and discovery is likely to streamline this litigation.

XVII. **SCHEDULING**

The parties request that the scheduling of these dates be handled at a further case management conference to be held after the Court issues a ruling on the parties' cross-motions for summary adjudication.

XVIII. **TRIAL**

Plaintiff has demanded a jury trial. If the case is not certified as a class action, trial can be expected to last approximately 2 days. If the case is certified as a class action, plaintiff expects trial to last approximately 4-6 days, and defendant expects trial to last approximately 10

days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant Guardsmark, LLC, identifies the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities may have a pecuniary interest in the outcome of this proceeding:

- Guardsmark, LLC, Defendant;
- Guardsmark Holdings, Inc., part owner of Guardsmark, LLC;

Lipman Brothers partnership, part owner of Guardsmark, LLC.

DATED: November 1, 2007                MUNGER, TOLLES & OLSON LLP


By:       /s/ Martin D. Bern
              MARTIN D. BERN

Attorneys for Defendant
GUARDSMARK, LLC


DATED: November 1, 2007                QUALLS & WORKMAN, L.L.P.


By:       /s/ Daniel H. Qualls
              DANIEL H. QUALLS

Attorneys for Plaintiff
JOHNNY MCFARLAND