1  QUALLS & WORKMAN, L.L.P.
   Daniel H. Qualls (Bar # 109036)
2  Robin G. Workman (Bar # 145810)
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4
   Attorney for Plaintiff Johnny McFarland,
5  and all others similarly situated.

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHNNY MCFARLAND, on behalf of himself  )  CASE NO. CV 07-03953 PJH
    and all others similarly situated,       )
12                                            )  NOTICE OF MOTION AND PLAINTIFF'S
                Plaintiff,                    )  MOTION FOR PARTIAL SUMMARY
13                                            )  JUDGMENT
         vs.                                  )
14                                            )  Date:  2/13/08
    GUARDSMARK, LLC, and Does 1 through 50,  )  Time:  9:00 a.m.
15  inclusive,                                )  Ctrm:  3, 17th Floor
                                              )  Judge: Hon. Phyllis J. Hamilton
16              Defendants.                   )

17

18       TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

19       PLEASE TAKE NOTICE that on February 13, 2008, at 9:00 a.m. or as soon thereafter as

20  the matter can be heard in Courtroom 3, 17th Floor, of the above-entitled court, located at 450

21  Golden Gate Avenue, San Francisco, California, Plaintiff Johnny McFarland will move the above-

22  entitled court for an order granting partial summary judgment. This motion will be made on the

23  grounds that Labor Code Sections 219, 226.7, 512 and applicable Wage Orders, mandate that an

24  employee cannot agree to waive his or her right to an off-duty meal period for both meal periods

25  in a given day. If the employee's second meal period is not off-duty, and the employee agreed to

26  waive his or her right to an off-duty meal period for the first meal period, the employer must pay

27  the employee an additional hour of compensation for the second meal period as an employee

28  cannot waive his or her right to an off-duty meal period for both meal periods.

1     This motion will be based on this Notice, the Memorandum of Points and Authorities filed herewith, the Appendix of Decisions filed herewith, the Request for Judicial Notice filed herewith, the Joint Statement of Undisputed Facts, the complete files and records in this action, and such other argument and documents as may be presented at the hearing on this Motion.

Date: January 9, 2008                          QUALLS & WORKMAN, L.L.P.

By:    /S/ Robin G. Workman
       Robin G. Workman
       Attorneys for Plaintiff Johnny McFarland,
       and all others similarly situated.

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a member of the bar of this court. I am over the age of eighteen years and not a party to the within action. My business address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco, California.

October 25, 2007, I served a true and correct copy of the **NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** electronically. I caused said documents to be transmitted using ECF as specified by General Order No. 45 to the following parties:

Martin D. Bern
Munger Tolles & Olson LLP
560 Mission Street
Twenty-seventh Floor
San Francisco, CA 94105-2907
bernmd@mto.com

Malcolm A. Heinicke
Munger Tolles & Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105-2907
heinickema@mto.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 9, 2008, at San Francisco, California.

/S/ Robin G. Workman