QUALLS & WORKMAN, L.L.P.
Daniel H. Qualls (Bar # 109036)
Robin G. Workman (Bar # 145810)
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660

Attorney for Plaintiff Johnny McFarland,
and all others similarly situated.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. CV 07-03953 PJH<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: 2/13/08<br>Time: 9:00 a.m.<br>Ctrm: 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

## I. INTRODUCTION

The parties do not dispute the facts essential to this motion. Plaintiff, and the putative class, worked for Guardsmark as security guards. The security guards sign agreements whereby they "agree" to waive their entitlement to an off-duty meal period for the mandatory meal period during the first five hours of work as prescribed by Labor Code section 512. Guardsmark desires to apply this agreement to both meal periods that must occur if an employee works more than ten (10) hours in a single day. At issue in this motion is the second mandatory off-duty meal period that must occur when the security guards worked ten hours or more. See Cal. Labor Code § 512(a).

To avoid its obligation to compensate employees who do not receive off-duty meal periods as statutorily prescribed, Guardsmark asserts that:

> an "on-duty" meal period is a type of meal period, the agreement to take this type of meal period is not a "waiver," and thus, a second meal period, like a first meal period, may be "on-duty" under the applicable law and without violating section 512. See Joint CMC Statement at 2:6-8.

Hence, the issue in this case is whether an employee can "agree" to work more than ten hours without receiving an off-duty meal period and alleviate an employer's obligation to pay the employee an additional hour compensation for the employee so doing. The answer to this question is no. Citing to California Labor Code section 219, the Ninth Circuit in Valles v. Ivy Hill Corp., 410 F.3d 1071, 1077 (9th Cir. 2005), iterated that the right to a penalty for the failure to receive an off-duty meal period is a non-negotiable right and as such it cannot "be waived, alienated, or altered by private agreement." Put more succinctly, employees cannot "agree" to forgo the compensation due them under California Labor Code section 226.7 if their second meal period is "on-duty," in a circumstance where the employee already waived their right to an off-duty meal period for the first meal period of the day.

Guardsmark's contention to the contrary has no support in statutes, legislative history or interpretative case law. Labor Code section 512(a) and section 11 of the pertinent Wage Order dictate that employees are entitled to an unpaid 30 minute off-duty meal period for every five

hours worked and a second off-duty meal period for every ten hours worked. The Wage Order makes clear that "[u]nless the employee is relieved of *all duty* during a 30 minute meal period, the meal period shall be considered 'on duty' and counted as time worked."

The only exception to the requirement to provide employees an off-duty meal period is set forth in the pertinent wage order. The Wage Order only permits employees to waive an off-duty meal period in two circumstances: (1) when the nature of the work prevents an employee from being relieved of all duty; and (2) the employee agrees in writing to waive his or her right to an off-duty meal period. Absent these two circumstances, the employee has an absolute right to off-duty meal periods. The Wage Order and the Code make very clear, however, that an employee may *only* give up his or her right to *one* off-duty meal period in a given day. If the employee waives the right to an off-duty meal period for the first meal period, the employee cannot "agree" to waive his or her right to an off-duty meal period for the second meal period. Section 226.7 mandates that if the employer fails to provide a meal period in accordance with the applicable Wage Order, the employer shall pay the employee one additional hour of pay. Section 219 clearly states that "no provision of this article [sections 200-243] can in any way be contravened or set aside by a private agreement, whether written, oral or implied."

The impact of what Guardsmark seeks this Court to sanction is employees working through ten hour shifts without being relieved of duty for meal periods and without being compensated pursuant to section 226.7 for same. Clearly the "agreement" Guardsmark describes violates section 219 as its purpose is to deprive the employees of the extra hour of compensation required by section 226.7. Guardsmark cannot evade this requirement by semantics.

Given the authorities are clear, and no disputes of fact exist, Plaintiff requests that the Court grant this motion for partial summary judgment, deny defendants' counter motion, and hold that an employee cannot "agree" to waive his or her right to receive an off-duty meal period and receive in its place an on-duty meal period for the second meal period in a given day if the employee already "agreed" that his first meal period could be on-duty. Plaintiff also requests the Court to hold that if the employee is not relieved of all duty during the second meal period in such

a circumstance, then Guardsmark must pay the employee an extra hour of compensation as required by Labor Code section 226.7.

