

1  QUALLS & WORKMAN, L.L.P.
   Daniel H. Qualls (Bar # 109036)
2  Robin G. Workman (Bar # 145810)
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4
   Attorney for Plaintiff Johnny McFarland,
5  and all others similarly situated.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 JOHNNY MCFARLAND, on behalf of himself    )  CASE NO.  CV 07-03953 PJH
   and all others similarly situated,         )
12                                            )  (PROPOSED) ORDER GRANTING
                                              )  PLAINTIFF'S MOTION FOR PARTIAL
13            Plaintiff,                       )  SUMMARY JUDGMENT
                                              )
14      vs.                                   )  Date:  2/13/08
                                              )  Time:  9:00 a.m.
15 GUARDSMARK, LLC, and Does 1 through 50,    )  Ctrm:  3, 17th Floor
   inclusive,                                 )  Judge: Hon. Phyllis J. Hamilton
16                                            )
              Defendants.                      )
17

18         This matter having come on regularly for hearing before the Honorable Phyllis J. Hamilton

19 in Courtroom 3, 17th Floor, of the USDC, Northern District, on February 13, 2008, Robin G.

20 Workman of Qualls & Workman, L.L.P. appearing on behalf of Plaintiff, and Martin D. Bern, of

21 Munger, Tolles & Olson, LLP appearing on behalf of Defendant.  After briefing and argument,

22         IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment is.

23 GRANTED.

24         The issue in this case is whether an employee can agree to work more than ten hours

25 without receiving an off-duty meal period and alleviate an employer's obligation to pay the

26 employee an additional hour compensation for the employee so doing.  The answer to this

27 question is no.  California Labor Code section 226.7 provides that "[i]f an employer fails to

28 provide an employee a meal period or rest period in accordance with an applicable order of the

1   Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at

2   the employee's regular rate of compensation for each work day that the meal or rest period is not

3   provided." The Ninth Circuit in <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1077 (9th Cir. 2005),

4   specifically held that California Labor Code section 219 makes the right under section 226.7 non-

5   negotiable, providing: "no provision of this article [sections 200-243] can in any way be

6   contravened or set aside by a private agreement, whether written, oral or implied." This Court in

7   <u>Perez v. Safety-Kleen Systems, Inc.</u>, 2007 U.S. Dist. LEXIS 48308 (N.D. Cal. Jun. 27, 2007), p.4,

8   stated that "[t]he article to which Labor Code *§ 219* refers includes Labor Code *§ 226.7*, which

9   governs the right to meal and rest periods."

10          Both California Labor Code section 512 and section 11 of the pertinent Wage Order make

11  clear that an employee can only waive its right to an off-duty meal period once in a given day,

12  stating:

13          An employer may not employ an employee for a work period of more than five hours

14          per day without providing the employee with a meal period of not less than 30

15          minutes, except that if the total work period per day of the employee is no more than

16          six hours, the meal period may be waived by mutual consent of both the employer and

17          employee. An employer may not employ an employee for a work period of more than

18          10 hours per day without providing the employee with a second meal period of not

19          less than 30 minutes, except that if the total hours worked is no more than 12 hours,

20          *the second meal period may be waived by mutual consent of the employer and the*

21          *employee only if the first meal period was not waived.* (Emphasis added.)

22          While the Wage Order permits an employee to agree to one "on-duty" meal period in

23  certain prescribed circumstances, this agreement is clearly a waiver of the employee's right to an

24  "off-duty" meal period. Nothing in either the Wage Order or the California Labor Code indicate

25  that an employee can agree to waive its right to an off-duty meal period twice in one day. To the

26  contrary, Labor Code section 512 and section 11 of the Wage Order specifically forbid the

27  employee from so doing.

28

(PROPOSED) ORDER                              -2-                      3150\MOTIONS\MSJORDER.DOC

1    Given the rights afforded by section 226.7 are non-negotiable, if an employee's second

2  meal period is not off-duty, and the employee agreed to waive his or her right to an off-duty meal

3  period for the first meal period, the employer must pay the employee an additional hour of

4  compensation for the second meal period pursuant to section 226.7.  Pursuant to section 219, an

5  employee cannot waive his or her right to an off-duty meal period for both meal periods in a given

6  day.

7    **IT IS SO ORDERED.**

8

9  Dated: _____    _____

10                                                        Hon. Phyllis J. Hamilton
                                                         Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(PROPOSED) ORDER                    -3-                    3150\MOTIONS\MSJORDER.DOC

1  <u>PROOF OF SERVICE</u>

2      I, the undersigned, hereby declare:

3      I am a member of the bar of this court.  I am over the age of eighteen years and not a party

4  to the within action.  My business address is Qualls & Workman, L.L.P., 244 California Street,

5  Suite 410, San Francisco, California.

6      October 25, 2007, I served a true and correct copy of the **(PROPOSED) ORDER**

7  **GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

8  electronically.  I caused said documents to be transmitted using ECF as specified by General Order

9  No. 45 to the following parties:

10  Martin D. Bern
    Munger Tolles & Olson LLP
11  560 Mission Street
    Twenty-seventh Floor
12  San Francisco, CA 94105-2907
    bernmd@mto.com
13

    Malcolm A. Heinicke
14  Munger Tolles & Olson LLP
    560 Mission Street
15  27th Floor
    San Francisco, CA 94105-2907
16  heinickema@mto.com

17

18      I declare under penalty of perjury under the laws of the State of California that the

    foregoing is true and correct, and that this declaration was executed on January 9, 2008, at San
19

    Francisco, California.
20

21                        /S/ Robin G. Workman

22

23

24

25

26

27

28