1  Martin D. Bern (SBN 153203)
   Martin.Bern@mto.com
2  Malcolm A. Heinicke (SBN 194174)
   Malcolm.Heinicke@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
4  Twenty-Seventh Floor
   San Francisco, CA  94105-2907
5  Telephone:   (415) 512-4000
   Facsimile:    (415) 512-4077
6
   Attorneys for Defendant
7  GUARDSMARK, LLC

8

                   UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12

13  JOHNNY MCFARLAND, on behalf of         CASE NO.  CV 07-03953 PJH
    himself and others similarly situated,
14                                          **[1] DEFENDANT GUARDSMARK, LLC'S
                    Plaintiff,              NOTICE OF MOTION AND MOTION
15                                          FOR PARTIAL SUMMARY JUDGMENT;**
            vs.
16                                          **[2] MEMORANDUM OF POINTS AND
    GUARDSMARK, LLC, and Does 1             AUTHORITIES IN SUPPORT OF
17  through 50, inclusive,                  DEFENDANT GUARDSMARK, LLC'S
                                            MOTION FOR PARTIAL SUMMARY
                    Defendants.             JUDGMENT FILED CONCURRENTLY**
18
                                            Date:        February 13, 2008
19                                          Time:        9:00 a.m.
                                            Courtroom:   3, 17th Floor
20
                                            **Judge:   Honorable Phyllis J. Hamilton**
21

22

23

24

25

26

27

28

4233780.2

TO THE PARTIES HERETO AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 13, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Phyllis J. Hamilton, in Courtroom 3 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Guardsmark, LLC ("Guardsmark") will and hereby does move, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment with respect to (a) Plaintiff's legal contention that California law precludes an employer from providing a second on-duty meal period when it has provided a first on-duty meal period; and (b) Defendant's contrary defense that Plaintiff's agreement to an on-duty meal period is not unenforceable as a matter of law in the context of a second meal period simply because he took a first, on-duty meal period.

Guardsmark brings this Motion pursuant to the agreement of the Parties stated, and the permission of the Court provided, at the initial Case Management Conference in this matter. Guardsmark respectfully submits that it is entitled to the partial summary judgment it seeks because, as a matter of California law, on-duty meal periods are not the same as altogether waived meal periods, and thus the limitations on meal period waivers do preclude second, on-duty meal periods. This Motion is based upon the Memorandum of Points and Authorities attached hereto, The Joint Statement of Undisputed Facts, the pleadings and records on file in this action, and such additional authority and argument as may be presented in Guardsmark's reply and at any hearing on this Motion.

DATED: January 9, 2008

MUNGER, TOLLES & OLSON LLP
MARTIN D. BERN
MALCOLM A. HEINICKE

By: /s/ Malcolm A. Heinicke
MALCOLM A. HEINICKE

Attorneys for Defendant
GUARDSMARK, LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. BACKGROUND .................................................................................................................. 3

III. ARGUMENT ........................................................................................................................ 3

    A. California Law Concerning Meal Periods .............................................................. 3

    B. Section 512 And The Wage Order Provide That A Second Meal Period Can Be On Duty, Even If The First Meal Period Was Also On Duty ................... 4

        1. The Plain Language Of The Statute And Regulation Is Clear: An On-Duty Meal Period Is A Type Of Meal Period, And Not A "Waived" Or Abandoned Meal Period .................................................... 4

        2. Because An Employee May Take An On-duty Meal Period While Also Working Longer Than Six Hours, An On-duty Meal Period Cannot Be A Meal Period Waiver Pursuant To Section 512 ...................... 6

        3. Plaintiff's Strained Interpretation Of Section 512 Would Lead To Additional Absurd Results ............................................................................ 7

    C. DLSE Guidance Interpreting Section 512 Is Not Entitled To Deference, And May Be Considered By Courts Only To The Extent That It Is Persuasive ................................................................................................................ 8

IV. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Fed. Savings and Loan Corp. v. Butler*,
904 F.2d 505 (9th Cir. 1990).................................................................................................... 5

