MARTIN D. BERN (State Bar No. 153203)
Martin.Bern@mto.com
MALCOLM A. HEINICKE (State Bar No. 194174)
Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
GUARDSMARK, LLC

DANIEL H. QUALLS (State Bar No. 109036)
ROBIN G. WORKMAN (State Bar No. 145810)
QUALLS & WORKMAN, L.L.P.
224 California Street, Suite 410
San Francisco, CA 94111
Telephone:   (415) 782-3660

Attorneys for Plaintiff
JOHNNY McFARLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendant. | CASE NO. CV 07-03953 PJH<br><br>**JOINT STATEMENT OF UNDISPUTED FACTS**<br><br>Judge:   Honorable Phyllis J. Hamilton |

Pursuant to this Court's Pretrial Instructions, the parties hereby submit this Joint Statement of Undisputed Facts.

IT IS HEREBY STIPULATED AND AGREED by Plaintiff and Defendant through their respective counsel of record, that the following facts may be taken as established:

1. Plaintiff Johnny McFarland is currently employed as a security guard by Defendant, Guardsmark LLC ("Guardsmark"). Plaintiff has been employed by Guardsmark in this capacity since November 2003. During his employment, Plaintiff McFarland periodically worked shifts in excess of ten (10) hours in a given day.

2. Plaintiff McFarland signed written agreements, such as Exhibit A, between McFarland and Guardsmark.

DATED: January 7, 2008.

Respectfully Submitted,

By: *(signature)*

MARTIN D. BERN
Martin.Bern@mto.com
MUNGER, TOLLES & OLSON LLP
Attorneys for Defendant, Guardsmark, LLC

DATED: January 7, 2008

Respectfully Submitted,

By: *(signature)*

ROBIN G. WORKMAN
QUALLS & WORKMAN, L.L.P.
Attorneys for Plaintiff, Johnny McFarland

# EXHIBIT A

Case 3:07-cv-03953-PJH    Document 24    Filed 01/09/2008    Page 3 of 5

**REDACTED**

**REDACTED**

# GUARDSMARK®

## MEAL PERIODS AGREEMENT

Industrial Welfare Commission Order No. 4-2000 contains the following statement regarding meal periods:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

I have read the above statement, and I agree that due to the nature of my employment as a Security Officer, at times I cannot be relieved of all duty during a meal period. I agree that when this occurs, such meal periods will be "on duty" meal periods and considered as on-the-job paid meal periods. I understand that I may, in writing, revoke this agreement at any time.

GUARDSMARK
By: *Ginger B. Jamias, HRS*
     Signature and Title
Date: 11/24/03

By: *Johnny McFarland* (EMPLOYEE)
Date: 11-18-03
Witnessed: GINGER JAMIAS
           HR Specialist

27

**GUARDSMARK**

Name: JohnnY McFARLAnD
Address: 500 Jackson St
         Street
City: FairField   State: CA   Zip Code: 94533

Company C 000600429
JOHNNY MCFARLAND
Branch Num: 500 JACKSON ST #2
FAIRFIELD  CA 94533
Employee N.

Note: This portion of the Time Record is to be filled out by Account Supervisor or Branch Personnel Only. All entries must include both Client No. and Code.

## California Weekly Time Record

Pay Period ended 7-5- 20 06

| Client No. | Client | Shift | Sun | Mon | Tues | Wed | Thur | Fri | Sat | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 124 | N.BAY Auto Auction | 12AM-8AM | | | | 8.75 | 8 | 8 | | 24.75 |
| 124 | N.BAY Auto Auction | 8pm—12AM | | | | 4 | | 4 | | 8 |
| 124 | N.BAY Auto Auction | 8AM—8pm | 12 | | | | | | 12 | 24 |

| Client No. | Code | Total Hours | Billed O.T. Hrs. | Unbilled O.T. Hrs. | Holiday H/T Hrs. | NAS H/T Hrs |
|---|---|---|---|---|---|---|
| 0724 | 01 | 56.75 | .75 | 12 | 4 | |

Was all overtime billed? Yes ☐  No ☐

Total hours for week  56.75

The above represents total hours worked by me during week specified

Mc
Manager Approval

*Johnny McFarland*
Employee Signature

**\* CODES (For Branch Use Only)**

Billed | Unbilled
01 Sec. Officer Hrs. | 14 Training
19 Training | 15 Polygraph
 | 17 Other

The Employee's file number and other information has been checked and is certified correct.

Secretary's Initials

...nderstand and agree that the nature of my work for Guardsmark as a security officer prevents me from being relieved of all duty while at my post, and thus, for purposes of relevant wage orders and regulations, I agree that an on-duty on-the-job meal period is acceptable. I further understand that Guardsmark agrees to pay me for these on-the-job meal periods as I would for normal hours of work. I further understand that I may, in writing, revoke this agreement at any time

*Johnny McFarland*
Employee Signature

©02 Guardsmark, LLC