Martin D. Bern (SBN 153203)
Martin.Bern@mto.com
Malcolm A. Heinicke (SBN 194174)
Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
GUARDSMARK, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 07-03953 PJH<br><br>**[PROPOSED] ORDER GRANTING GUARDSMARK, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    February 13, 2008<br>Time:    9:00 a.m.<br>Courtroom:    3, 17th Floor<br><br>**Judge:    Honorable Phyllis J. Hamilton** |

This matter is before the Court on Defendant Guardsmark, LLC's ("Guardsmark") Motion for Partial Summary Judgment. Guardsmark and Plaintiff seek resolution of the following purely legal question central to the instant suit: whether "on-duty meal periods" are, as Plaintiff contends, not really meal periods at all, or whether, as Guardsmark submits, "on-duty meal periods" are in fact a type of meal period. For the reasons stated below, the Court finds that on-duty meal periods do not constitute waived meal periods. Accordingly, Guardsmark's Motion for Partial Summary Judgment is GRANTED.

Plaintiff Johnny McFarland works as a security guard for Guardsmark. Neither party disputes that Plaintiff has expressly agreed to take on-duty meal periods, and that he is paid for any such on-duty meal periods that he takes. However, Plaintiff argues that Guardsmark failed to provide him with legally sufficient *second* meal periods on shifts exceeding ten hours. Plaintiff contends that California law precludes an employer from providing second on-duty meal periods to satisfy its second meal period obligation. Guardsmark disputes this position.

California Labor Code section 512 generally requires that employees working shifts of more than five hours be provided one meal period, and that employees working shifts of more than ten hours be provided a second meal period. In addition to setting this general requirement, section 512 also states that employees can "waive" their rights to meal periods subject to certain limitations, *i.e.*, employees can waive their first meal periods if their work days do not exceed six hours in total, and they can waive their second meal periods if their work days do not exceed twelve hours and the first meal period was not waived. In essentially identical terms, the associated California regulations (the "Wage Orders") state that employees must be provided meal periods if they work in excess of five hours, but that they can waive such meal periods if their work day does not exceed six hours. *See* Cal. Code Regs., tit. 8, § 11040(11) (2007). Critically, however, in addition to establishing these limitations on the outright waiver of meal period rights, these regulations separately establish that an employer can satisfy its obligation to provide meal periods by providing on-duty meal periods, if those on-duty periods are consistent with the nature of the work, compensated, and expressly consented to by the employee. *See id.*

This issue can therefore be resolved simply by looking at the plain language of the relevant statute and regulation. *See Welch v. Oakland Unified Sch. Dist.*, 91 Cal. App. 4th 1421, 1431 (2001) ("[I]f the language [of the statute] is clear, there can be no room for interpretation, and effect must be given to its plain meaning."). Here, the plain language contained in section 512 and the Wage Order No. 4 is unambiguous: An on-duty meal period is a type of meal period that can satisfy an employer's meal period obligation; it is not a waiver. Accordingly, because on-duty meal periods are meal periods, they are not subject to the same limitations as waived meal periods. This conclusion is also supported by a Memorandum from the State Labor Commissioner and her Chief Counsel stating that "[t]he term 'meal period' includes both the on-duty paid and off-duty unpaid variety." *See* Memorandum "*Understanding AB 60: An In Depth Look at the Provisions of the 'Eight Hour Day Restoration and Workplace Flexibility Act of 1999,*'" (Dec. 23, 1999).

Finally, because the nature of the work performed by an employee does not change over the course of a single shift, it makes no sense to permit the *first* meal period to be on duty, but then require the *second* meal period to be taken off duty. Indeed, if an *off*-duty meal period were consistent with the employee's duties, there would be no need (or legal basis) for an *on*-duty meal period to be taken in the first place. *See* Cal. Code Regs. tit. 8 §§ 11040(A), 11140(11). As such, Plaintiff's argument that second meal periods must be off duty if the first meal period was on duty runs counter the underlying purpose of the regulation.

Accordingly, Guardsmark's Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: _____, 2008

_____
Honorable Phyllis J. Hamilton
United States District Court Judge

1250247.1                                   − 2 −
[Proposed] Order Granting Guardsmark, LLC's Mot. For
Partial Summary Judgment; Case No. CV 07-03953 PJH