Daniel H. Qualls (Bar # 109036)
Robin G. Workman (Bar # 145810)
**QUALLS & WORKMAN, L.L.P.**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660

David Sanford, D.C. Bar No. 457933
Angela Corridan, D.C. Bar No. 492978
**Sanford, Wittels & Heisler, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**Law Offices of Grant E. Morris**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

Attorneys for Plaintiff Johnny McFarland,
and all others similarly situated.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV 07-03953 PJH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: 2/13/08<br>Time: 9:00 a.m.<br>Ctrm: 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

## I.    INTRODUCTION

Guardsmark's motion ignores one, deciding, fact. When an employee "agrees" to an on-duty meal period, the employee waives his or her right to an off-duty meal period. By entering into this "agreement," the employee also waives his or her right to the extra hour of compensation provided for in Labor Code section 226.7. While there is no dispute that an "on-duty" meal period is a "type" of meal period as Guardsmark asserts, it is also true that by agreeing to this "type" of

meal period, the employee waives two important pre-existing rights: the right to be off-duty for the meal period and the right to compensation for not being relieved of all duty during the meal period. Labor Code section 512 and section 11 of the applicable Wage Order make clear that an employee can only waive their right to one off-duty meal period a day. Again, no linguistic gymnastics can change this truism.

If section 512 clearly permits an employ to work more than ten (10) hour shifts without ever being relieved of duty for meal periods as Guardsmark asserts, then one would assume that the Legislature that enacted section 512 would be aware of this allowance. Being so aware, there would be no need for the Legislature to propose an amendment to section 512 to allow that which Guardsmark asserts section 512 already provides. But, this is not the case. To the contrary, recognizing that no law permits what Guardsmark seeks, currently pending before the Legislature is a proposed amendment that would amend section 512 to specifically provide that an employee can agree to two on-duty meal periods in one day.

Assembly Bill No. 1711[1] seeks to amend Labor Code section 512. Under section (4), at lines 36-38, the proposed amendment provides: "An employee who is eligible for an on-duty meal may have a second on-duty meal period provided that he or she remains eligible for an on-duty meal period." If what Guardsmark asserts is true, there would be no need for the proposed amendment. The only conceivable reason for the proposed amendment is because neither section 512 nor the applicable Wage Order allows an employee to "agree" to waive their right to an off-duty meal period twice in one day.

This fact is also evident from the clear wording of section 11(C) of the Wage Order. This section, that is the only section mentioning the allowance for an "on-duty" meal period, always refers to this allowance in the singular, stating that an employee may agree to "an" on-duty meal period. This singular reference is consistent with the prohibition in section 512 against an employee waiving his or her right to an off-duty meal period more than once a day. Guardsmark

---

[1] Plaintiffs request that the Court take Judicial Notice of AB No. 1711. The Court can find this Bill at www.leginfo.ca.gov under the Bill Information icon.

can point to no governing statute or order that speaks of an allowance for more than one on-duty meal period in a given day. This is so because no such allowance exists.

## I.  LEGAL ARGUMENT

### A.  Plaintiff Agrees That California Rules of Statutory Construction Apply

Plaintiff agrees with Guardsmark's recitation of jurisprudential nuggets regarding interpretation of statutes. Plaintiff also agrees with Guardsmark's recognition that California rules of construction apply here. See In re First T.D. & Investment, Inc. Chang, 253 F.3d 520, 527 (9th Cir. 2001). Unfortunately, Guardsmark fails to mention the most pertinent rule of statutory construction: courts must interpret remedial statutes and wage orders liberally to give effect to their remedial purpose. The California Supreme Court, some time ago, made this fundamental rule of interpretation quite clear, stating:

> in light of the remedial nature of the legislative enactments authorizing the regulation of wages, hours and working conditions for the protection and benefit of employees, the statutory provisions are to be liberally construed with an eye to promoting such protection. As the court observed in California Grape etc. League, supra, 268 Cal. App. 2d 692, 698; 'Remedial statutes such as those under consideration [i.e., the statutes governing the adoption of wage orders] are to be liberally construed. [Citation.] They are not construed within narrow limits of the letter of the law, but rather are to be given liberal effect to promote the general object sought to be accomplished . . . . [para. ]

Industrial Welfare Comm'n v. Superior Court, 27 Cal. 3d 690, 702-703 (1980). The California Supreme Court affirmed this basic tenet of statutory construction in Ramirez v. Yosemite Water Co., 20 Cal. 4th 785, 794 (1999)(*quoting* Industrial Welfare Comm'n).

