Daniel H. Qualls (Bar # 109036)
Robin G. Workman (Bar # 145810)
**QUALLS & WORKMAN, L.L.P.**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660

David Sanford, D.C. Bar No. 457933
Angela Corridan, D.C. Bar No. 492978
**Sanford, Wittels & Heisler, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**Law Offices of Grant E. Morris**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

Attorneys for Plaintiff Johnny McFarland,
and all others similarly situated.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV 07-03953 PJH<br><br>REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: 2/13/08<br>Time: 9:00 a.m.<br>Ctrm: 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

Plaintiff hereby requests the Court take judicial notice of the following documents:

1. California Legislature Assembly Bill No. 1711, attached hereto as Exhibit A.

Date: January 17, 2008

QUALLS & WORKMAN, L.L.P.

By: /S/ Robin G. Workman
Robin G. Workman
Attorneys for Plaintiff Johnny McFarland,
and all others similarly situated.

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am a member of the bar of this court. I am over the age of eighteen years and not a party to the within action. My business address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco, California.

October 25, 2007, I served a true and correct copy of the **REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** electronically. I caused said documents to be transmitted using ECF as specified by General Order No. 45 to the following parties:

Martin D. Bern
Munger Tolles & Olson LLP
560 Mission Street
Twenty-seventh Floor
San Francisco, CA 94105-2907
bernmd@mto.com

Malcolm A. Heinicke
Munger Tolles & Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105-2907
heinickema@mto.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 18, 2008, at San Francisco, California.

/S/ Robin G. Workman

# EXHIBIT A

AMENDED IN SENATE SEPTEMBER 7, 2007

AMENDED IN ASSEMBLY APRIL 10, 2007

CALIFORNIA LEGISLATURE—2007–08 REGULAR SESSION

## ASSEMBLY BILL    No. 1711

Introduced by ~~Committee on Labor and Employment (Swanson (Chair), DeSaulnier, Galgiani, Laird, Leno, and Ruskin)~~ *Assembly Member Levine*

February 28, 2007

~~An act to amend Section 6330 of the Labor Code, relating to occupational injury or illness.~~ *An act to amend Sections 218.5, 512, 514, 515.5, and 1194 of, and to add Sections 7.5 and 226.9 to, the Labor Code, relating to employment.*

LEGISLATIVE COUNSEL'S DIGEST

AB 1711, as amended, ~~Committee on Labor and Employment~~ *Levine*. Employment ~~safety~~: *wages and hours*.

*Under existing law, the prevailing party, with certain exceptions, is entitled to an award of attorney's fees in an action brought for nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, or in an action brought for underpayment of the minimum wage or overtime compensation.*

*This bill would add expert witness fees to the prevailing party in any such recovery.*

*Existing law requires an employer to provide an employee who works more than 5 hours per day with a meal period of not less than 30 minutes, unless the employee's total daily work period is not more than 6 hours, in which case it may be waived by mutual agreement. An employee working more than 10 hours per day must be provided with*

97

*a second meal period of not less than 30 minutes, unless the total daily work period does not exceed 12 hours, in which case the 2nd meal period may be waived by mutual agreement only if the first meal period was not waived.*

This bill would require that the first of these meal periods must be completed before the end of the 6th hour of work. The bill also would permit an employer and employee to agree to on-duty meal periods, as specified, and subject to certain specified conditions. The bill would further provide that these provisions relating to meal periods would not apply to any employee covered by a collective bargaining agreement that expressly provides for employee meal periods, among other specified working conditions. The bill would also provide that where a collective bargaining agreement exists, any authorized individual waivers of an employer must be exercised by the employee's authorized representative for collective bargaining purposes. Additionally, the bill would require all private and public employers to pay their employees an additional hour of compensation for each split shift day worked, as defined.

Existing law requires that an employee in the computer software field be exempt from the requirement that an overtime rate of compensation be paid if certain conditions are met, including a requirement that the employee's hourly rate of pay is not less than $41.00 or the annualized full-time salary equivalent of that rate, provided that all the other requirements for exemption are met and that in each workweek the employee receives not less than $41.00 per hour worked.

This bill would decrease the threshold hourly rate of pay from $41.00 to $36.00 for purposes of that exemption.

~~Existing law requires the Director of Industrial Relations to prepare and submit to the Legislature an annual report, containing specific information on the activities of the Division of Occupational Safety and Health.~~

~~This bill would require that the report include a summary of the activities of all advisory committees convened by the division or the Occupational Safety and Health Standards Board.~~

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: no.

