Martin D. Bern (SBN 153203)
  *Martin.Bern@mto.com*
Malcolm A. Heinicke (SBN 194174)
  *Malcolm.Heinicke@mto.com*
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
GUARDSMARK, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV 07-3953 PJH<br><br>**DEFENDANT GUARDSMARK, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN REPLY TO PLAINTIFF'S OPPOSITION TO GUARDSMARK'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    February 13, 2008<br>Time:    9:00 a.m.<br>Courtroom: 3, 17th Floor<br><br>**Judge:   Honorable Phyllis J. Hamilton** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT .................................................. 1

II. ARGUMENT ........................................................................................................................ 3

    A. The Plain Text of Section 512 Precludes Plaintiff's Waiver Argument ................. 3

    B. On-Duty Meal Periods Are Not "Waived" Meal Periods For Purposes of Labor Code Section 512 ............................................................................................ 4

        1. Neither the Wage Order Nor Section 226.7 Establish That On-Duty Meal Periods Are Waivers ................................................................................ 4

        2. *Valles* Does Not Establish That Meal Periods Must Be Work Free ........... 6

        3. Plaintiff's Cases Involving Only Off-Duty Meal Periods Are Off Point ............................................................................................................ 7

    C. The Arguments Asserted In Plaintiff's Opposition Do Not Establish That On-Duty Meal Periods Are Section 512 Waivers ...................................................... 8

        1. The Alleged Presumption Does Not Apply or Trump the Wage Order ............................................................................................................. 8

        2. AB 1711 Does Not Support Plaintiff's Position ......................................... 9

        3. The Wage Order's Use of the Singular "Meal Period" Is Not Telling ......................................................................................................... 9

        4. The DLSE's Policy Manual Is A Void Regulation, and the Court Should Reject Its Self-Contradictory Position .......................................... 10

III. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Aguilar v. Ass'n for Retarded Citizens,*
  234 Cal. App. 3d 21 (1991)..........................................................................................5

*Cicairos v. Summit Logistics, Inc.,*
  133 Cal. App. 4th 949 (2005).......................................................................................7

*Corder v. Houston's Rests. Inc.,*
  424 F. Supp. 2d 1205 (C.D. Cal. 2006)........................................................................5

*Cornn v. UPS, Inc.,*
  No. C 03-2001 TEH, 2005 WL 588431 (N.D. Cal. Mar. 14, 2005) .............................7

*Dyna-Med Inc. v. Fair Employment & Hous. Comm'n,*
  43 Cal. 3d 1379 (1987) ................................................................................................9

*Gattuso v. Hart-Hanks Shoppers, Inc.,*
  42 Cal. 4th 554 (2007) ...............................................................................................10

*Grupe Dev. Co. v. Superior Court,*
  4 Cal. 4th 911 (1993) ...............................................................................................3, 9

*Johnson v. County of Fresno,*
  111 Cal. App. 4th 1087 (2003).....................................................................................4

*Kramer v. Intuit, Inc.,*
  121 Cal. App. 4th 575 (2004).......................................................................................9

*Lanzarone v. Guardsmark Holdings, Inc.,*
  No. CV06-1136 RPLAX, 2006 WL 4393465 (C.D. Cal. Sept. 7, 2006).................7, 8

*National Steel and Shipbuilding Company, et al. v. Superior Court,*
  135 Cal. App. 4th 1072 (2006), *superseded on other grounds* 132 P.3d 1166..........5

*People v. McKay,*
  27 Cal. 4th 601 (2002) .................................................................................................4

*Perez v. Safety-Kleen Sys.Inc.,*
  Nos. C 05-5338 PJH, C 07-0886 PJH, 2007 WL 1848037 (N.D. Cal. June 27,
  2007) ............................................................................................................................7

*Prachasaisoradej v. Ralphs Grocery Co., Inc.,*
  42 Cal.4th 217 (2007) ..................................................................................................8

