UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNY McFARLAND,

        Plaintiff,

        v.

GUARDSMARK, LLC,

        Defendant.
_____/

No. C 07-3953 PJH

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The parties' cross-motions for partial summary judgment came on for hearing on February 13, 2008. Plaintiff appeared by his counsel Robin Workman and Dennis H. Qualls, and defendant appeared by its counsel Martin D. Bern and Malcolm A. Heinicke. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS defendant's motion and DENIES plaintiff's motion as follows and for the reasons stated at the hearing.

**BACKGROUND**

Plaintiff Johnny McFarland is a security officer who has been employed by defendant Guardsmark, LLC ("Guardsmark") since November 2003. Guardsmark provides security services to clients. Like other Guardsmark security officers, plaintiff works at remote client sites. Plaintiff claims that on some occasions when he worked in excess of ten hours, he was not properly provided with a second meal period as required under California law.

Plaintiff filed this proposed class action in May 2007, alleging failure to pay overtime wages and compensation for missed meal breaks. Each side now seeks summary judgment regarding the interpretation of a provision of California Labor Code § 512. The

question is whether, when an employee agrees to "on-duty meal periods," that employee is waiving his or her right to a meal period, or is simply agreeing to a particular type of meal period.

Labor Code § 512 generally requires that employees working shifts of more than five hours be provided with a meal period, and that employees working shifts of more than ten hours be provided with a second meal period. In addition, § 512 states that an employee can "waive" his right to a meal period, subject to certain limitations – an employee can waive his first meal period if his work day does not exceed six hours, and can waive his second meal period if his work day does not exceed twelve hours and the first meal period was not waived.

Specifically, § 512 provides as follows:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Cal. Lab. Code § 512(a).

Labor Code § 226.7 was added by the California Legislature in 2000. Section 226.7 provides as follows:

> (a)   No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b)   If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7. Section 226.7(b) remedies are available only if a worker can establish a violation of the pertinent Wage Order.

The associated California regulations (issued as "Wage Orders") provide generally

2

that employees must be provided meal periods if they work in excess of five hours, but that they can waive meal periods so long as they do not work more than six hours. In addition, the regulations provide that the employer can satisfy its obligation to provide meal periods by providing "on duty" meal periods, if those "on duty" meal periods are consistent with the nature of the work, if the meal periods are compensated, and if the employee expressly consents to the "on duty" meal period.

Wage Order 4 applies to "Professional, Technical, Clerical, Mechanical, and Similar Occupations." Paragraph 11 of Wage Order 4 provides, in part, that

> (A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. <u>Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and count as time worked.</u> An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement between the parties shall state that the employee may, in writing, revoke the agreement at any time.
>
> (B)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

Cal. Code Regs., tit. 8, §§ 11040(11) (emphasis added). This regulation was promulgated after the passage of Labor Code §§ 512 and 226.7.

A similar provision in Wage Order 14, which applies to "Agricultural Occupations," provides in ¶ 11 that

> [e]very employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of employer and employee. Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

Cal. Code Regs., tit. 8, § 11140(11).

3

**DISCUSSION**

A.   Legal Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

B.   The Cross-Motions

Plaintiff does not dispute that he agreed to take "on duty" meal periods, and that he was provided with such "on duty" meal periods. He also does not dispute that those "on duty" meal periods were sufficient as <u>first</u> meal periods. However, he argues that California law implicitly precludes <u>second</u> "on duty" meal periods, and that the second "on duty" meal periods he was provided (and was paid for) were legally insufficient under the statute.

Plaintiff contends that an "on duty" meal period is not a meal period at all, while Guardsmark asserts that the underlined language in Wage Order 4 confirms that an "on duty" meal period is in fact a specific type of meal period. Plaintiff asserts that the relevant wage order is Wage Order 7. Paragraph 11 of Wage Order 7, which is applicable to the "Mercantile Industry," provides, in part, that

> (A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of the employer and employee.
>
> (B)   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.
>
> (C)   Unless the employee was relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
>
> (D)   If the employer fails to provide an employee with a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

4

Cal. Code Regs., tit. 8, § 11070(11).[1]

Plaintiff claims that Labor Code § 512 and the associated regulations make "on duty" meal periods the same as waived meal periods. Thus, he asserts, because § 512 precludes the waiver of a second meal period if the first meal period has also been waived, an employee working more than ten hours in a shift cannot have a second, "on duty" meal period if the first meal period was also "on duty," because that would constitute a second "waived" meal period in the same day.

