MARTIN D. BERN (State Bar No. 153203)
    Martin.Bern@mto.com
MALCOLM A. HEINICKE (State Bar No. 194174)
    Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
GUARDSMARK, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>Defendant. | CASE NO.  CV 07-03953 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Judge:    Honorable Phyllis J. Hamilton<br>Date:     April 10, 2008<br>Time:     2:30 p.m. |

Plaintiff Johnny McFarland and Defendant Guardsmark, LLC respectfully submit this joint case management conference statement.

As set forth in greater detail below, the parties jointly and respectfully request that the Court set a deadline of May 12, 2008 for Plaintiff to file his anticipated motion seeking permission for an interlocutory appeal of the Court's March 14, 2008 ruling on the parties' cross motions for summary judgment.

In addition, the parties apologize for the fact that they are filing this statement beyond the initial deadline set by the Court, but as Plaintiff's counsel explained to the Clerk of the Court, the parties were unable to meet and confer on the dates originally planned due to unexpected proceedings in another case handled by Plaintiff's counsel. The parties, however, mutually agreed to take the additional time so that a joint statement could be submitted in accord with the Court's instructions. Guardsmark agrees that it suffered no prejudice as a result of this slightly delayed filing.

**I.    JURISDICTION AND SERVICE**

The Court has original subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. All parties have been served and have appeared in the action. No issues of personal jurisdiction or venue have been raised by the parties.

**II.    FACTS**

Plaintiff is a security officer for Guardsmark, LLC. Plaintiff's complaint asserts two types of claims: (1) a meal period claim; and (2) an overtime claim.

First, Plaintiff claims that Guardsmark failed to properly provide him meal periods as required by California law, and thus he claims he is entitled to compensation under California Labor Code section 226.7. As the Court is aware, Plaintiff alleges that California Labor Code section 512 precludes two meal period waivers in a single day, and thus he claims it was impermissible for Guardsmark to require him to waive two successive meal periods as mandated by California law and substitute in their place on duty meal breaks. Plaintiff further alleges that Guardsmark failed to provide meal period breaks. In connection with these claims, Plaintiff also

alleges that he was not paid proper overtime wages by Guardsmark, LLC because on the days where he failed to receive a meal break, he was not paid compensation for the lack thereof, and as a result, his regular rate of pay was not properly calculated, thereby entitling him and putative class members to additional overtime pay.

Guardsmark denies this claim. Guardsmark contends that in the rare circumstances in which he worked over ten hours in one shift, Plaintiff was provided with paid, on duty meal breaks to which he voluntarily and expressly agreed. Guardsmark contends that the Labor Code section at issue prevents only the waiver of two meal periods in one day, and that is does not prevent an employee from agreeing to two on duty meal periods in one day. Guardsmark thus contends that it did provide proper second meal periods to Plaintiff and others, and thus Plaintiff's claims fail. (As set forth below, the Court has resolved this issue.)

Second, Plaintiff also asserts that he was not paid sufficient overtime wages for hours worked in excess of twelve in a day.

Guardsmark denies this claim. As stated previously, Guardsmark is willing to attempt to address this claim informally by demonstrating to Plaintiff that it has paid such wages properly during the pertinent period. Plaintiff has informed Guardsmark that he will reevaluate his overtime premium claim based upon information informally provided by Guardsmark. Guardsmark has yet to make this informal presentation to Plaintiff, but is willing to do so. Plaintiff reserves the right to maintain and pursue this claim.

## III.   LEGAL ISSUES

At the initial Case Management Conference in this action, the parties agreed that the central issue regarding Plaintiff's second meal period claim is the discrete legal issue of statutory interpretation involving Labor Code Section 512 and the applicable wage order of the Industrial Welfare Commission. The parties therefore agreed to bring, and the Court permitted, cross motions for summary judgment on this issue.

Plaintiff asserts that an on-duty meal period requires an agreement between an employer and employee whereby the employee agrees to forgo an off-duty meal period required by California law, and such an agreement waives a meal period otherwise required by law, and

1  that pursuant to section 512, if a first meal period is waived by an employer, a second meal period
2  required by California law for the same work day cannot be waived.
3        Guardsmark asserts that an on-duty meal period is a type of meal period, the
4  agreement to take this type of meal period is not a "waiver," and thus, a second meal period, like
5  a first meal period, may be on-duty under the applicable law and without violating section 512.
6        As set forth below, the Court has now issued a ruling on this issue.

**IV.    MOTIONS**

      1.    *The Initial Cross Motions for Summary Adjudication*

Through their initial Case Management Conference Statement and associated appearance, the parties agreed to seek judicial resolution of the legal issue concerning meal periods described above through early cross-motions for summary adjudication. The parties filed such motions, and after full briefing and a hearing on February 13, 2008, the Court issued an Order on March 14, 2008 (Docket #36) granting Guardsmark's motion and denying Plaintiff's motion.

      2.    *Plaintiff's Possible Request for Interlocutory Appeal*

As discussed below, Plaintiff's counsel plans to file a motion with this Court seeking an interlocutory appeal. Through this appeal, Plaintiff would seek review of the Court's ruling on the cross motions for summary judgment.

      3.    *Guardsmark's Possible Motion for Summary Judgment on Plaintiff's Lone Remaining Claim -- the Overtime Claim.*

Guardsmark takes the position that the ruling on the cross motions for summary judgment resolved Plaintiff's meal period claim. Plaintiff does not agree with this position.

