DANIEL H. QUALLS (SBN 109036)
ROBIN G. WORKMAN (SBN 145810)
QUALLS & WORKMAN, L.L.P.
244 California Street, Suite 410
San Francisco, CA 94111
Telephone:  (415) 782-3660

Attorneys for Plaintiff
JOHNNY McFARLAND

MARTIN D. BERN (SBN 153203)
Martin.Bern@mto.com
MALCOLM A. HEINICKE (SBN 194174)
Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Attorneys for Defendant
GUARDSMARK, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY MCFARLAND, on behalf of himself and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GUARDSMARK, LLC, and Does 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO.  CV 07-03953 PJH<br><br>**JOINT NOTICE OF MOTION AND JOINT MOTION FOR ENTRY OF STIPULATED JUDGMENT**<br><br>Date:　　　　September 3, 2008<br>Time:　　　　9:00 a.m.<br>Courtroom:　3, 17th Floor<br><br>**Judge:　Honorable Phyllis J. Hamilton** |

TO THE COURT AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on September 3, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Phyllis J. Hamilton, in Courtroom 3 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Johnny McFarland ("Plaintiff") and Defendant Guardsmark, LLC ("Guardsmark") will and hereby do move for the entry of the concurrently lodged and stipulated judgment. The purpose of this stipulated judgment is to (a) effectuate a dismissal without prejudice of Plaintiff's claims for unpaid "double overtime" under California law and his associated causes of action; and (b) effectuate a judgment in favor of Guardsmark and against Plaintiff with respect to Plaintiff's claim for failure to provide meal periods and his associated causes of action, which will enable Plaintiff to seek an appeal of the Court's ruling on this issue in the context of the parties' now decided cross motions for summary judgment. This Motion is based upon the Memorandum of Points and Authorities attached hereto, the pleadings and records on file in this action, and such additional authority and argument as may be presented at any hearing on this Motion.

DATED: July 22, 2008                        QUALLS & WORKMAN, LLP

                                            By:     */s/ Daniel Qualls*
                                            Attorneys for Plaintiff Johnny McFarland

DATED: July 22, 2008

                                            MUNGER, TOLLES & OLSON LLP

                                            By:     */s/ Malcolm A. Heinicke*

                                            Attorneys for Defendant Guardsmark, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF JOINT MOTION

Plaintiff Johnny McFarland and Defendant Guardsmark, LLC jointly and respectfully request that the Court enter a stipulated judgment that will bring a close to proceedings in this Court and permit Plaintiff to pursue an appeal of this Court's partial summary judgment ruling if he chooses to do so.

Through this putative class action, for which class certification has neither been sought nor granted at this point, Plaintiffs makes two sets of factual allegations. First, Plaintiff alleges that Guardsmark failed to pay him and others so-called "double overtime" for hours worked in excess of twelve in a day as required by California law.[1] Guardsmark has denied this claim and contends that during the pertinent period, it has paid Plaintiff and others in California all double overtime as required by law. Having investigated this matter, Plaintiff and his counsel stipulate to the dismissal of this claim without prejudice.

Second, Plaintiff alleges that Guardsmark failed to provide him and others with second meal periods on shifts exceeding ten hours as required by California. Specifically, Plaintiff claims that California Labor Code section 512 and other provisions of law preclude more than one meal period waiver per work day, and thus in those instances in which Plaintiff and others worked over ten hours and were provided with a second on-duty (as opposed to off-duty) meal period, Guardsmark violated pertinent state law. Plaintiff further claims Guardsmark failed to pay compensation for the absence of a meal period as required by law, and that consequently, Guardsmark failed to pay overtime wages at the legally correct regular rate of pay. Guardsmark has denied these claims, and specifically argued that an on-duty meal period is not the same as a waived meal period. The parties presented the legal issue raised by this claim to the Court through cross motions for summary judgment. On March 14, 2008, the Court granted Guardsmark's motion and denied Plaintiff's motion and held that California law does not

---

[1]    California law requires employers to pay hourly employees at twice their normal hourly rate for all hours worked in excess of 12 in a given day. *See* Cal. Labor Code § 512(a). This premium rate is often referred to as "double overtime."

1  inherently preclude two on-duty meal periods in one day.

2  Through the instant motion, the parties jointly and respectfully seek entry of a
3  judgment that will dismiss the first set of claims without prejudice and effectuate judgment in
4  favor of Guardsmark against Plaintiff with respect the second set of claims.  Plaintiff is seeking
5  this remedy so that he can pursue an appeal of the Court's summary judgment ruling if he so
6  chooses.  In addition, the parties note that because class certification has not been sought or
7  granted, the requirements of Rule 23(e) do not apply.

8  **II.     PROCEDURAL BACKGROUND**

9  On July 13, 2007, in Alameda County Superior Court, Plaintiff Johnny McFarland
10 filed a First Amended Complaint in the instant putative class action alleging two general
11 categories of claims:  (a) claims that that Guardsmark failed to pay him and others so-called
12 "double overtime" for hours worked in excess of twelve in a day as required by California law;
13 and (b) claims that Guardsmark failed to provide him and others with proper, off-duty second
14 meal periods on shifts exceeding ten hours as required by California.

