1  DANIEL H. QUALLS (SBN 109036)
   ROBIN G. WORKMAN (SBN 145810)
2  QUALLS & WORKMAN, L.L.P.
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone:     (415) 782-3660
4
   Attorneys for Plaintiff
5  JOHNNY McFARLAND

6  MARTIN D. BERN (SBN 153203)
   Martin.Bern@mto.com
7  MALCOLM A. HEINICKE (SBN 194174)
   Malcolm.Heinicke@mto.com
8  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
9  Twenty-Seventh Floor
   San Francisco, CA 94105-2907
10 Telephone:     (415) 512-4000
   Facsimile:     (415) 512-4077
11
   Attorneys for Defendant
12 GUARDSMARK, LLC

13                        UNITED STATES DISTRICT COURT

14                       NORTHERN DISTRICT OF CALIFORNIA

15                              SAN FRANCISCO DIVISION

16

17 | JOHNNY MCFARLAND, on behalf of himself and others similarly situated, | CASE NO. CV 07-03953 PJH

**JOINT SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR ENTRY OF STIPULATED JUDGMENT**

Plaintiff,

vs.

GUARDSMARK, LLC, and Does 1 through 50, inclusive,

Defendants.

Date:       September 3, 2008
Time:       9:00 a.m.
Courtroom:  3, 17th Floor

**Judge:    Honorable Phyllis J. Hamilton**

Currently pending before the Court is the parties' joint motion for entry of a stipulated judgment. As set forth in greater detail in the parties' initial pleadings on that motion, Plaintiff's complaint alleges two general categories of claims under California law: (1) failure to pay so-called *double overtime* on shifts worked in excess of twelve hours (the double overtime claims); and (2) failure to provide permissible second meal periods, or compensation in lieu thereof, on shifts worked in excess of ten hours (the meal period claims). Following full briefing and a hearing, the Court ruled in favor of Defendant Guardsmark, LLC on the parties' cross motions for partial summary judgment with respect to a legal issue central to Plaintiff's meal period claims.

Following this ruling and a case management conference, at the suggestion of counsel for the Plaintiff, counsel for the parties met and conferred and agreed that (1) Plaintiff would dismiss his double overtime claims without prejudice; and (2) the parties would submit the pending motion for entry of judgment with respect to the meal period claims. As stated in the motion, the purpose of this effort is to give Plaintiff the option to appeal this Court's partial summary judgment ruling, if he so desires. Neither Plaintiff nor his counsel received any consideration from Guardsmark in exchange for agreeing to the dismissal of the double overtime claims or for agreeing to the stipulated judgment on the meal period claims. The dismissal, which again is without prejudice, will not bind any class members as no class has been certified.

On July 23, 2008, shortly after receiving the pending motion for entry of judgment, the Court issued an order stating:

> The court is in receipt of the parties' joint stipulation regarding the dismissal of the claims in the above-entitled action. Under Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Although Rule 23(e) in its present form refers only to a "certified class," the Ninth Circuit previously held in *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989) that the rule applies to pre-certification dismissals and compromises. *Id*. at 1406-07.
>
> This court assumes, without deciding, that Rule 23 applies in this instance. Thus, the parties should submit a stipulation that briefly addresses the factors identified in Diaz, and explains why those factors do not weigh in favor of requiring notice to the putative

> class members in this case. *See, e.g., Ramirez v. Cintas Corp.*, 2007 WL 4410414 (N.D. Cal., Dec. 14, 2007). The stipulation shall be filed no later than August 6, 2008.

Order July 23, 2008.

In response to the Order, the parties initially note that the only category of claims that is being dismissed is the double overtime claim category, and these claims are being dismissed without prejudice. Plaintiff has not agreed to dismissal of his meal period claims -- instead, he is requesting that the Court's partial summary judgment ruling be perfected.

Turning to the Court's Order, the parties jointly and respectfully submit that (a) because of a 2003 amendment, Rule 23(e) does not require court approval for, or notice of, Plaintiff's dismissal of his double overtime claims; and (b) even if Rule 23(e) had not been amended and court review of the instant dismissal was required, notice would not be necessary under the Ninth Circuit's earlier established *Diaz* factors.

### A. Rule 23(e) Does Not Require Court Approval for Voluntary Dismissals If, As Here, No Class Has Been Certified

As the Court noted in its Order, the court approval provisions of Rule 23(e) apply only to the claims *of a certified class*. This language reflects a 2003 amendment to the rule specifically limiting the need for court approval to situations in which the plaintiff has already sought and obtained class certification. As the Advisory Committee Notes explain:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be -- and at times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. *The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.*
>
> Subdivision (e)(1)(B) carries forward the notice requirement of present Rule 23(e) when the settlement binds the class through claim or issue preclusion; *notice is not required when the settlement binds only the individual class representatives.*

Fed. Rule Civ. Pro. 23, Advisory Comm. Notes, 2003 Amendments, subdivision (e) (emphasis added). In other words, "[t]here is no requirement of judicial approval for pre-certification dispositions. Schwarzer, et al., *Federal Civil Procedure Before Trial* § 10:790. The reason is that

5700032.2 - 2 - JOINT SUPPLEMENTAL MEMO P&A IN SUPPORT OF JOINT MOT. FOR ENTRY OF SUPP. JUDGMENT; CASE NO. 07-03953 PJH

1  absent class members generally have no notice of uncertified class actions and therefore cannot

2  be bound or deemed to have relied thereon." *Id.*.[1]

3  Here, of course, class certification has neither been sought nor obtained. As such,

4  the parties respectfully submit that Plaintiff retains the unilateral right to dismiss his double

5  overtime claims without prejudice pursuant to Rule 41, without the need for Court approval.