## II. LEGAL ARGUMENT

### A. Summary Judgment Standard

The Court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *FRCP 56(c)*. Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). When the moving party has the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. Id. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

### B. Meal Period Requirements—Applicable Statutes And Regulations

The statutes at issue are Labor Code section 512(a), 226.7 and 219. Also at issue is section 11 of the Wage Order. Section 512(a) provides as follows:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes,

except that if the total hours worked is no more than 12 hours, *the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.* (Emphasis added.)

In 2000, the Legislature amended the California Labor Code adding section 226.7, that provides:

(a) *No employer shall require any employee to work during any meal or rest period* mandated by an applicable order of the Industrial Welfare Commission. (Emphasis added.)

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Labor Code sections 512 and 226.7 both refer to IWC wage orders. The IWC issued new wage orders in 2000, including Wage Order 7-2001 (effective January 1, 2001). Although the Legislature defunded the IWC effective July 1, 2004, its wage orders, that govern wages, hours and working conditions in California, are still in effect. Regarding meal periods, the IWC order, at section 11, states:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee *only if the first meal period was not waived.* (Emphasis added.)

  (C) Unless the employee is relieved *of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.* An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. (Emphasis added.)

  (D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

California Labor Code section 219 also applies. Section 219 states: "[n]othing in this article shall in any way limit or prohibit the payment of wages at more frequent intervals, or in greater amounts, or in full when or before due, but *no provision of this article can in any way be contravened or set aside by private agreement, whether written, oral, or implied.*" (Emphasis added.)

  **C.** **Employees Cannot "Agree" To Waive Their Right To Both Off-Duty Meal Periods, And Compensation Pursuant to Section 226.7 For Same, In One Day**

Guardsmark contends it has no obligation to provide off-duty meal periods to its employees. Rather, Guardsmark contends that employees may "agree" to an on duty meal period for the mandatory second meal period, even if the employee already "agreed" to waive their right to an off-duty meal period for the first meal period of the day. For this argument to work, this Court must hold that an "on-duty" meal period *is not* a waiver of the employees' right to an "off-duty" meal period. There is simply no support for this assertion.

The clear wording of the Wage Order and section 226.7 make clear that the "meal period" referred to in section 512 is one in which the employee is "off-duty." Section 11(c) of the Wage Order provides "[u]nless the employee is relieved *of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."*

MEMO P'S & A'S – SUMMARY JUDGMENT   -5-  3150\MOTIONS\MSJMOT.DOC

(Emphasis added.) Mirroring this requirement, section 226.7 states that "[n]*o employer shall require any employee to work during any meal or rest period* mandated by an applicable order of the Industrial Welfare Commission." (Emphasis added). Hence, when the Wage Order contemplates the only circumstance when "an" on-duty meal period may occur, this clearly is in the context of a "waiver" of the entitlement to an "off-duty" meal period. All pertinent governing authorities mandate that an employee may only waive this entitlement once during a given day. The Department Labor Standards Enforcement ("DLSE") in its Enforcement Policies and Interpretations Manual confirms this truism, stating:

> When an employee works more than six (6) hours, there is only one set of circumstances wherein a first meal period may be waived and that is if the employee accepts, in writing, an on-duty meal period under the conditions set out in the Orders concerning the nature of the work, precluding an employee from being relieved of all duty. This provision of the IWC Orders and Labor Code § 512(a) precludes two on-duty periods in any one day.[1]

The Labor Commissioner plays a key role in the interpretation of California Labor Code through the issuance of opinion letters that may be afforded judicial deference. Tidewater Marine Western v. Bradshaw, 14 Cal.4th 557, 571 (1996); Yamaha Corp. v. State Bd. of Equalization, 19 Cal.4th 1, 7-8 (1998); Morillion v. Royal Packing Co., 22 Cal.4th 575, 584 (2000); Bell v. Farmers Ins. Exch., 87 Cal. App. 4th 805, 815 (2001).

Only this interpretation can be reconciled with the policies behind mandated work-free meal periods. Explaining the importance of meal breaks, the Valles court stated "[m]eal periods are designed to protect individual employees, [and] address some of 'the most basic demands of an employee's health and welfare' [citation], and *Labor Code section 219, subdivision (a)* makes them 'plainly nonnegotiable.'" 410 F.3d at 1081-1082. The court further iterated:

> For over half a century, the Industrial Welfare Commission ("IWC") -- the state agency responsible for promulgating regulations that govern wages, hours, and working conditions in California -- has guaranteed *work-free meal periods* to manufacturing workers in

---

[1] At p. 45-5, section 45.2.3. (1)(c), n.**. A true and correct copy of Chapter 45 of the DLSE Manual is attached as Exhibit A to the Request For Judicial Notice filed with this Motion.