*In re First T.D. & Investment, Inc. v. Chang*,
253 F.3d 520 (9th Cir. 2001).................................................................................................... 5

## STATE CASES

*Aguilar v. Ass'n for Retarded Citizens*,
234 Cal. App. 3d 21 (1991)...................................................................................................... 6

*California Drive-In Restaurant Ass'n v. Clark*,
22 Cal. 2d 287 (1943) ........................................................................................................... 4, 7

*Church v. Jamison*,
143 Cal. App. 4th 1568 (2006) ................................................................................................ 8

*Clements v. T.R. Bechtel Co.*,
43 Cal. 2d 227, 233 (1954) ...................................................................................................... 7

*Dyna-Med, Inc. v. Fair Employment & Housing Comm.*,
43 Cal. 3d 1379 (1987) ............................................................................................................ 7

*Garcia v. McCutchen*,
16 Cal. 4th 469 (1997) ............................................................................................................. 7

*Gattuso v. Hart-Hanks Shoppers, Inc.*,
42 Cal. 4th 554 (2007) ............................................................................................................. 8

*Murphy v. Kenneth Cole Prods., Inc.*,
40 Cal. 4th 1094 (2007) ........................................................................................................... 8

*Physicians and Surgeons Labs. Inc. v. Dep't of Health Servs.*,
6 Cal. App. 4th 968 (1992) ...................................................................................................... 7

*Regents of the Univ. of Cal. v. Pub. Employment Relations Bd.*,
41 Cal. 3d 601 (1986) .............................................................................................................. 4

*State Farm Mutual Auto. Ins. Co. v. Quackenbush*,
77 Cal. App. 4th 65 (1999) ...................................................................................................... 9

*Tidewater Marine Western Inc. v. Bradshaw*,
14 Cal. 4th 557 (1996) ............................................................................................................. 8

*Welch v. Oakland Unified Sch. Dist.*,
91 Cal. App. 4th 1421 (2001) .................................................................................................. 5

*Western Oil & Gas Ass'n v. Monterey Bay Unified Air Poll. Control Dist.*,
49 Cal. 3d 408 (1989) .............................................................................................................. 7

# TABLE OF AUTHORITIES
### (cont'd)

**Page(s)**

## FEDERAL STATUTES

Administrative Procedure Act (Gov. Code § 11340 ................................................................. 8

## FEDERAL RULES

Federal Rule of Civil Procedure 56................................................................................................ 1

## STATE STATUTES

Cal. Labor Code
   § 512.................................................................................................................................*passim*
   § 226.7(b)................................................................................................................................ 4

## STATE REGULATIONS

Cal. Code Regs. tit. 8 .................................................................................................................... 7
Cal. Code Regs. tit. 8 §§ 11040(A)............................................................................................... 8
Cal. Code Regs. tit. 8 §§ 11040(11) ....................................................................................*passim*
Cal. Code Regs. tit. 8 §§ 11040(11)(A) ..............................................................................*passim*
Cal. Code Regs. tit. 8 §§ 11040(11)(B) ........................................................................................ 4

## OTHER TREATISES

*Black's Law Dictionary,*
   (8th ed. 2004) ........................................................................................................................ 5

*Enforcement Policies and Interpretation Manual*
   2002 Update of Manual § 45.2.3.1 & n.2 (rev. Mar. 2006) ................................................ 8, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Guardsmark, LLC, seeks resolution of the following purely legal question central to the instant suit: When an employee agrees to "on-duty meal periods" pursuant to the express provisions of California law, is that employee altogether waiving his or her right to a meal period, or is the employee simply agreeing to a specific type of meal period? In other words, at its core, the question here is whether "on-duty meal periods" are, as Plaintiff contends, not really meal periods at all, or whether, as Guardsmark submits, "on-duty meal periods" are in fact a type of meal period as the very name given to them by California law demonstrates.