In its moving papers, Guardsmark ignores the Valles v. Ivy Hill Corp., 410 F.3d 1071, 1077 (9th Cir. 2005), decision. This decision is dispositive on the issues before this Court. The Valles court recognized the "object sought to be accomplished" by the remedial statutes at issue: a work-free meal period. Explaining the importance of meal breaks, the Valles court stated "[m]eal periods are designed to protect individual employees, [and] address some of 'the most basic demands of an employee's health and welfare' [citation], and *Labor Code section 219, subdivision*

*(a)* makes them 'plainly nonnegotiable.'" 410 F.3d at 1081-1082. The court iterated the goal of the Industrial Welfare Commission was to protect work free meal periods, stating:

> For over half a century, the Industrial Welfare Commission ("IWC") -- the state agency responsible for promulgating regulations that govern wages, hours, and working conditions in California -- has guaranteed *work-free meal periods* to manufacturing workers in California, including those covered by collective bargaining agreements, pursuant to its authority under § 1173 of the Labor Code. See IWC Wage Order 1-2001, Cal. Code Regs. tit. 8 § 11010 (2005); California Manufacturers Assn. v. Industrial Welfare Com., 167 Cal. Rptr. 203, 215, 109 Cal. App. 3d 95 (1980); see also IWC v. Superior Court, 27 Cal. 3d 690, 613 P.2d 579, 601, 166 Cal. Rptr. 331 (1980) (in bank). 410 F.3d at 1077. (Emphasis added).

The interpretation of section 512 and section 11 of the Wage Order offered by Guardsmark does just the opposite of what the California Supreme Court and the Ninth Circuit instruct. The clear intent of these statutes is to afford employees rest during their meal breaks, by assuring that they are work free. Rather than interpreting these statutes broadly to assure their remedial nature, Guardsmark's construction eviscerates any protections afforded work-free meal periods to which employees are entitled as of right by statute. Guardsmark in effect argues that the clear statutory right to an off-duty meal period is no right at all. Hence, Guardsmark reasons that an agreement to an on-duty meal period waives nothing and, therefore, the prohibition against meal period waivers contained in section 512 does not apply. This restrictive interpretation is contrary to that which the court is required to perform to insure the remedial purpose of the meal period statute, i.e., to protect the right to work-free meal periods.

**B.    Plaintiff Agrees With Guardsmark's Definition of Waiver**

Citing the renowned treatise, Black's Law Dictionary, Guardsmark asserts that the word "waive" means "[t]o abandon, renounce, or surrender (a claim, privilege, or right); to give up (a right or claim) voluntarily." (8th ed. 2004). Plaintiff agrees with this definition. Plaintiff disagrees, however, with Guardsmark's illogical leap that an on-duty meal period waives nothing. This is simply not true. Clearly, by agreeing to an "on-duty" meal period an employee "abandons,

renounces and surrenders," i.e., "gives up," his or her right to an off-duty meal period. There is simply no way that Guardsmark can argue to the contrary.

The central flaw in Guardsmark's reasoning lies in its assertion that off-duty *and* on-duty meal periods exist at the same time. They do not. They are mutually exclusive, one existing as a matter of law and statutory right, the other existing only when an employee relinquishes a statutory right. An employee is entitled to an off-duty meal period as a matter of law the moment employment begins. Cal. Code Regs. tit. 8 § 11040   Absent an agreement to the contrary, this right is absolute. An on-duty meal period exists *only* if and when an employee agrees to abandon and surrender his pre-existing right to an off-duty meal period break and accept in its place an on-duty meal break. This agreement is not only clearly a waiver of the right to an off-duty meal period, it can *only* be so.

### C.  DLSE Pronouncements Support Plaintiff's Position

Again, Plaintiff agrees with Guardsmark's citations to the level of deference a court may give DLSE manuals and memos. Guardsmark, however, cannot selectively choose what pronouncements it wishes the Court to adopt and those it wishes the Court to ignore: "In for a penny, in for a pound as they say." The California Supreme Court in Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 563 (2007), instructed us all that a court may adopt a DLSE interpretation if the court determines that the interpretation is correct.