*The people of the State of California do enact as follows:*

1     SECTION 1. Section 7.5 is added to the Labor Code, to read:

1  *7.5. Where a collective bargaining agreement exists, all*
2  *individual waivers authorized by this code and the Wage Orders*
3  *of the Industrial Welfare Commission shall be exercised by the*
4  *individual's authorized representative for purposes of collective*
5  *bargaining. This section is declaratory of existing law.*
6  SEC. 2. Section 218.5 of the Labor Code is amended to read:
7  218.5. In any action brought for the nonpayment of wages,
8  fringe benefits, or health and welfare or pension fund contributions,
9  the court shall award reasonable attorney's fees and costs, *including*
10 *expert witness fees*, to the prevailing party if any party to the action
11 requests attorney's fees and costs upon the initiation of the action.
12 This section shall not apply to an action brought by the Labor
13 Commissioner. This section shall not apply to a surety issuing a
14 bond pursuant to Chapter 9 (commencing with Section 7000) of
15 Division 3 of the Business and Professions Code or to an action
16 to enforce a mechanics lien brought under Chapter 2 (commencing
17 with Section 3109) of Title 15 of Part 4 of Division 3 of the Civil
18 Code.
19 This section does not apply to any action for which attorney's
20 fees are recoverable under Section 1194.
21 SEC. 3. Section 226.9 is added to the Labor Code, to read:
22 *226.9. (a) For purposes of this section, "split shift" means a*
23 *work schedule that is interrupted by a nonpaid, nonworking period*
24 *or periods established by an employer, other than bona fide rest*
25 *or meal periods provided pursuant to Section 512 of the Labor*
26 *Code or mandated by an applicable order of the Industrial Welfare*
27 *Commission*
28 *(b) If an employee works a split shift, the affected employee*
29 *shall be entitled to one additional hour of compensation at his or*
30 *her regular rate of pay for each split shift day worked,*
31 *notwithstanding his or her regular wage rate.*
32 *(c) This section applies to all employees, including those*
33 *employees directly employed by any public entity, including, but*
34 *not limited to, any county, incorporated city, town, other municipal*
35 *corporation, or the State of California.*
36 SEC. 4. Section 512 of the Labor Code is amended to read:
37 512. (a) An employer may not employ an employee for a work
38 period of more than five hours per day without providing the
39 employee with a meal period of not less than 30 minutes, except
40 that if the total work period per day of the employee is no more

AB 1711 — 4 —

1  than six hours, the meal period may be waived by mutual consent
2  of both the employer and employee. *The meal period shall be*
3  *completed before the end of the sixth hour of work.* An employer
4  may not employ an employee for a work period of more than 10
5  hours per day without providing the employee with a second meal
6  period of not less than 30 minutes, except that if the total hours
7  worked is no more than 12 hours, the second meal period may be
8  waived by mutual consent of the employer and the employee only
9  if the first meal period was not waived.
10  ~~(b) Notwithstanding subdivision (a), the Industrial Welfare~~
11  ~~Commission may adopt a working condition order permitting a~~
12  ~~meal period to commence after six hours of work if the commission~~
13  ~~determines that the order is consistent with the health and welfare~~
14  ~~of the affected employees.~~
15  *(b) An on-duty meal period shall be permitted only when it is*
16  *mutually agreed to in writing by an employer and employee and*
17  *the nature of the work prevents an employee from being relieved*
18  *of all duty based on at least one of the following conditions:*
19  *(1) Where the employee works alone or is the only person in*
20  *his or her job classification who is on duty and there are no other*
21  *employees who can reasonably relieve him or her of all duties.*
22  *(2) Where state or federal law imposes a requirement that the*
23  *employee not be relieved of all duties.*
24  *(3) Where the employee is the only person on duty who is*
25  *licensed to perform work for which a license is required by*
26  *applicable state or federal law.*
27  *(4) Where the employee works in an isolated location and the*
28  *circumstances of the workplace make it unreasonable for him or*
29  *her to be relieved of all duties.*
30  *An on-duty meal period shall be counted as time worked. All*
31  *employees who are eligible for and agree to on-duty meal periods*
32  *shall be allowed to eat. Where an on-duty meal period agreement*
33  *is executed between an employer and an employee, the employee*
34  *has the right to revoke at any time and the employer is obligated*
35  *to notify the employee of that right upon execution of agreement.*
36  *An employee who is eligible for an on-duty meal may have a second*
37  *on-duty meal period provided that he or she remains eligible for*
38  *an on-duty meal period. Piece rate employees shall not be eligible*
39  *for on-duty meal periods unless they are paid their average piece*
40  *rate wage during the meal period.*

97

(c) Subdivision (a) does not apply to an employee in the wholesale baking industry who is subject to an Industrial Welfare Commission wage order and who is covered by a valid collective bargaining agreement that provides for a 35-hour workweek consisting of five seven-hour days, payment of 1 and ½ the regular rate of pay for time worked in excess of seven hours per day, and a rest period of not less than 10 minutes every two hours.

(d) If an employee in the motion picture industry or the broadcasting industry, as those industries are defined in Industrial Welfare Commission Wage Orders 11 and 12, is covered by a valid collective bargaining agreement that provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement, then the terms, conditions, and remedies of the agreement pertaining to meal periods apply in lieu of the applicable provisions pertaining to meal periods of subdivision (a) of this section, Section 226.7, and Industrial Welfare Commission Wage Orders 11 and 12.