*Valles v. Ivy Hill Corp.,*
  410 F.3d 1071 (9th Cir. 2005)..............................................................................2, 6, 7

*Warmington Old Town Assocs., L.P. v. Tustin Unified Sch. Dist.,*
  101 Cal. App. 4th 840 (2002).......................................................................................9

*West v. Circle K Stores, Inc.,*
  No. CIV. S-04-0438 WBS GGH. 2006 WL 1652598 (E.D. Cal. June 13, 2006).......7

**STATE CASES**

8 C.C.R. § 11040(11).............................................................................................................3, 10

Cal. Labor Code § 226.7(a)........................................................................................................2

Cal. Labor Code § 512(a)...........................................................................................................1

**TABLE OF AUTHORITIES**
(continued)

Page

**CASES**

*Black's Law Dictionary* 1611 (8th ed. 2004) ................................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

The pending cross-motions for partial summary judgment present the same question: whether an on-duty meal period is a "waived" meal period, or whether, as the name suggests, an on-duty meal period is actually a type of "meal period" for purposes of California Labor Code section 512. Critically, Plaintiff concedes that "an 'on-duty' meal period is a 'type' of meal period as Guardsmark asserts." Plft's Opp. at 1. This concession is dispositive because section 512(a) provides only that an employer "may not employ an employee for a work period of more than five hours per day without providing the employee with *a meal period* of not less than 30 minutes." Cal. Labor Code § 512(a) (emphasis added). And, the portion of section 512 on which Plaintiff bases his whole argument affects second meal periods only when the employee waives his or her initial right to "a meal period," *i.e.*, he or she altogether waives the right to any type of first meal period. *Id.* Neither section 512 nor the applicable Wage Order state that a meal period cannot be on-duty; instead, the Wage Orders specifically allow on-duty meal periods. Because an on-duty meal period is a type of (paid) meal period, the agreement to this type of meal periods is not a waiver of the meal period right. And, since such agreements are not waivers for purposes of section 512, they are not subject to the limitations on waivers in section 512; in particular, the last sentence of section 512(a), which precludes the outright waiver of two meal periods in one day, does not prevent an employee from agreeing to two on-duty meal periods in one shift.

Plaintiff nevertheless asserts that an on-duty meal period is a "waiver" of an employee's right to an "off-duty" meal period. Plaintiff then claims that this "waiver" is the same as a section 512 waiver, and thus "an employee can only waive their right to one off-duty meal period in a given day." Pltf's Opp. at 2. This argument finds no support in the law on which Plaintiff relies.

First, section 512 nowhere states that an employee can agree to take only one on-duty meal period per day. Section 512 addresses an employee's "first meal period" and "second meal period" without distinguishing between "on-duty" or "off-duty" periods. Had the Legislature sought to restrict employees from agreeing to take more than one on-duty meal period in a day, it could easily have included language to that effect in the statute. It did not.

Second, Plaintiff asserts that an on-duty meal period must be deemed the same as a section 512 "waiver" because Labor Code section 226.7 otherwise provides employees with (1) work-free meal periods, and (2) a right to receive payment of a penalty for an employer's failure to provide an off-duty meal period. Pltf's Mot. at 1. Section 226.7(a), however, merely provides that "[n]o employer shall *require* any employee to work during any meal or rest period mandated by an applicable order of the [IWC]." Cal. Labor Code § 226.7(a) (emphasis added). Nothing in section 226.7 prohibits an employee from *agreeing* to remain on call during paid, on-duty meal periods, as Plaintiff did in this case. Additionally, section 226.7(b) provides that payment of the one-hour wage premium applies only when "an employer fails to provide an employee a meal period or rest period *in accordance with an applicable order of the [IWC]*." (emphasis added). Section 11(C) of the Wage Order clearly permits on-duty meal periods, and so there is no basis for the section 226.7 remedy when, as here, on-duty meals are provided per the Wage Order.[1]