Plaintiff also asserts that Labor Code § 219 also applies. That section states, "Nothing in this article shall in any way limit or prohibit the payment of wages at more frequent intervals, or in greater amounts, or in full when or before due, but no provision of this article can in any way be contravened or set aside by private agreement, whether written, oral, or implied." Cal. Labor Code § 219.

Guardsmark's position is that an "on duty" meal period is not the same as a waived meal period – an "on duty" meal is a type of meal that can satisfy the employer's obligation, whereas a waived meal eliminates the employee's entitlement to any type of meal period. Guardsmark asserts that "on duty" meal periods are therefore not subject to the same limitations as waived meal periods.

Guardsmark makes two main arguments – first, that Labor Code § 512 and Wage Order 4 provide that a second meal period can be "on duty," even if the first one was also "on duty;" and second, that California Department of Labor Standards Enforcement ("DLSE") Guidance interpreting § 512 is not entitled to deference and may be considered by the courts only to the extent that it is persuasive.

As noted above, § 512 provides that an employee who works more than 10 hours must be provided with two meal periods, and that "the second meal period may be waived

---

[1] The court assumes that Wage Order 4 is the applicable Wage Order, rather than the other Wage Orders cited by the parties, as security guards are not agricultural workers and the provision of security services is not generally considered part of the mercantile industry. However, the relevant provisions in all three Wage Orders appear comparable.

5

by mutual consent of the employer and the employee only if the first meal period was not waived." Lab. Code § 512(a). Guardsmark asserts that a "waived" meal period is one that has been abandoned or renounced, while a security guard who agrees to take an "on duty" meal period has simply agreed that he will be paid for the time he is allowed to eat, but will also be on duty to respond to any emergencies that might arise. Such an employee has not, according to Guardsmark, abandoned or renounced his right to a meal period.

Guardsmark argues that the regulations support this conclusion, as Wage Order 4 expressly provides for two types of meal periods – "off duty" (unpaid) meal periods and "on duty" (paid) meal periods. Wage Order 4 provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and count as time worked." Guardsmark contends that this provision establishes that an "on duty" meal period constitutes a type of meal period, and not a "waived" meal period, where no opportunity to eat a meal need be provided.

Guardsmark asserts that this interpretation of § 512 and the relevant Wage Orders is reflected in a Memorandum from the State Labor Commissioner and her Chief Counsel, written shortly after Assembly Bill 60 codified § 512. See Understanding AB 60: An In Depth Look at the Provisions of the "Eight hour Day Restoration and Workplace Flexibilit Act of 1999 (DLSE, Dec. 23, 1999) ("DLSE Memorandum").[2] The Memorandum states,

> The term "meal period" includes both the on-duty paid and off-duty unpaid variety. If the prerequisites (as defined in the IWC orders) for an on-duty meal period are met, then an on-duty meal period may be established. Even though the employee is required to work during an on-duty meal period, the employee must be given the opportunity, while working if necessary, to eat his or her meal. That is what cannot be waived, if the work period exceeds six hours, and if an on-duty meal period has been properly established.

Guardsmark asserts that this confirms that § 512 did not operate to change the long-standing practice of "on duty" meal periods.

Guardsmark also claims that because an employee can take an "on duty" meal period while also working longer than six hours, an "on duty" meal period cannot be a meal

---

[2] The DLSE Memorandum is available at www.dir.ca.gov/dlse/AB60update.htm.

6

period waiver under § 512. Under § 512, a first meal period can be waived only when the employee works under six hours. By contrast, the Wage Order provisions governing "on duty" meal periods do not restrict the hours worked by an employee who agrees to an "on duty" meal period.

Thus, Guardsmark contends, if a first "on duty" meal period could be a waiver of the right to a meal period, then § 512 would permit such "on duty" meal periods simply if the employee verbally agreed to them and the shift at issue was five to six hours. Guardsmark submits that such a reading of the statute would make it unnecessary for the regulation to include the additional restrictions limiting "on duty" meal periods to circumstances where the nature of the work prevents full relief from duty, and the employee signs a written, revocable agreement. In other words, Guardsmark argues, if an "on duty" meal period were the same as a waived meal period, then the IWC would not have separately codified the additional, more restrictive requirements for "on duty" meal periods. Guardsmark asserts that plaintiff's reading thus improperly renders part of the regulation surplusage.