Guardsmark has suggested that the parties resolve Plaintiff's overtime claim to bring the proceedings in this court to a close. Accordingly, Guardsmark proposed to Plaintiff the following approach for further proceedings in this Court: if Plaintiff's remaining overtime claim cannot be resolved through informal discussions and document exchanges, Guardsmark will file a motion for summary judgment with respect to Plaintiff's overtime claims. Specifically, Guardsmark proposed that the parties jointly request they be given six (6) weeks to determine if

the remaining overtime claim can be informally resolved, thereby paving the way for the possibility of a stipulated judgment providing for the preservation of Plaintiff's appellate rights or, in the alternative, a dispositive motion on the claim.

Plaintiff takes the position that even if the overtime claim is resolved (something he by no means concedes would happen), he could not at this point stipulate to a judgment on the meal period claim, and therefore he did not accept this proposal and stated his intention to file a motion for interlocutory appeal.

## V. AMENDMENT OF PLEADINGS

Plaintiff may seek to amend his complaint following the conclusion of Rule 30(b)(6) depositions. Guardsmark reserves the right to oppose such a motion.

## VI. EVIDENCE PRESERVATION

The parties have met and conferred regarding preservation of evidence, including electronic evidence, and have taken measures with their respective clients to preserve relevant materials.

## VII. DISCLOSURES

The parties have completed their initial disclosures.

## VIII. DISCOVERY

The parties agreed to limit discovery prior to the Court's resolution of the cross-motions for summary adjudication.

Plaintiff now intends to proceed with previously notice Rule 30(b)(6) depositions regarding his meal period and overtime claims.

Guardsmark reserves the right to object to such depositions or seek other relief. Guardsmark further requests that discovery remain stayed until Plaintiff's motion for an interlocutory appeal is resolved and the status of the case better established.

## IX. CLASS ACTION

This case has been pled as a class action. Plaintiff states that he will seek certification of the class under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The proposed definition of the class in the complaint consists of two subclasses: (1) all current and

former Guardsmark security officers who worked shifts in excess of ten (10) hours during the period from four years prior to the filing of the complaint to the present (the second meal period class), and (2) all current and former Guardsmark security officers who worked shifts in excess of twelve (12) hours during the period from four years prior to the filing of the complaint to the present (the overtime class).

## X.  RELATED CASES

Guardsmark disclosed on its Civil Cover Sheet the following case: *Lanzarrone v. Guardsmark, LLC*, United States District Court for the Central District of California, Case No. No. CV06-1136 RPLAX. (dismissed).

## XI.  RELIEF

Plaintiff seeks relief on behalf of himself and the putative class he seeks to represent as follows; 1) recovery of an extra hour of compensation at the regular hourly rate for each day in which Plaintiff and class members failed to receive a second meal period as required by California law; 2) recovery of overtime compensation due to miscalculation of overtime rate of pay; and 3) recovery of associated penalties and attorney fees.

## XII.  SETTLEMENT AND ADR

The parties have agreed to private mediation as a form of ADR in this matter. No deadline for a mediation in this matter has been set.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have this matter heard by a Magistrate Judge.

## XIV.  OTHER REFERENCES

No other references are applicable or suitable at this time.

## XV.  NARROWING OF ISSUES

Please see Section IV.

## XVI.  EXPEDITED SCHEDULE

Please see next item.

## XVII.  SCHEDULING

Plaintiff has stated his plan to file a motion seeking permission to file an

interlocutory appeal of the Court's ruling on the cross motions for summary judgment. The parties jointly and respectfully request that the Court set a deadline of May 12, 2008 for Plaintiff to file his anticipated motion for interlocutory appeal. Guardsmark reserves the right to oppose or otherwise respond to this motion or seek a stay of trial court proceedings if and when the appeal is pending. The parties also jointly and respectfully request that the Court continue the Case Management Conference until a date following the resolution of Plaintiff's anticipated motion.

## XVIII.  TRIAL

Plaintiff has demanded a jury trial. If the case is not certified as a class action, trial can be expected to last approximately 1 day. If the case is certified as a class action, the parties expect the trial to last approximately 4-6 days.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant Guardsmark, LLC, identifies the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities may have a pecuniary interest in the outcome of this proceeding:

- Guardsmark, LLC, Defendant;
- Guardsmark Holdings, Inc., part owner of Guardsmark, LLC; and
- Lipman Brothers partnership, part owner of Guardsmark, LLC.

DATED: April 7, 2008                    MUNGER, TOLLES & OLSON LLP


                                        By:      */s/ Malcolm A. Heinicke*
                                              MALCOLM A. HEINICKE

                                        Attorneys for Defendant
                                        GUARDSMARK, LLC



DATED: April 7, 2008                    QUALLS & WORKMAN, L.L.P.


                                        By:      */s/ Daniel Qualls*
                                              DANIEL QUALLS

                                        Attorneys for Plaintiff
                                        JOHNNY MCFARLAND

**[PROPOSED] ORDER**

Plaintiff shall file his anticipated motion for permission to file an interlocutory appeal no later than May 12, 2008 and notice the motion for a hearing pursuant to the Civil Local Rules. The Court will set a further Case Management Conference, if necessary, following the resolution of this motion.

IT IS SO ORDERED.

_____
The Honorable Phyllis J. Hamilton
United States District Judge