15 On the basis of the first set of allegations, i.e., the double overtime allegations,
16 Plaintiff pled a cause of action (his first cause of action) under California Labor Code section
17 1194.  Through this claim, Plaintiff sought allegedly owed but unpaid overtime wages and
18 associated remedies, including interest, penalties and attorney fees.

19 On the basis of the second set of allegations, i.e., the second meal period
20 allegations, Plaintiff pled a cause of action (his second cause of action) under various sections of
21 the California Labor Code.  Through these claims, Plaintiff sought meal period premiums, re-
22 calculated (increased) overtime wages, and associated remedies, including interest, penalties and
23 attorney fees. In addition, on the basis of this second set of allegations, Plaintiff pled causes of
24 action (his third and fourth causes of action) under the California Unfair Competition Law,
25 codified at California & Business and Professions Code section 17200 et seq., and the California
26 Labor Code Private Attorney Generals Act of 2004, codified at California Labor Code section
27 2698 et seq.

28 On or about August 1, 2007, Guardsmark removed the action to this Court

5367904.1                                - 3 -                           NOTICE OF MOT. AND MOT. FOR
                                                                         ENTRY OF JUDGMENT;
                                                                         CASE NO. CV 07 3953 PJH

pursuant to the Class Action Fairness Act of 2005. Guardsmark subsequently answered the First Amended Complaint denying the material allegations asserted therein. At the November 8, 2007 initial Case Management Conference, the parties jointly submitted that the central legal issue presented by this case was whether California Labor Code Section 512 and I.W.C. Wage Order Section (11) automatically precludes two on-duty meal periods in one day. At the parties' request, the Court agreed to resolve this issue prior to class certification proceedings through cross motions for partial summary judgment. Following full briefing and a hearing, the Court issued its order granting Guardsmark's motion and denying Plaintiff's motion. This motion did not resolve the double overtime claim.

Subsequently, at a Case Management Conference, Plaintiff's counsel stated their intention to file a motion for interlocutory appeal of the Court's ruling on the meal period claims. Although the Court did not foreclose such a motion, it stated that it did not initially see a basis for such an appeal. The Court then set case management deadlines, including a deadline for the filing of class certification motion(s), with respect to any remaining claims.

The parties have now met and conferred on this action, and Guardsmark has explained its position that it paid Plaintiff and others double overtime as required under pertinent law during the relevant time period. Plaintiff now wishes to dismiss the double overtime claim and stipulate to a judgment against him and in favor of Guardsmark on his meal period claims so that he can pursue an appeal, if he so elects.

### III. ARGUMENT

Following the litigation of a partial or complete summary judgment motion, a district court can enter a stipulated judgment. *See, e.g., Wall v. United States*, 133 F.3d 1188 (9th Cir. 1998) (implicitly endorsing this procedure and holding that the appellate court had jurisdiction to consider the appeal).

The stipulated judgment sought by the parties here has two components:

First, it would result in dismissal without prejudice of the double overtime claims, i.e., the first cause of action in the First Amended Complaint and any portions of the third or fourth cause of action that may be predicated on the alleged failure to pay double overtime.

1  (Such dismissal would not include Plaintiff's overtime claim based on Plaintiff's contention that
2  Guardsmark failed to pay overtime wages at the legal regular rate of pay due to Guardsmark's
3  failure to pay meal period compensation as required by California Labor Code Section 266.7).
4  Such dismissals are permissible by stipulation under Federal Rule of Civil Procedure
5  41(a)(1)(A)(ii).

6          Second, it would result in a judgment in favor of Guardsmark, against Plaintiff
7  with respect to his meal period claims, i.e., the second cause of action in the First Amended
8  Complaint and the third or fourth cause of action to the extent they are predicated on the alleged
9  failure to provide meal periods or premium compensation in lieu thereof, or failure to properly
10 calculate the regular rate of pay for overtime wages by inclusion of compensation required by
11 California Labor Code Section 226.7.  The stipulated judgment requested herein does not require
12 review under FRCP 23(e) because no "certified class" exists.  *See* Fed. Rule Civ. Pro. 23(e); Adv.
13 Comm. Notes to 2003 Amendments to Rule 23.  Indeed, because no class has been certified, the
14 judgment will be entered against Plaintiff only, and not against the proposed class.  Moreover,
15 consistent with FRCP 58(a), the parties have requested the entry of judgment in a proposed
16 pleading that is a "separate document."  And, of course, the judgment sought is consistent with
17 the Court's partial summary judgment ruling that Plaintiff cannot as a matter of law prevail on his
18 claim that providing a second on-duty meal period is inherently impermissible under California
19 law.
20 ///
21 ///
22 ///

For these reasons, the parties jointly and respectfully request that the Court enter the proposed judgment lodged concurrently herewith.

DATED: July 22, 2008     QUALLS & WORKMAN, LLP


By: ____/s/ Daniel Qualls_____

Attorneys for Plaintiff Johnny McFarland


DATED: July 22, 2008     MUNGER, TOLLES & OLSON LLP


By: ____/s/ Malcolm A. Heinicke_____

Attorneys for Defendant Guardsmark, LLC



I, Malcolm A. Heinicke, attest that I have obtained concurrence from Daniel Qualls in the filing of this Joint Notice Of Motion And Joint Motion For Entry Of Stipulated Judgment. *See* N.D. Cal. General Order 45 § 10(B).