6  Like the court in *Ramirez v. Cintas,* Case No. C 04-00281 JSW, 2007 WL

7  4410414 at *1, (N.D. Cal. Dec. 14, 2007), the Court in its Order has "assume[d], without

8  deciding, that Rule 23[e] applies" here in the context of a pre-certification dismissal. Based on

9  the clear intent of the 2003 amendment, however, the parties respectfully submit that this rule

10  clearly does not apply and neither court review or notice is warranted as a matter of law.

11  **B.  Even if Rule 23(e) Did Require Court Review, Approval of the Instant Dismissal Without Notice to the Putative Class Would be Appropriate**

12

13  Prior to the 2003 amendment of Rule 23(e), the Ninth Circuit held in *Diaz* that

14  district courts were required to review pre-certification dismissals. *See Diaz*, 876 F.2d at 1408.

15  The appellate court held, however, that the review standard was limited and that dismissals were

16  not to be rejected -- instead, *Diaz* made clear that the only issue was whether there was a need to

17  provide notice to the putative class of the pending dismissal. The *Diaz* court them identified the

18  circumstances that might require notice, none of which is presented here.

19  First, the Ninth Circuit suggested that it might be appropriate to require notice if it

20  appears that the plaintiff has appended class allegations to the complaint "to get favorable

21  individuals settlements." *Id*. at 1409. Here, of course, there can be no such inference. Plaintiff

22  has pursued this action on a putative class basis from its outset. And, more importantly, neither

23  Plaintiff McFarland nor his counsel are receiving any payment of any kind from Guardsmark in

24  connection with the dismissal of his overtime claims or his agreement to the stipulated judgment.

25  Second, *Diaz* suggested notice might be necessary if there is potentially

---

[1] In *Diaz*, the Ninth Circuit held that Rule 23(e) did apply to pre-certification dismissals, and as such, court approval for such dismissals was required. *Diaz* was issued in 1989, and the 2003 amendment to Rule 23(e) was designed to address and effectively reverse earlier cases like *Diaz*.

5700032.2    - 3 -    JOINT SUPPLEMENTAL MEMO P&A IN SUPPORT OF JOINT MOT. FOR ENTRY OF SUPP. JUDGMENT; CASE NO. 07-03953 PJH

1  "objectionable structural relief, trade-offs between compensatory and structural relief, or
2  depletion of limited funds available to pay the class." *Id.* Here, as in *Diaz*, the claims at issue are
3  not being compromised, and no payments will be made. Plaintiff is dismissing one claim without
4  prejudice, and with respect to the other claims, he is agreeing to the entry of a judgment that is
5  consistent with the Court's summary judgment ruling.

6  Third, *Diaz* suggested that district courts can require notice if it would be
7  necessary to protect "the [putative] class from prejudice it might otherwise suffer if class
8  members have refrained from filing suit because of knowledge of the pending class action." *Id.*
9  Again, as noted above, the amendments to Rule 23 make clear that notice is not required when the
10 settlement binds only the individual plaintiff, as is obviously the case here. Moreover, no
11 putative class members will suffer prejudice from the dismissal and associated entry of judgment
12 because neither is with prejudice to the class. Plaintiff and his counsel have no reason to believe
13 any putative class members have refrained from filing suit because of the pending action. Indeed,
14 with respect to the claim that is being dismissed, Guardsmark strenuously contends that it has
15 properly paid double overtime at all times pertinent to the complaint. In short, there is no reason
16 to believe that any absent class members will suffer prejudice as the result of (a) the stipulated
17 judgment (simply confirming this Court's previous order) on the meal period claims; or (b) the
18 dismissal without prejudice of Plaintiff's individual double overtime claims.

19 The parties therefore jointly and respectfully request that the Court grant the
20 pending motion and enter the stipulated judgment proposed by the parties.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26
27
28

5700032.2 - 4 - JOINT SUPPLEMENTAL MEMO P&A IN SUPPORT OF JOINT MOT. FOR ENTRY OF SUPP. JUDGMENT; CASE NO. 07-03953 PJH

| | | |
|---|---|---|
| DATED: August 6, 2008 | | QUALLS & WORKMAN, LLP |
| | | By: *  /s/ Daniel Qualls* |
| | | Attorneys for Plaintiff Johnny McFarland |
| DATED: August 6, 2008 | | MUNGER, TOLLES & OLSON LLP |
| | | By: *  /s/ Malcolm A. Heinicke* |
| | | Attorneys for Defendant Guardsmark, LLC |

I, Malcolm A. Heinicke, attest that I have obtained concurrence from Daniel Qualls in the filing of this Supplemental Memorandum of Points and Authorities in Support of Joint Motion for entry of Stipulated Judgment.  *See* N.D. Cal. General Order 45 § 10(B).