California, including those covered by collective bargaining agreements, pursuant to its authority under § 1173 of the Labor Code. See IWC Wage Order 1-2001, Cal. Code Regs. tit. 8 § 11010 (2005); California Manufacturers Assn. v. Industrial Welfare Com., 167 Cal. Rptr. 203, 215, 109 Cal. App. 3d 95 (1980); see also IWC v. Superior Court, 27 Cal. 3d 690, 613 P.2d 579, 601, 166 Cal. Rptr. 331 (1980) (in bank). 410 F.3d at 1077. (Emphasis added).

Citing to DLSE findings, the Legislature recognized that section 226.7 was necessary to "protect the mandatory character of the off-duty meal period" because merely requiring employers to pay employees their regular wages for working during meal periods was not sufficient to discourage non-compliance.[2] The point is that the Legislature and the IWC intend for meal periods to be "work free and non-waivable."

Citing to Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1104-1105 (9th Cir. 2000), the Valles court specifically held "California law provides that an employee's right to a meal penalty under Labor Code section 226.7 is "nonnegotiable." Labor Code section 219 expressly states that no provision in Labor Code sections 200 through 243, inclusive, can be waived by private agreement." As the Miller v. AT&T Networks Systems, 850 F.2d 543, 456 (9th Cir. 1988), court explained, "the concept of 'nonnegotiable' is clear. A right is nonnegotiable if the state law does not permit it to be waived, alienated, or altered by private agreement." The Valles court adopted this definition. 410 F.3d at 1077, n5.

Both Valles and Balcorta addressed the application of section 226.7 to rights set forth in Chapter 1 of the Labor Code in the context of collective bargaining agreements. Holding that an employee's right to the wage penalty set forth in Labor Code section 201.5 was non-negotiable, the courts explain:

> When the California legislature enacted Chapter [1] of the Labor Code [sections 200 to 272, inclusive], it explicitly made the rights conferred in that chapter nonnegotiable. Section 219 ... states: 'No provision of this article can in any way be contravened or set aside by private agreement, whether written, oral, or implied.' This legislature could not

---

[2] Request for Judicial Notice, Ex. B, Enrolled Bill Report re: AB 2509, at p. 274, September 2000.

MEMO P'S & A'S – SUMMARY JUDGMENT         -7-                3150\MOTIONS\MSJMOT.DOC

have spoken more clearly, and we agree...that § 219 purports to preclude any private contractual waiver of the minimum labor standards set forth in the Code....

Valles, 410 F.3d at 1077 (citing Balcorta, 208 F.3d at 1104-1105).  See, e.g., Zavala v. Scott Brothers Dairy, 143 Cal. App. 4th 585, 593-594 (2006)(employees rights to rest breaks non-negotiable); Smith v. Hearst Communications, Inc., 2006 U.S. Dist. LEXIS 22546 (N.D. Cal. April 13, 2006)(employee could not waive rights set forth in sections 201-243); Miguel, et al. v. Inland Paperboard And Packaging, Inc., 2007 U.S. App. LEXIS 1515 (9th Cir. Oct. 20, 2006)(citing Valles, held that right to meal period is non-negotiable); Tormey v. The Vons Cos., et al, 2007 U.S. Dist. LEXIS 66010 (S.D. Cal. Sept. 5, 2007)(citing both Valles and Balcorta held right to meal periods non-waivable).  Consistent with the above authorities, this Court in Perez v. Safety-Kleen Systems, Inc.. 2007 U.S. Dist. LEXIS 48308 (N.D. Cal. Jun. 27, 2007), p.4, specifically held that "[t]he article to which Labor Code *§ 219* refers includes Labor Code *§ 226.7*, which governs the right to meal and rest periods."

Guardsmark's argument depends on this Court holding that an "on-duty" meal period is not a waiver of the employee's right to a work free meal break.  To reach this conclusion, this Court must ignore the purpose of meal breaks, as articulated by the Valles court, the clear wording of section 11 of the Wage Order, the language of section 226.7, prohibiting employers from requiring employees to work during any meal or rest period and section 512 that specifically prohibits employees from waiving their right to an off-duty second meal period if they already waived their right to an off-duty meal period for the first meal break.

Such an interpretation also ignores the employer's duty to ensure that employees be relieved of all duty during their meal periods.  While no authorities directly address the second meal period requirement, in Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949 (2005), the Court of Appeal held that an employer's "obligation to provide … an adequate meal period is not satisfied by assuming that the meal periods were taken, because employers have '*an affirmative obligation to ensure that workers are actually relieved of all duty.*'"  Id. at 962-63 (quoting DLSE Opinion Letter, January 28, 2002, at 1) (emphasis added).