Plaintiff will argue that California law requires this Court to treat his voluntary agreement to take paid, on-duty meal periods as the same as a waiver of his right to meal periods altogether. From this, he will argue that his on-duty meal periods were technically improper because they did not comply with the strict limitations imposed on meal period waivers. Guardsmark respectfully submits, however, that the pertinent regulations and common sense preclude Plaintiff's argument. Because an on-duty meal period is a type of meal period, the statutory limitations applicable to waivers of meal periods do not apply to on-duty meal periods.

California Labor Code section 512 generally requires that employees working shifts of more than five hours be provided one meal period, and that employees working shifts of more than ten hours be provided a second meal period. In addition to setting this general requirement, section 512 also states that employees can "waive" their rights to meal periods subject to certain limitations, *i.e.*, employees can waive their first meal periods if their work days do not exceed six hours in total, and they can waive their second meal periods if their work days do not exceed twelve hours and the first meal period was not waived. In essentially identical terms, the associated California regulations (the "Wage Orders") state that employees must be provided meal periods if they work in excess of five hours, but that they can waive such meal periods if their work day does not exceed six hours. *See* Cal. Code Regs., tit. 8, § 11040(11) (2007). Critically, however, in addition to establishing these limitations on the outright waiver of meal period rights, these regulations separately establish that an employer can satisfy its obligation to

provide meal periods by providing on-duty meal periods, if those on-duty periods are consistent with the nature of the work, compensated, and expressly consented to by the employee. *See id.*

Guardsmark is in the business of providing security services to clients. Like other Guardsmark security officers, Plaintiff works at remote client sites. Plaintiff claims that on the occasional situations where he worked shifts in excess of ten hours, he was not properly provided with a second meal period as required by California law. Plaintiff does not dispute that in these circumstances he agreed to, and was provided with, paid on-duty meal periods. Plaintiff also concedes that such meal periods were sufficient as *first* meal periods. Nevertheless, he argues that California law implicitly precludes *second* on-duty meal periods, and that the second on-duty meal periods that he was provided (and paid for) were technically insufficient under the statute.

The lynchpin of Plaintiff's argument is a tortured reading of Labor Code section 512 and the underlying regulations through which he urges this Court to deem on-duty meal periods (situations in which the employee voluntarily agrees to an on-call, paid meal period) to be identical to waived meal periods (situations in which the employee abandons his entitlement to any sort of meal period whatsoever). In other words, he contends that an on-duty meal period is somehow the same as no meal period at all. Based on this unsupportable leap, Plaintiff argues that because section 512 precludes the waiver of a second meal period if the first meal period has also been waived, an employee working more than ten hours in a shift cannot have a second, on-duty meal period if the first meal period was also on duty because, his argument continues, it would constitute a second "waived" meal period in the same day.

The critical flaw in this argument, however, is that an on-duty meal period is not the same as a waived meal period. An on-duty meal period is a type of meal period that can satisfy an employer's meal period obligation. A waiver, on the other hand, altogether removes such obligations and eliminates the employee's entitlement to any type of meal period. Because on-duty meal periods are meal periods, they are not subject to the same limitations as waived meal periods. Indeed, shortly after passage of section 512, the Labor Commissioner and her Chief Legal Counsel concluded that section 512's limitations on meal period waivers did not affect on-duty meal periods, noting that "[t]he term 'meal period' [in section 512] includes both the on-duty

paid and off-duty unpaid variety." *See* Memorandum "*Understanding AB 60: An In Depth Look at the Provisions of the 'Eight Hour Day Restoration and Workplace Flexibility Act of 1999,*'" (Dec. 23, 1999) *available at* www.dir.ca.gov/dlse/AB60update.htm ("DLSE Memorandum").

Additional factors compel the same conclusion. For example, reading the pertinent law as Plaintiff urges would have the impermissible effect of writing the on-duty meal period provisions out of the pertinent regulations. In addition, it would frustrate the underlying policy rationale for on-duty meal periods to allow them only in the limited situations in which waivers are permitted. Guardsmark therefore requests that the Court determine that California law does not preclude Guardsmark from meeting its meal period obligations by providing Plaintiff with a second paid on-duty meal period when has he similarly been provided with a first on-duty meal period.