Wanting to have its cake and eat it too, Guardsmark desires this Court to somehow adopt an alleged interpretation that the DLSE issued in 1999, that did not in any manner address the question before this Court, but ignore a DLSE interpretation in 2002 that directly addresses the question. In 1999, the question that the DLSE answered was whether the passage of AB 60 "prohibits on-duty meal periods" in any circumstance. The DLSE answered that question in the negative. One cannot find a single passage in the twenty (20) page memorandum to which Guardsmark refers that even hints at the question before this Court, i.e., can an employee waive his or her right to an off-duty meal period more than one time in a single day.

When the DLSE addressed the specific question before this Court in 2002, it answered the question in the negative. Recognizing that agreeing to an on-duty meal period is a waiver of an

employee's right to an off-duty meal period, the DLSE confirmed section 512's prohibition against such a circumstance occurring more than once in the same day stating:

> When an employee works more than six (6) hours, there is only one set of circumstances wherein a first meal period may be waived and that is if the employee accepts, in writing, an on-duty meal period under the conditions set out in the Orders concerning the nature of the work, precluding an employee from being relieved of all duty. This provision of the IWC Orders and Labor Code § 512(a) precludes two on-duty periods in any one day.

This DLSE interpretation is the only reasonable interpretation of the dictates of section 512 and the allowance for "an" on-duty meal period in the Wage Orders. Section 512 clearly contemplates a meal period to be one where the employee is relieved of all duty, as this is the employee's statutory right. Any waiver of the statutory right to an off-duty meal period may occur only once in a given day. In like vein, sections 11 (A) and (B) of the Wage Order similarly contemplate a meal period to be one in which an employee is relieved of all duty. When an employee "agrees" to an on-duty meal period, this is clearly a waiver of the right to an "off-duty" meal period. In section 11(C), where the IWC discusses the allowance for "an" on-duty meal period, it does so only in the singular. This singular reference is perfectly consistent with the prohibition in section 512 against an employee waiving his or her right to an off-duty meal period more than once in a given day.

Again, Guardsmark cannot point to a single statute that specifically states "an employee may agree to two on-duty meal periods in a given day." If such a provision existed, there would be no need for proposed bill AB 1711. See <u>Kramer v. Intuit Inc.</u>, 121 Cal. App. 4th 575, 579 (2004)(subsequent enactment helpful in discerning legislative intent). Guardsmark, not Plaintiff, is the one engaging in tortured statutory construction to accomplish its goal of allowing "agreements" whereby employees work over ten (10) hours a day and are never relieved of all duty and are not compensated for this fact as required by section 226.7. Labor Code section 219 simply prohibits any such "agreements."

## II. **CONCLUSION**

The California Supreme Court instructs us that the regulation of wages, hours and working conditions at issue before this Court are "for the protection and benefit of employees," not for the economic convenience of the employer. As such, courts must interpret the statutory provisions liberally, "with an eye to promoting such protection." In its moving papers, Guardsmark ignores the purpose behind section 512 and the Wage Order protections regarding meal periods. Indeed, Guardsmark does not cite to the purpose of these statutes at all. This failure can only be because Guardsmark's restrictive interpretation it seeks this Court to adopt is at odds with this purpose. Requiring employees to work more than ten (10) hours in a single day without ever being relieved of duty does not protect the employees. This interpretation does nothing to foster the goal and purpose of the IWC to assure workers get work-free meal periods. Rather, the interpretation proffered benefits only the employer, as it frees the employer from compensating the employee if the employer fails to relieve the employee of all duty for at least one of the meal periods in a given day.

As such, Plaintiff respectfully requests that this Court deny Guardsmark's motion for partial summary judgment.

Date: January 18, 2008                                QUALLS & WORKMAN, L.L.P.

                                            By:    /S/ Robin G. Workman
                                                   Robin G. Workman
                                                   Attorneys for Plaintiff Johnny McFarland,
                                                   and all others similarly situated.

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a member of the bar of this court. I am over the age of eighteen years and not a party to the within action. My business address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco, California.

October 25, 2007, I served a true and correct copy of the **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** electronically. I caused said documents to be transmitted using ECF as specified by General Order No. 45 to the following parties:

Martin D. Bern
Munger Tolles & Olson LLP
560 Mission Street
Twenty-seventh Floor
San Francisco, CA 94105-2907
bernmd@mto.com

Malcolm A. Heinicke
Munger Tolles & Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105-2907
heinickema@mto.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 18, 2008, at San Francisco, California.

/S/ Robin G. Workman