SEC. 5. *Section 514 of the Labor Code is amended to read:*

514. *(a)* Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

*(b) Sections 512 (a) and (b) do not apply to any employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.*

SEC. 6. *Section 515.5 of the Labor Code is amended to read:*

515.5. (a) Except as provided in subdivision (b), an employee in the computer software field shall be exempt from the requirement that an overtime rate of compensation be paid pursuant to Section 510 if all of the following apply:

AB 1711      — 6 —

1  (1) The employee is primarily engaged in work that is
2 intellectual or creative and that requires the exercise of discretion
3 and independent judgment.
4  (2) The employee is primarily engaged in duties that consist of
5 one or more of the following:
6  (A) The application of systems analysis techniques and
7 procedures, including consulting with users, to determine hardware,
8 software, or system functional specifications.
9  (B) The design, development, documentation, analysis, creation,
10 testing, or modification of computer systems or programs, including
11 prototypes, based on and related to user or system design
12 specifications.
13  (C) The documentation, testing, creation, or modification of
14 computer programs related to the design of software or hardware
15 for computer operating systems.
16  (3) The employee is highly skilled and is proficient in the
17 theoretical and practical application of highly specialized
18 information to computer systems analysis, programming, and
19 software engineering. A job title shall not be determinative of the
20 applicability of this exemption.
21  (4) The employee's hourly rate of pay is not less than ~~forty-one~~
22 *thirty-six* dollars ~~($41.00)~~ *($36.00)*, or the annualized full-time
23 salary equivalent of that rate, provided that all other requirements
24 of this section are met and that in each workweek the employee
25 receives not less than ~~forty-one~~ *thirty-six* dollars ~~($41.00)~~ *($36.00)*
26 per hour worked. The Division of Labor Statistics and Research
27 shall adjust this pay rate on October 1 of each year to be effective
28 on January 1 of the following year by an amount equal to the
29 percentage increase in the California Consumer Price Index for
30 Urban Wage Earners and Clerical Workers.
31  (b) The exemption provided in subdivision (a) does not apply
32 to an employee if any of the following apply:
33  (1) The employee is a trainee or employee in an entry-level
34 position who is learning to become proficient in the theoretical
35 and practical application of highly specialized information to
36 computer systems analysis, programming, and software
37 engineering.
38  (2) The employee is in a computer-related occupation but has
39 not attained the level of skill and expertise necessary to work
40 independently and without close supervision.

(3) The employee is engaged in the operation of computers or in the manufacture, repair, or maintenance of computer hardware and related equipment.

(4) The employee is an engineer, drafter, machinist, or other professional whose work is highly dependent upon or facilitated by the use of computers and computer software programs and who is skilled in computer-aided design software, including CAD/CAM, but who is not in a computer systems analysis or programming occupation.

(5) The employee is a writer engaged in writing material, including box labels, product descriptions, documentation, promotional material, setup and installation instructions, and other similar written information, either for print or for onscreen media or who writes or provides content material intended to be read by customers, subscribers, or visitors to computer-related media such as the World Wide Web or CD-ROMs.

(6) The employee is engaged in any of the activities set forth in subdivision (a) for the purpose of creating imagery for effects used in the motion picture, television, or theatrical industry.

SEC. 7. *Section 1194 of the Labor Code is amended to read:*

1194. (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit, *including expert witness fees.*

(b) The amendments made to this section by Chapter 825 of the Statutes of 1991 shall apply only to civil actions commenced on or after January 1, 1992.

SECTION 1. Section 6330 of the Labor Code is amended to read:

6330. (a) The director shall prepare and submit to the Legislature, not later than March 1, an annual report on the division activities. The report shall include, but need not be limited to, the following information for the previous calendar year:

(1) The amount of funds allocated and spent in enforcement, education and research, and administration by the division.

(2) The total inspections made, and the total citations issued by the division.

**AB 1711**  — 8 —

1 ~~(c)(3) The number of civil penalties assessed, the total amount~~
2 ~~of fines collected, and the number of appeals heard.~~
3 ~~(4) The number of contractors referred to the Contractor's State~~
4 ~~License Board for hearing, pursuant to Section 7109.5 of the~~
5 ~~Business and Professions Code, and the total number of these cases~~
6 ~~resulting in suspension or revocation of a license.~~
7 ~~(5) The report from the division prepared by the Bureau of~~
8 ~~Investigations for submission to the director pursuant to Section~~
9 ~~6315.3.~~
10 ~~(6) Recommendations for legislation that improve the ability~~
11 ~~of the division to provide safety in places of employment.~~
12 ~~(7) A summary of the activities of all advisory committees~~
13 ~~convened by the division or the Occupational Safety and Health~~
14 ~~Standards Board, including information on any specific actions~~
15 ~~taken by the division or the board based on the activity of an~~
16 ~~advisory committee.~~
17 ~~(b) The report shall be made to the Speaker of the Assembly~~
18 ~~and the Chair of the Senate Committee on Rules, for assignment~~
19 ~~to the appropriate committee or committees for evaluation.~~

O