Third, Plaintiff relies on *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1077 (9th Cir. 2005), for the proposition that meal periods must be work-free, and this is "non-negotiable" pursuant to Labor Code section 219. From this, Plaintiff argues that on-duty meal periods must constitute waivers. *Valles* held that employees could not, through collective bargaining agreements, agree to terms that were inconsistent with the applicable statutes and IWC Wage Order. *Valles* did not, however, address the propriety on-duty meal period agreements because the employer conceded that such meal periods were not proper under the facts of that case. Indeed, Plaintiff's attempt to apply *Valles* here also proves too much: Plaintiff concedes that a *first* meal period may be taken on-duty, thereby precluding his argument that all meal periods must be "work-free." In addition, *Valles* held that "the right to *meal periods* is a generally applicable labor standard that is not subject to waiver by agreement." *Id.* at 1081 (emphasis added). This general meal period requirement can be satisfied by either on-duty or off-duty meal periods per the Wage Order.

///

---

[1] Plaintiff's argument that Labor Code Section 219 precludes plaintiff from agreeing to forego compensation that is due under Section 226.7 is incorrect for the same reason. Plaintiff agreed in writing to take paid, on-duty meal periods, and therefore no compensation is due or forgone.

Fourth, pointing to portions of Assembly Bill ("AB") 1711 that would specifically permit two on-duty meal periods in a shift, Plaintiff asserts that "the only conceivable reason" for the bill is to change current law, which he presumes must not allow two on-duty meal periods in one day. Pltf's Opp. at 2. Even if AB 1711 were enacted, the most "conceivable" reason for its newly added language on second on-duty meal periods would be to address the recent, poorly-reasoned footnote inserted into the DLSE Manual. In any event, this merely pending bill is not entitled to weight because, as the California Supreme Court has explained:

> [t]he unpassed bills of later legislative sessions evoke conflicting inferences. Some legislators might propose them to replace an existing prohibition; others to clarify an existing permission. A third group of legislators might oppose them to preserve an existing prohibition, and a fourth because there was no need to clarify an existing permission. The light shed by such unadopted proposals is too dim to pierce statutory obscurities. As evidence of legislative intent they have little value.

*Grupe Dev. Co. v. Superior Court*, 4 Cal. 4th 911, 923 (1993) (citations omitted). In fact, even if this unpassed bill were entitled to weight, its language actually shows that Section 512(a) does not currently preclude a second on-duty meal period, as set forth below.

Finally, Plaintiff asserts that second on-duty meal periods are prohibited because the IWC Wage Order refers to an on-duty meal period in the singular. But, Section 11 of the Wage Order is constructed *entirely* in the singular -- it requires "a meal period" for each work period over five hours and allows the employer to satisfy this requirement by providing "an on-duty meal period." 8 C.C.R. § 11040(11). Taken to its logical conclusion, Plaintiff's argument would suggest that there is no right to a second meal period at all because the entire meal period section of the regulation is stated in the singular, and therefore provides for just "a meal period." *See id*. Obviously, this is not a proper reading of the regulation; instead, each time a meal period must be provided, the employer can satisfy that obligation by providing a proper on-duty meal period.

In sum, Plaintiff's claim that on-duty meal periods are "waived" periods contradicts his concession that on-duty meal periods are "meal periods," and his motion fails as a matter of law.

## II.     ARGUMENT

### A.     The Plain Text of Section 512 Precludes Plaintiff's Waiver Argument

In order to succeed with his argument that Section 512 prohibits two on-duty meal periods

in one day, Plaintiff must establish that an on-duty meal period is a "waived" meal period. The plain and natural application of the term "waived" as it is used in Section 512 is to "abandon, renounce or surrender"; "to give up." *Black's Law Dictionary* 1611-12 (8th ed. 2004). Plaintiff concurs in this definition of waiver, see Pltf's Opp. at 4, which, when applied to section 512 and meal periods, clearly refers to the relinquishment of the right to any meal period at all.