Moreover, Guardsmark contends, if "on duty" meal periods were equated with waived meal periods, then, under the strict reading of § 512 on which plaintiff bases his argument, employees could take "on duty" meal periods only if their shifts were between five and six hours, as § 512 provides that the first meal period can be waived only if the shift is six hours or less. Guardsmark claims that there is nothing in the legislative history indicating that the Legislature intended § 512 to so dramatically alter the pre-existing and long-standing practice of allowing "on duty" meal periods.

Guardsmark's second main argument is that DLSE guidance interpreting § 512 is not entitled to deference, and may be considered by the courts only to the extent that it is persuasive. DLSE recently added a footnote to its Enforcement Policies and Interpretation Manual ("DLSE Manual"), which reads as follows:

> When an employee works more than six (6) hours, there is only one set of circumstances wherein a first meal period may be waived and that is if the employee accepts, in writing, an on-duty meal period under the conditions set out in the Orders concerning the nature of the work, precluding an employee from being relieved of all duty. This provision of the IWC Orders and Labor

7

Code § 512(a) precludes two on-duty meal periods in any one day. DLSE Manual, 2002 Update § 45.2.3.1 & n.2 (rev. Mar. 2006).

Guardsmark argues that this footnote, which provides no further basis for its conclusion, is entitled to no weight because the California Supreme Court has held that the DLSE Manual is a void regulation entitled to no deference by the courts. See Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 563 (2007) (citing Tidewater Marine Western, Inc. v. Bradshaw, 14 Cal. 4th 557, 572 (1996) (holding that interpretive policies contained in 1989 DLSE Manual were void regulations because they were not promulgated in accordance with Administrative Procedures Act; and that insofar as void regulations reflected the DLSE's statutory interpretations, those interpretations were entitled to no deference)). Guardsmark asserts that while it is true that a court may independently adopt a position that is the same as DLSE's, it may do so only if it independently determines that the interpretation is correct. See Gattuso, 42 Cal. 4th at 563.

Guardsmark argues further that when an agency's interpretations of a statute or regulation flatly contradicts its original interpretation, the court should not defer to the new interpretation. See Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094, 1106 n.7 (2007) (refusing to follow DLSE precedent decision issued in accordance with Government Code because DLSE had taken reverse position in the past). Guardsmark contends that DLSE's recent amendment to the Manual prohibiting two "on duty" meal periods in a single day flatly contradicts its prior interpretation of § 512 in the DLSE Memorandum issued shortly after § 512 was enacted.

Guardsmark notes that the DLSE Memorandum states that an "on duty" meal period is a type of meal period, and that the restriction on waivers applies not to whether the employee is on duty or off duty, but rather to the "opportunity, while working if necessary, to eat his or her meal." Guardsmark suggests that because this Memorandum is still available on DLSE's website, and because it essentially contradicts the position taken by DLSE in its modification of the Manual, the court should disregard the modification.

Plaintiff argues that employees working ten hours or more – who are entitled to two

8

meal periods – cannot agree to waive their right to both "off duty" meal periods, and compensation pursuant to Labor Code § 226.7, in one day. Plaintiff asserts that "off duty" and "on duty" meal periods are mutually exclusive – that an employee is entitled to an "off duty" meal period as a matter of law, and that an "on duty" meal period exists only if and when an employee agrees to abandon and surrender his pre-existing right to an "off duty" meal period break and accept in its place an "on duty" meal break. Plaintiff contends that this agreement can only be considered a "waiver" of the right to an "off duty" meal period.

Plaintiff contends that § 512 clearly contemplates a meal period to be one where an employee is relieved of all duty, and claims that any "waiver" of the statutory right to an "off duty" meal period may occur only once in a given day. Plaintiff asserts further that the wording of ¶ 11 of the Wage Order ("Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and count as time worked") and § 226.7 ("No employer shall require any employee to work during any meal or rest period") makes it clear that the "meal period" referred to in § 512 is one in which the employee is "off duty."

Plaintiff contends that "when the Wage Order contemplates the only circumstance when an on duty meal period can occur, this clearly is in the context of a 'waiver' of the entitlement to an 'off duty' meal period." Plaintiff asserts that "all pertinent governing authorities" mandate that this entitlement may be waived only once in a given day. However, the only authority plaintiff cites is the footnote in the 2002 Update to the DLSE Manual, ¶ 45.2.3.1 at n.2 – the statement that "[t]his provision of the IWC Orders and Labor Code § 512(a) precludes two on-duty meal periods in any one day."