This court in <u>Perez v. Safety-Kleen Systems, Inc.</u>, 2007 U.S. Dist. LEXIS 48308, p.6 (N.D. Cal. Jun. 27, 2007), citing <u>Cicairos</u> concurred, stating "[a]t the very least, consistent with Labor Code *§ 512*, the Wage Order requires the employer to affirmatively provide a meal break and provide the opportunity for the employee to be 'relieved of all duty during a 30 minute meal period.'" This Court further explained, that at a minimum, the employer is "obligated to provide off-duty meal and rest breaks." (citing <u>Murphy v. Kenneth Cole Prods. Inc.</u>, 40 Cal. 4th 1094, 56 Cal. Rptr. 3d 880, 155 P.3d 284 (2007)(California's meal time provisions are to be "interpreted broadly in favor of protecting employees"). In <u>Stevens v. GCS Service, Inc.</u>, No. 04-1337 CJC (C.D. Cal., filed Apr. 6, 2006), the court likewise held that the "employer had an affirmative obligation to ensure that its employees were relieved of all duty during meal breaks."

California trial courts reach the same conclusion. See, e.g., <u>Savaglio v. Wal-Mart Stores, Inc.</u>, no. C-835687 (Alameda County Superior Court, filed Nov. 6, 2003), ("the Labor Code and wage orders require employers to ensure that employees take full 30 minute meal breaks"); <u>Brookler v. RadioShack Corp.</u>, No. BC313383 (Los Angeles County Superior Court, filed Feb. 8, 2006) ("offering meal breaks in employee manuals does not satisfy the burden of ensuring that employees receive a meal break"); <u>Gonzalez v. Nestle Waters North America Holdings</u>, No. BC321485 (Los Angeles County Superior Court, filed Feb. 8, 2006) ("employers have an affirmative obligation to ensure that workers are actually relieved of all duty"); <u>Torres v. ABC Security Service, Inc.</u>, No. RG04-158744 (Alameda County Superior Court, filed Dec. 12, 2006) (reaching same conclusion based on language of Labor Code and Wage Orders).[3]

The import of these decisions is clear. Employers have an obligation to ensure that the employees have uninterrupted meal breaks. Absent a specific statutory allowance, any meal break where the employee is not relieved of all duty is considered time worked for which the employee must receive compensation pursuant to section 226.7. While employees may "agree" to waive their right to an off-duty meal once during a day, all controlling statutory provisions mandate that this may occur only once. Indeed, section 512 very specifically states that an employee may waive his or her right to an off-duty second meal period for the second meal period of the day only

---

[3] See Appendix of Decisions filed herewith.

if they did not already waive their right to an off-duty meal period for the first meal period. No amount of linguistic gymnastics can change this fact.

### III.   CONCLUSION

The protections articulated in Labor Code sections 200-243 are non-negotiable. No matter how much the employer desires, it cannot "agree" with the employee that the employee will work 10 hour shifts without being relieved of duty for at least one meal period and not receive the compensation prescribed by section 226.7. Section 219 precludes such an agreement as the protections afforded employees by section 226.7 cannot be "contravened or set aside" by private agreement. Given this truism, Plaintiff requests that this Court grant this motion for partial summary judgment, deny Defendant's counter motion, and hold that if an employee is not relived of all duty for the second meal period of a day in which the employee already waived the right to an off-duty meal period for the first meal period, that the employer must pay the employee an hour of compensation as required by section 226.7.

Date: January 9, 2008                                    QUALLS & WORKMAN, L.L.P.


                                                By:     /S/ Robin G. Workman
                                                        Robin G. Workman
                                                        Attorneys for Plaintiff Johnny McFarland,
                                                        and all others similarly situated.

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a member of the bar of this court. I am over the age of eighteen years and not a party to the within action. My business address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco, California.

October 25, 2007, I served a true and correct copy of the **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** electronically. I caused said documents to be transmitted using ECF as specified by General Order No. 45 to the following parties:

> Martin D. Bern
> Munger Tolles & Olson LLP
> 560 Mission Street
> Twenty-seventh Floor
> San Francisco, CA 94105-2907
> bernmd@mto.com
>
> Malcolm A. Heinicke
> Munger Tolles & Olson LLP
> 560 Mission Street
> 27th Floor
> San Francisco, CA 94105-2907
> heinickema@mto.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 9, 2008, at San Francisco, California.

/S/ Robin G. Workman