## II. BACKGROUND

Plaintiff works as a security guard for Guardsmark. *See* Joint Stmt. of Undisputed Facts ¶ 1. It is undisputed that Plaintiff has expressly agreed to take on-duty meal periods, and that he is paid for them. *See id.* ¶ 2. Nevertheless, he filed this suit alleging, *inter alia*, that Guardsmark failed to provide him with legally sufficient *second* meal periods on shifts exceeding ten hours. *Id.* ¶ 1. Plaintiff contends California law precludes an employer from providing second on-duty meal periods to satisfy its second meal period obligation. Guardsmark disputes this position. The Parties agreed in their joint case management statement, and at the initial case management conference, that this Motion was the appropriate means for the Court to resolve this legal issue.

## III. ARGUMENT

### A. California Law Concerning Meal Periods

California Labor Code section 512(a), effective September 19, 2000, provides that:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

"If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission ["IWC"], the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7(b). As such, section 226.7 remedies are available only if the plaintiff can establish a violation of the pertinent Wage Order. Wage Order 4 applies to security guards and states:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. *Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.* An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
>
> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

Cal. Code Regs., tit. 8, §§ 11040(11)(A), 11040(11)(B) (emphasis added). This regulation was promulgated after the passage of Labor Code sections 512 and 226.7, and the highlighted language overtly confirms that an on-duty meal period is in fact a meal period.

### B. Section 512 And The Wage Order Provide That A Second Meal Period Can Be On Duty, Even If The First Meal Period Was Also On Duty

Plaintiff's attempt to equate on-duty meal periods with non-existent, or "waived," meal periods conflicts with the plain language of the applicable statutes and regulations.

#### 1. The Plain Language Of The Statute And Regulation Is Clear: An On-Duty Meal Period Is A Type Of Meal Period, And Not A "Waived" Or Abandoned Meal Period

In interpreting a statute or regulation,[1] a court must "turn[] first to the words of the statute." *Regents of the Univ. of Cal. v. Pub. Employment Relations Bd.*, 41 Cal. 3d 601, 607 (1986). "[I]f the language is clear, there can be no room for interpretation, and effect must be

---

[1] "Generally, the same rules of construction and interpretation which apply to statutes govern the construction and interpretation of rules and regulations of administrative agencies." *California Drive-In Restaurant Ass'n v. Clark*, 22 Cal. 2d 287, 292 (1943).

given to its plain meaning." *Welch v. Oakland Unified Sch. Dist.*, 91 Cal. App. 4th 1421, 1431 (2001).[2] Section 512 provides that an employee who works more than ten hours must be provided with two meal periods, but "the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived." Lab. Code § 512 (a). Plaintiff's argument presupposes that his agreement to take an on-duty first meal period is the same as his waiving his right to a first meal period. This is simply not the case.

According to *Black's Law Dictionary*, the word "waive" means " [t]o abandon, renounce, or surrender (a claim, privilege, or right); to give up (a right or claim) voluntarily." (8th ed. 2004). None of these terms apply to a situation where a security guard is not relieved of all duty, but is still permitted to take a meal period. A security guard who agrees to an on-duty meal period does not abandon his right to take a meal period; instead, the guard merely agrees that he will be paid for the time he is allowed to eat, but will be available to respond to emergencies that may arise.

The regulations compel the same conclusion. IWC regulations expressly provide for two types of meal periods: off-duty (unpaid) meal periods, and on-duty (paid) meal periods:

> Unless the employee is relieved of all duty during a 30 minute meal period, *the meal period shall be considered an "on duty" meal period* and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

Cal. Code Regs., tit. 8 §§ 11040(11)(A), 11140(11) (emphasis added). The plain text of this Wage Order establishes that an "on-duty meal period" constitutes a type of meal period, and not a "waived" meal period, where no opportunity to eat a meal need be provided.

This plain meaning of section 512 and the associated Wage Orders is reflected in a Memorandum from the State Labor Commissioner and her Chief Counsel, written shortly after Assembly Bill 60 ("AB 60") codified section 512. Confirming that section 512 did not operate to change the long-standing practice of on-duty meal periods, the memorandum explained:

> The term "meal period" includes both the on-duty paid and off-duty unpaid variety. If the prerequisites (as defined in the IWC orders) for an on-duty meal period are met, then an on-duty meal period may be established. Even though the

---

[2] California rules of statutory construction apply here. *See In re First T.D. & Investment, Inc. v. Chang*, 253 F.3d 520, 527 (9th Cir. 2001) ("[N]o state or federal court has had occasion to interpret [the statute in question.] We therefore apply California's rules of statutory interpretation."); *Fed. Savings and Loan Corp. v. Butler*, 904 F.2d 505, 510 (9th Cir. 1990).

employee is required to work during an on-duty meal period, the employee must be given the opportunity, while working if necessary, to eat his or her meal. That is what cannot be waived, if the work period exceeds six hours, and if an on-duty meal period has been properly established.

DLSE Memorandum, pp. 17-18. A waiver is when the employee altogether abandons his or her right to a meal period of any sort, *i.e.*, a period to eat his or her meal. But, an employee does not give up this opportunity by agreeing to an on-duty meal period, and this is not a waiver.

> 2.  **Because An Employee May Take An On-duty Meal Period While Also Working Longer Than Six Hours, An On-duty Meal Period Cannot Be A Meal Period Waiver Pursuant To Section 512**

A first, on-duty meal period cannot be equated with a waived meal period because, according to section 512(a), a first meal period can be waived only when an employee works six or fewer hours in a day. In contrast, the Wage Order provisions governing on-duty meal periods do not restrict the hours worked by an employee who agrees to an on-duty meal period. Cal. Code Regs., tit. 8 §§ 11040(11)(A), 11140(11). Indeed, if a first, on-duty meal period was indeed a waiver of the right to a meal period, then section 512 would permit such on-duty meal periods simply if the employee verbally agreed to them and the shift at issue was five to six hours. Such a reading would render surplusage the regulation's additional restrictions limiting on-duty meal periods to circumstances where (1) the nature of the work prevents full relief from duty, and (2) the employee signs a written, revocable agreement. In other words, if an on-duty meal period was the same as a waived meal period, then IWC would not have separately codified the additional, more restrictive requirements for on-duty meal periods. Plaintiff's reading thus improperly renders part of the regulation surplusage. *See Aguilar v. Ass'n for Retarded Citizens*, 234 Cal. App. 3d 21, 28-29 (1991) (statutes and regulations must be read to "give effect to the usual, ordinary import of the language and to avoid making any language mere surplusage")

Indeed, if on-duty meal periods are equated with waived meal periods, then, under the strict reading of section 512 on which Plaintiff bases his entire argument, employees could take on-duty meal periods only if their shifts were between five and six hours. After all, under section 512, the first meal period can be waived only if the shift is six hours or shorter. Of course, there is nothing in the law or legislative history to suggest that the Legislature implicitly intended

section 512 to so dramatically alter the pre-existing and long-standing practice of on-duty meal periods. *See Garcia v. McCutchen*, 16 Cal. 4th 469, 477 (1997) ("Absent an express declaration of legislative intent, we will find an implied repeal only when there is no rational basis for harmonizing the two potentially conflicting statutes, and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.'"); *see also California Drive-In Restaurant Ass'n v. Clark*, 22 Cal. 2d 287, 292 (1943) (applying presumption against repeals by implication in addressing whether an IWC regulation was repealed by a subsequent statute); *Physicians and Surgeons Labs. Inc. v. Dep't of Health Servs.*, 6 Cal. App. 4th 968, 985-86 (1992) (applying presumption when determining whether a statute repealed a regulation issued by the California Department of Health Services). Indeed, the DLSE Memorandum reiterated this very point. *See* DLSE Memorandum at pp. 16-17.

### 3. Plaintiff's Strained Interpretation Of Section 512 Would Lead To Additional Absurd Results

When interpreting a statute or regulation, courts must consider the future consequences that may "flow from a particular interpretation." *Dyna-Med, Inc. v. Fair Employment & Housing Comm.*, 43 Cal. 3d 1379, 1387 (1987). "[W]here the language of a statutory provision is susceptible to two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted." *Western Oil & Gas Ass'n v. Monterey Bay Unified Air Poll. Control Dist.*, 49 Cal. 3d 408, 425 (1989) (quoting *Clements v. T.R. Bechtel Co.*, 43 Cal. 2d 227, 233 (1954)). Here, the IWC regulations allow on-duty meal periods "when the nature of the work prevents an employee from being relieved of all duty." Cal. Code Regs. tit. 8, §§ 11040(11)(A), 11140(11). On-duty meal periods are permissible for security officers like Plaintiff who work remotely at client accounts and must respond to safety and security threats whenever they arise. *See* www.dir.ca.gov/dlse/FAQ_MealPeriods.htm. Because the nature of this work does not change over the course of the shift, it makes no sense to permit the *first* meal period to be on duty, but then require the *second* meal period to be taken off duty. Indeed, if an *off*-duty meal period were consistent with the security guard's job duties, there would be no need

(or legal basis) for an *on*-duty meal period to be taken in the first place. *See* Cal. Code Regs. tit. 8 §§ 11040(A), 11140(11). As such, Plaintiff's argument that second meal periods must be off duty if the first meal period was on duty runs counter the underlying purpose of the regulation.[3]

### C. DLSE Guidance Interpreting Section 512 Is Not Entitled To Deference, And May Be Considered By Courts Only To The Extent That It Is Persuasive

Plaintiff may argue that the Department of Labor Standards Enforcement ("DLSE") has recently added a footnote to its *Enforcement Policies and Interpretation Manual* ("*Manual*"), supporting his view that on-duty meal periods are somehow the same as meal period waivers:

> When an employee works more than six (6) hours, there is only one set of circumstances wherein a first meal period may be waived and that is if the employee accepts, in writing, an on-duty meal period under the conditions set out in the Orders concerning the nature of the work, precluding an employee from being relieved of all duty. This provision of the IWC Orders and Labor Code §512(a) precludes two on-duty meal periods in any one day.

*See* 2002 Update of Manual § 45.2.3.1 & n.2 (rev. Mar. 2006). This footnote, which provides no further basis for its conclusion, is entitled to no weight because the California Supreme Court has held that the DLSE's *Manual* is a void regulation entitled to no deference by the courts. *See Gattuso v. Hart-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 563 (2007)[4]; *Church v. Jamison*, 143 Cal. App. 4th 1568, 1579 (2006) (statements in the 2002 DLSE Manual at issue here are entitled to "no weight"). While a court may eventually adopt the DLSE's interpretation, it may do so only if it "independently determines that the interpretation is correct." *Gattuso*, 42 Cal. 4th at 563.

In addition, when an agency's construction of a statute or regulation "'flatly contradicts'" its original interpretation, courts should not defer to the new construction. *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1106 n.7 (2007) (refusing to follow a DLSE precedent decision issued in accordance with the Government Code because the DLSE had taken the reverse position in the past). The DLSE's recent amendment to its *Manual* prohibiting two

---

[3] If accepted, Plaintiff's proffered interpretation of section 512 would essentially preclude employees who cannot take off-duty meal periods from working more than six hours in a single day. Of course, no such restriction is anywhere to be found in the statute or IWC Wage Orders.

[4] The California Supreme Court has held that all of the DLSE's interpretative polices contained in its 1989 Operation and Procedures Manual were void and due no deference because they had not been promulgated in compliance with the Administrative Procedure Act (Gov. Code § 11340 et seq.). *Tidewater Marine Western Inc. v. Bradshaw*, 14 Cal. 4th 557, 572 (1996).

on-duty meal periods in a single day flatly contradicts its prior, reasoned interpretation of section 512, issued just after the statute was passed.[5] *State Farm Mutual Auto. Ins. Co. v. Quackenbush*, 77 Cal. App. 4th 65, 75 (1999) (agency interpretations are entitled to greater weight if contemporaneous with the enactment of the statute). The DLSE Memorandum stated that an on-duty meal period was a type of meal period, and that the restrictions on waivers applied not to whether the employee was on or off duty, but rather to the "opportunity, while working if necessary, to eat his or her meal." *See* DLSE Memorandum, pp. 17-18. This Memorandum is posted to this date on the DLSE website as guidance to employers on this issue.

Not only is the DLSE *Manual* entitled to no weight as a precedential matter, but the recently-added footnote is also legally incorrect. In this footnote, the DLSE reasons that the final phrase of section 512(a), which provides that "the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived," is rendered superfluous unless an on-duty meal period is deemed to be a waiver of a meal period. *Manual* § 45.2.3.1 n.2. As the argument goes, a first meal period may be waived only if the work day will not exceed six hours. Because it is not possible for an employee who waived a first meal period to be in the position of working more than ten hours in a day, the DLSE now assumes that an on-duty meal period must be a meal period waiver in order to give meaning to the prohibition on waivers of a second meal period in the final clause of section 512(a).

The DLSE, however, ignores the fact that the IWC Wage Orders in effect at the time section 512 was passed, including Wage Order No. 4 applicable to security guards, permitted employees to waive meal periods under additional circumstances not enumerated in section 512. For example, at the time that section 512 was enacted into law, subsection 11(C) of Wage Order No. 4 provided that "[n]otwithstanding any other provision of this order, employees who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to a meal period." *See* IWC Wage Order No. 4 (1998).[6] A similar provision exists in the current version of subsection 11(D) of Wage Order No. 4, which provides that:

---

[5] In fact, the *Manual* states that unlike the situation with on-duty meal periods, there is no need for a written agreement or the opportunity to eat at all in the context of waived meal periods.
[6] 1998 Wage Order *available at* www.dir.ca.gov/iwc/Wageorders1998/IWCarticle4.html.

> Notwithstanding any other provision of this order, employees in the health care industry who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to one of their two meal periods. In order to be valid, any such waiver must be documented in a written agreement that is voluntarily signed by both the employee and the employer. The employee may revoke the waiver at any time by providing the employer at least one (1) day's written notice. The employee shall be fully compensated for all working time, including any on-the-job meal period, while such a waiver is in effect.

2001 Wage Order, *available at* www.dir.ca.gov/iwc/IWCArticle4.pdf. Thus, after passage of section 512, IWC Wage Order No. 4 specifically permits health care employees who work in excess of eight hours in a day to waive one meal period. In light of this provision, the final phrase of section 512 has an obvious and limited meaning—if the health care worker waives the first meal period pursuant to subsection 11(D), he or she cannot *also* waive the second meal period under the separate waiver provision contained in section 512 for persons who work 10 to 12 hours in a day.[7] *See* § 512(a). Section 512(a)'s prohibition on waiver of more than one meal period in a day prevents the cumulative application of two different waiver provisions. Thus, the *Manual*'s assumption that the final phrase of section 512(a) would be rendered surplusage unless on-duty meal periods were categorized as "waivers" is simply incorrect. Rather, the Legislature was simply attempting to preclude a situation in which an employee works a long shift with no meal periods whatsoever. Here, when Plaintiff worked more than ten hours, he was provided two meal periods and was paid for both.

## IV.   CONCLUSION

For the foregoing reasons, Guardsmark requests that the Court grant the instant Motion.

DATED: January 9, 2008

Respectfully Submitted,

MUNGER, TOLLES & OLSON LLP

By: /s/ Malcolm A. Heinicke
MALCOLM A. HEINICKE
Attorneys for Defendant
GUARDSMARK, LLC

---

[7] A health care worker who waives a first meal period under Wage Order 11(D) is required to take a second meal period (either on duty or off duty) if working in excess of 10 hours. Wage Order No. 4 (2000), at subsection 11(D). If that second meal period is an "on-duty meal period," the employee is entitled to be paid for that time. *Id.*