Plaintiff argues that the term "waiver" in section 512 refers not to waivers of "meal periods" generally, as the plain text of the statute repeatedly suggests, but rather to the relinquishment of "off-duty meal periods," a phrase that appears nowhere in the statute. Pltf's Mot. at 5. Had the Legislature intended to preclude employees from foregoing a second off-duty meal period, it could have done so, but it did not. Instead, the Legislature precluded employees from waiving their right to any sort of meal period twice in one shift. Because the term "waiver" in the first part of section 512(a) clearly means a waiver of any meal period, it cannot mean a "waiver" of a only specified type of meal period in the latter portion of the statute. *See Johnson v. County of Fresno*, 111 Cal. App. 4th 1087, 1092 (2003) ("[w]hen the same word or phrase is used, it should be given the same meaning in the related part of the law"); *People v. McKay*, 27 Cal. 4th 601, 621 (2002) (same). As explained in Guardsmark's initial pleading, Plaintiff's proposed application of the word "waiver" is impermissibly inconsistent with the Legislature's specific use of that term in section 512. Deft's Mot. at 6-7.

**B. On-Duty Meal Periods Are Not "Waived" Meal Periods For Purposes of Labor Code Section 512**

Finding no support in the plain text of section 512, Plaintiff tries to show that other precedent suggests that the term "meal period" as used in that statute is actually limited to "off-duty" meal periods and does not cover both types of meal periods. The very precedent cited by Plaintiff, however, compels that his motion be denied.

**1. Neither the Wage Order Nor Section 226.7 Establish That On-Duty Meal Periods Are Waivers**

Plaintiff first argues that the definition of on-duty meal periods in the Wage Order, when read together with Labor Code Section 226.7, suggests that an "on-duty" meal period may only

occur in the context of a "waiver" of "the entitlement to an 'off-duty' meal period." Pltf's Mot. at 6. Upon examination, neither of these sources provides Plaintiff any assistance. First, the definition of an "on-duty" meal period in Wage Order section 11(C) makes no reference to the term "waiver." In fact, because the Wage Order specifically contains the section 512 waiver requirements *as well as* the separate and distinct on-duty meal period requirement, conflating waivers with on-duty meal periods would impermissibly render the on-duty meal period provisions surplusage. *See Aguilar v. Ass'n for Retarded Citizens*, 234 Cal. App. 3d 21, 28-29 (1991) (statutes and regulations must be read to "give effect to the usual, ordinary import of the language and to avoid making any language mere surplusage.")

Second, section 226.7(a), which states that "[n]o employer shall *require* any employee to work during any meal or rest period mandated by an applicable order of the [IWC]," does not establish that on-duty meal periods are waived meal periods. The Wage Order's on-duty meal period provisions apply only if the employee signed an on-the-job meal period *agreement*, as Plaintiff did here. Thus, section 226.7's prohibition on an employer "requiring" work during meal periods does not preclude on-duty meal periods, which are by definition consensual.[2] Similarly, the remedy described in Section 226.7(b) applies only when the employer "fails to provide an employee a meal period or rest period in accordance with an applicable order of the [IWC]." Because on-duty meal periods are specifically authorized by the applicable IWC Wage Order, section 226.7 does not bar on-duty meal periods when employees like Plaintiff agree in writing to take, and are properly provided with and paid for, on-duty meal periods.

On this same topic, Plaintiff argues that because Labor Code section 219 precludes an

---

[2] Section 226.7 "was introduced as a means of *enforcing the existing IWC wage order prohibitions* against requiring an employee to work during a meal or rest break . . . ." *Corder v. Houston's Rests. Inc.*, 424 F. Supp. 2d 1205, 1208 (C.D. Cal. 2006) 1208 (emphasis added); *see also National Steel and Shipbuilding Company, et al. v. Superior Court*, 135 Cal. App. 4th 1072, 1080 (2006) (noting that section 226.7 was introduced in reaction to employers violating the Wage Order), *superseded on other grounds* 132 P.3d 1166. Indeed, before the final version of section 226.7 was enacted, the proposed bill was modified "to make the statute consistent with the existing provisions of the IWC wage order regarding meal and rest breaks." *Corder*, 424 F. Supp. 2d at 1208. Because work is permitted during a consensual, paid on-duty meal period, there is no violation of the Wage Orders when the enumerated conditions for an on-duty meal period exist, and Section 226.7's prohibition and remedies simply do not apply.

employee from agreeing to forego compensation that is due under Section 226.7, Plaintiff's agreement to take paid, on-duty meal periods is a waiver. As discussed above, however, section 226.7 provides for payment of the one-hour premium only when an employee is not provided a meal period in accordance with IWC regulations. Again, those regulations clearly permit employees to agree in writing (like Plaintiff did) to take paid, on-duty meal periods, and so the section 226.7 remedy is not available in the first place. As such, no due compensation has been "waived" in violation of Section 219(a) because no additional compensation, beyond that already agreed to and paid to the employee, is owed when the employee agrees to on-duty meal periods in accordance with the applicable Wage Order.

### 2. *Valles* Does Not Establish That Meal Periods Must Be Work Free

Plaintiff next turns to *Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005), for the proposition that "the Legislature and the IWC intend for meal periods to be 'work free and non-waivable.'" Pltf's Mot. at 7. Plaintiff then contends that in light of this "policy," an on-duty meal period must be construed as a "waiver" of the employee's right to a work-free meal break. *Id.* at 8. Plaintiff's reliance on *Valles* is misplaced because that case did not address on-duty meal periods; instead, it addressed whether, through collective bargaining agreements, employees could agree to meal period conditions that were inconsistent with the applicable statutes and IWC Wage Order. *Valles*, 410 F.3d at 1074. In doing so, the court specifically recognized that the Wage Order "created several exemptions for particular industries and for employees who are unable to take lunch breaks due to the nature of their work," but noted that the facts of the *Valles* case itself precluded on-duty meal periods. *Id.* at 1078 & n. 6. Thus, *Valles* did not involve any issues related to on-duty meal periods, but the Ninth Circuit specifically acknowledged that employers could meet their meal period obligations by providing on-duty meal periods.

Not only is *Valles* inapplicable here, but the conclusion Plaintiff draws from it proves too much: Plaintiff concedes that his agreement to take paid, on-duty meal periods is valid with respect to *first* meal periods, thereby contradicting his argument that *Valles* requires all meal periods to be "work-free." Instead, *Valles* shows that it is the general right to a *meal period* (of any type), and not the right to an "off-duty" meal period, which is considered a minimum labor

standard that cannot be "waived" through collective bargaining:

> the text of the wage order and the statutory provisions, discussed at length above, make clear that *the right to meal periods* is a generally applicable labor standard that is not subject to waiver by agreement. As stated plainly in § 219, the right cannot "in any way be contravened or set aside by a private agreement, whether written, oral or implied."

*Valles*, 410 F.3d at 1081 (emphasis added). Here, because Plaintiff was provided with on-duty meal periods, there was no waiver (or transgression) of his general right to meal periods.

### 3.   Plaintiff's Cases Involving Only Off-Duty Meal Periods Are Off Point

Plaintiff cites several cases for the proposition that employers are required to provide off-duty "meal and rest breaks." *See, e.g.*, *Perez v. Safety-Kleen Sys. Inc.*, Nos. C 05-5338 PJH, C 07-0886 PJH, 2007 WL 1848037, at *8 (N.D. Cal. June 27, 2007); *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949, 962 (2005) (stating that "employers have an affirmative obligation to ensure that workers are actually relieved of all duty"). On-duty meal periods were simply not at issue in any of these cases. By focusing solely on cases addressing unpaid, *off*-duty meal periods, during which employees must be "relieved of all duty" pursuant to the applicable Wage Order, Plaintiff elides the point that paid, *on*-duty meal periods are (obviously and by definition) not subject to the same restriction. Indeed, the relevant cases addressing on-duty meal periods make clear that an employee need not be relieved of all duty during on-duty meal periods. *See, e.g.*, *Lanzarone v. Guardsmark Holdings, Inc.*, No. CV06-1136 RPLAX, 2006 WL 4393465, at *6 (C.D. Cal. Sept. 7, 2006) ("California law requires employers to provide employees with *either* off-duty or on-duty meal periods during the course of their work shifts") (emphasis added); *West v. Circle K Stores, Inc.*, No. CIV. S-04-0438 WBS GGH. 2006 WL 1652598, at *4 (E.D. Cal. June 13, 2006) ("the California Code of Regulations . . . provides that an on-duty meal period is acceptable when the nature of the work prevents an employee from being relieved of all duty."); *Cornn v. UPS, Inc.*, No. C 03-2001 TEH, 2005 WL 588431, at *3 (N.D. Cal. Mar. 14, 2005) ("[m]eal periods must be completely off-duty *unless* the employee agrees in writing to a paid, on-duty meal period") (emphasis added). As such, contrary to his implication, the cases cited by Plaintiff do not impose a blanket rule precluding on-duty meal periods.

### C. The Arguments Asserted In Plaintiff's Opposition Do Not Establish That On-Duty Meal Periods Are Section 512 Waivers

#### 1. The Alleged Presumption Does Not Apply or Trump the Wage Order

Relying on the general proposition that remedial provisions such as wage and hour laws are to be construed "with an eye to promoting ... the benefit and protection of employees," Plaintiff urges this Court to bar the on-duty meal periods that were specifically authorized by the IWC's Wage Order and to which Plaintiff agreed in writing. Pltf's Opp. at 3, 7. Of course, the mere fact that courts read remedial statutes to give them effect does not mean that courts can re-write pertinent regulations to override valid employer-employee agreements. *See, e.g., Prachasaisoradej v. Ralphs Grocery Co., Inc.*, 42 Cal.4th 217, 227, 237 (2007) (noting the same presumptions cited by Plaintiff but finding in favor of the employer and enforcing the wage agreements at issue). This is especially true when the voluntary agreement at issue is "beneficial to both employer and employees." *Id.*

Here, Plaintiff assumes that banning second, on-duty meal periods would benefit employees. But, this is not the case. Such a rule would force Guardsmark and other security companies to curtail shifts over ten hours (and their associated overtime opportunities). It would also preclude officers on such shifts from earning thirty minutes wages while they eat their meals. Here, it is important to note that security guards are not constantly exerting themselves -- they are present in large part to react to security problems when and if they arise. Again, Guardsmark pays its security officers for on-duty meal periods, *i.e.*, the officers are paid to eat their meals so long as they remain at or near their posts (often seated at desks) and available to respond to security emergencies. As one court in the Central District of California found when rejecting class certification in a case involving the same on-duty meal periods at issue here, "[t]hese officers would understandably rather work during and be paid for their meal periods than be forced to take off-duty and unpaid meal periods." *Lanzarone v. Guardsmark Holdings, Inc.*, No. CV06-1136 RPLAX, 2006 WL 4393465 *7 (C.D. Cal. Sept. 7, 2006) (citing declarations from 100 California security officers and finding a conflict between the plaintiff and absent class members, who wanted on-duty meal periods so they could have paid meal breaks). *Id.* at 4.

### 2. AB 1711 Does Not Support Plaintiff's Position

Plaintiff contends that section 512(a) must preclude two on-duty meal periods in one shift because a recently revised bill pending in the California Legislature seeks to amend section 512(b) to permit two on-duty meal periods in one shift. *Kramer v. Intuit, Inc.*, 121 Cal. App. 4th 575, 579 (2004) is the only precedent that Plaintiff offers to support his novel theory that the mere introduction of a bill allowing a certain type of conduct necessarily means that such conduct was previously barred. *Kramer* does not support this contention -- *Kramer* found that an *actually enacted law*, which permitted one type of rebate, bolstered the conclusion that an earlier law similarly permitted such rebates. *Kramer* never suggested that one legislator could effectively declare existing law to bar a class of voluntary agreements by introducing a bill specifically permitting them. Instead, California courts have made clear that "[u]npassed bills, as evidences of legislative intent, have little value." *Grupe Dev. Co. v. Superior Court*, 4 Cal. 4th 911, 923 (1993); *Dyna-Med Inc. v. Fair Employment & Hous. Comm'n*, 43 Cal. 3d 1379, 1396 (1987); *Warmington Old Town Assocs., L.P. v. Tustin Unified Sch. Dist.*, 101 Cal. App. 4th 840, 854 (2002) ("very limited guidance can be drawn from a proposed amendment that is not enacted.")

Here, of course, it is clear that AB 1711 was introduced simply to codify the permissibility of on-duty meal periods, and to clarify the inaccuracy of the recently posted footnote in the DLSE Manual. In fact, if instructive at all, AB 1711 undermines Plaintiff's position. The bill amends section 512(b) to state that two on-duty meal periods are permitted, but it does not change any of the existing language of section 512(a), *i.e.*, the section which, according to Plaintiff, currently precludes two such periods. If section 512(a) did preclude two such meal periods, then Legislative Counsel would have drafted AB 1711 to state that 512(b) permits two on-duty meal periods notwithstanding section 512(a). This conflict was not addressed because it does not exist -- section 512(a) imposes limits on outright waivers, not on-duty meal period agreements.

### 3. The Wage Order's Use of the Singular "Meal Period" Is Not Telling

Plaintiff also urges this Court to write into California law a prohibition on second on-duty meal periods because the Wage Order provides that an employee can agree to an on-duty meal period in the singular. This argument is baseless. Section 11 of the Wage Order is constructed

entirely in the singular -- it requires "a meal period" and allows the employer to satisfy this requirement by providing "an on-duty meal period." 8 C.C.R. § 11040(11). Taken to its logical conclusion, Plaintiff's argument would suggest that there is no right to a second meal period at all because the entire meal period section of the regulation is stated in the singular, and thus actually provides for just "a meal period." *See id.* In reality, however, the Wage Order covers all meal periods as does the express allowance for on-duty meal periods.

### 4. The DLSE's Policy Manual Is A Void Regulation, and the Court Should Reject Its Self-Contradictory Position

Plaintiff relies on the footnote contained in the DLSE Manual, but the California Supreme Court has held that the DLSE Manual is a void regulation entitled to no deference by the courts. *See Gattuso v. Hart-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 563 (2007). In its opening motion, Guardsmark established that the DLSE's recent position contradicts its earlier position in the 1999 DLSE Memorandum. *See* Def's Mot at 9-10. Plaintiff now argues that the DLSE Memorandum (written at the time section 512 was passed) does not address the issue at hand. This is not so. The memorandum shows that the type of waiver governed by section 512 is the outright waiver of the employee's "opportunity, while working if necessary, to eat his or her meal." DLSE Memorandum at 15. There is obviously no such waiver in the case of an on-duty meal period where, as with Plaintiff, the employee is given the chance, while working, to eat. So, as the DLSE Memorandum concludes, section 512's waiver limitations (and the ban on two waivers in one day) apply only "if the prerequisites for an on-duty meal period have *not* been met." *Id.* (emphasis added). As such, section 512 does not preclude two on-duty meal periods.

## III. CONCLUSION

Guardsmark respectfully requests that the Court grant its pending motion and rule that California law does not preclude two on-duty meal periods in one day.

DATED: January 25, 2008            By:
                                         /s/ *Malcolm A. Heinicke*

                                        MUNGER, TOLLES & OLSON, LLP
                                        Attorneys for Defendant Guardsmark, LLC