Plaintiff argues that this provision is controlling because the Labor Commissioner plays a key role in the interpretation of the California Labor Code through the issuance of opinion letters that may be afforded judicial deference. Plaintiff also asserts that his interpretation is the only one that can be reconciled with the policies behind mandated work-free meal periods. He notes that in enacting § 226.7, the Legislature recognized that

it was necessary to protect the mandatory character of the "off duty" meal period because simply requiring employers to pay regular wages for working during meal periods was not sufficient to discourage non-compliance.

Plaintiff argues that Guardsmark cannot point to a specific statute that permits an employee to agree to two "on duty" meal periods in a given day. Plaintiff claims that if such a provision existed, there would be no need for proposed bill AB 1711, which is currently pending in the California Legislature. This bill proposes amendments to several sections of the Labor Code, including § 512. The proposed amendment to § 512 is an attempt to codify the "on duty" meal requirements. It specifically provides that "[a]n employee who is eligible for an on-duty meal may have a second on-duty meal period provided that he or she remains eligible for an on-duty meal period."

    3.    Analysis

The court finds that Guardsmark's position is the correct one. There is no support in § 512 for plaintiff's interpretation of "waiver" as applying solely to "on duty" meal periods, rather than to meal periods, generally. Section 512 plainly states that a second "meal period" may be waived only if the first "meal period" has not been waived. But where the employee agrees to take an "on duty" meal period, and gets paid for working during the time he is eating, there is no "waiver" of the meal period.

The court reads "waiver of the meal period" to mean that the employee gives up his right to eat during that particular five-hour shift, period. The main problem with plaintiff's argument is that he appears to be confusing the concept of totally "waiving" a meal period with the concept of agreeing to take an "on duty" meal period in lieu of an "off duty" meal period. Because the word "waiver" in the first part of § 512(a) clearly means a waiver of any meal period, it cannot mean a waiver of a particular type of meal period later in the same statute.

Moreover, neither the Wage Order nor § 226.7 establish that "on duty" meal periods are waived meal periods for purposes of § 512. The definition of "on duty" meal period in Wage Order ¶ 11 makes no reference to the term "waiver." Similarly, § 226.7(a), which

provides that no employer shall require any employee to work during any meal period or rest period mandated by an applicable order of the [IWC]," does not establish that "on duty" meal periods are waived meal periods, because "on duty" meal periods are by definition consensual.[3]

The cases cited by plaintiff do not support his argument. The court in Valles v. Ivy Hill Corp., 410 F.3d 1071 (9th Cir. 2005) did not address "on duty" meal periods, but rather the question whether, through collective bargaining agreements, employees can agree to meal period conditions that are inconsistent with applicable statutes. See id. at 1074. The other cases cited by plaintiff are also inapposite for the same reason – they did not involve consensual "on duty" meal periods, but rather, unpaid, "off duty" meal periods. See, e.g., Perez v. Safety-Kleen Sys., Inc., 2007 WL 1848037 (N.D. Cal., June 27, 2007); Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949, 962 (2005).

Nor does the text of proposed AB 1711 support plaintiff's position, which appears to be that because the California Legislature is now seeking to amend § 512 to allow two "on duty" meal periods in a single day, § 512 as presently constituted must prohibit two "on duty" meal periods in a single day. Unpassed bills cannot provide evidence of legislative intent. Moreover, as Guardsmark asserts, it is more likely that AB 1711 was introduced simply to codify the permissibility of "on duty" meal periods, and to clarify the inaccuracy of the footnote in the 2002 Update to the DLSE Manual.

Finally, the DLSE Manual does not support plaintiff's position, as the California Supreme Court has found that the DLSE Manual is a void regulation. See Gattuso, 42 Cal. 4th at 563.

---

[3] Of course, an employee might argue that his employer hasn't met the conditions for an "on duty" meal period as set forth in Wage Order ¶ 11 – that is, that the employer has not established that work situation is one in which it is necessary that the employee remain on duty while he is eating ("when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to"); or has not established that there is a written agreement regarding the "on duty" meal period, or if there is a written agreement, that it states that the employee may, in writing, revoke it at any time. But these are questions of fact that are not before the court on this motion.

11

**CONCLUSION**

In accordance with the foregoing, defendant's motion is GRANTED, and plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 14, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge